1  CARROLL, KELLY, TROTTER, FRANZEN, McKENNA, & PEABODY
   ROBERT L. McKENNA III (State Bar No. 166650)
2  BENJAMIN T. IKUTA (State Bar No. 260878)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., PAULUS LIEM SANTOSO,
   M.D.

6  FILED
   CLERK, U.S. DISTRICT COURT                    ORIGINAL

7
   FEB 18 2014
8
   CENTRAL DISTRICT OF CALIFORNIA
   BY          DEPUTY

                            UNITED STATES DISTRICT COURT

9                          CENTRAL DISTRICT OF CALIFORNIA

10                                        CV14-1209 BRO (Jdx)
11 SHIRLEY LORRAINE DOTSON,               CASE NO.

12                     Plaintiff,         [Los Angeles County Superior Court
                                          Case No. BC459326]
13 vs.

14 CALIFORNIA HOSPITAL MEDICAL
   CENTER, CARLA ANN TOMS, M.D.,          DEFENDANTS PAULUS LIEM
15 EDWARD PAKORN TANGCHITNOB,             SANTOSO, M.D. AND IAN
   M.D., PAULUS LIEM SANTOSO, M.D.,       BRENT TILLEY, M.D.'S
16 IAN BRENT TILLEY, M.D., TRACY          NOTICE OF REMOVAL TO
   DIONNE ROBINSON, M.D., and DOES        UNTIED STATES DISTRICT
17 1-20, Inclusive,                       COURT

18                     Defendants.        Complaint filed:  April 11, 2011
                                          Trial Date:       None
19                                        District Judge:   Hon. To Be
                                          Assigned.
20

21

22

23

24

25

26

27

28

                                          1

TO THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

Please take notice that, pursuant to 28 U.S.C. § 1442(a)(1) and 42 U.S.C. § 233, Defendants Ian B. Tilley, M.D. and Paulus Santoso, M.D., hereby removes the above-captioned action from the Superior Court of the State of California in the County of Los Angeles to this Court.

The grounds for removal are as follows:

1.     Plaintiff Shirley Lorraine Dotson filed this action on April 11, 2011 in the Superior Court of California in the County of Los Angeles entitled *Shirley Lorraine Dotson v. California Hospital Medical Center, et al.*, LASC Case No. BC459326. Plaintiff's sole cause of action against all defendants was one for Medical Malpractice. On May 19, 2011, Plaintiff filed her First Amended (and operative) Complaint in this action. A copy of the First Amended Complaint is attached as Exhibit A to Exhibit 2.

2.     Trial is scheduled in this action in Superior Court of California for the County of Los Angeles for April 17, 2014.

3.     Pursuant to 28 U.S.C. § 1446(a), attached as Exhibit 1 are all the pleadings and other materials filed in the record of the state court proceeding.

4.     Plaintiff alleges that OB/GYNs Dr. Tilley and Dr. Santoso negligently provided medical care to Plaintiff at California Hospital Medical Center on or around January 13, 2010. Specifically, Plaintiff contends that Dr. Tilley and Dr. Santoso failed to diagnose Plaintiff with a placental abruption, which lead to the death of Plaintiff's fetus.

5.     At all times during their care and treatment of Plaintiff, Dr. Tilley and Dr. Santoso were employees of Eisner Pediatrics & Family Medical Center (Eisner). At the time of the incidents alleged, Eisner was an entity receiving federal fund. As such, Dr. Tilley and Dr. Santoso are deemed to be employees of the Public Health Service at the time of the incidents alleged pursuant to the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA") (42 U.S.C. § 233). Dr. Tilley and Dr. Santoso, at

1 the time of the incidents alleged, were acting within the course and scope of their

2 employment as medical providers pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679.

3 Actions for the alleged negligent acts or omissions of federal employees, as here, come

4 within the provisions of the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 1346)

5      6.    Under the FTCA and the FSHCAA, federal courts have exclusive

6 jurisdiction over FTCA claims pursuant to 28 U.S.C. § 1346(b)(1) and removal from

7 state court is authorized by 28 U.S.C. § 2679(d)(2). Moreover, this action may be

8 removed to this Court pursuant to 28 U.S.C. § 1442(a)(1), which authorizes the United

9 States to remove civil actions against "[t]he United States or any agency thereof or any

10 officer (or any person acting under that officer) of the United States or of any agency

11 thereof, sued in an official or individual capacity" to the district court embracing the

12 place where the action is pending.

13      7.    Pursuant to 42 U.S.C. § 233(l), on January 15, 2014, Dr. Tilley and Dr.

14 Santoso provided the US Attorney for the Central District of California notice of this

15 action and the fact that Dr. Tilley and Dr. Santoso were employees of the Public Health

16 Service. Attached as Exhibit 2 is the notice and all corresponding exhibits to the US

17 Attorney. Since the U.S. Attorney did not appear within 15 days of the notice, Dr. Tilley

18 and Dr. Santoso are authorized to remove this action to federal court pursuant to 42

19 U.S.C. § 233(l)(2).

20      8.    Besides Dr. Tilley and Dr. Santoso, all other named Defendants have been

21 dismissed from this action. Accordingly, there are no issues of joinder of Co-

22 Defendants.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1    9.    Dr. Tilley and Dr. Santoso has served a copy of this Notice of Removal on

2    Plaintiff's counsel and will file a Notice to Adverse Party of Removal to Federal Court

3    with the Clerk of the Superior Court of the State of California in the County of Los

4    Angeles.

5

6    DATED: February 14, 2014          CARROLL, KELLY, TROTTER, FRANZEN,
                                        McKENNA, & PEABODY
7

8
                                       By:_____
9                                          ROBERT L. McKENNA III
                                           BENJAMIN T. IKUTA
10                                          Attorneys for Defendants
                                           IAN BRENT TILLEY, M.D.,
11                                          PAULUS LIEM SANTOSO, M.D.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**EXHIBIT 1**

CIV-120

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address):<br>Stephen C. Fraser, SBN 152746<br>John Aitelli, SBN 122390<br>FONDA & FRASER LLP<br>100 W. Broadway, Suite 650, Glendale, CA 91210<br>　　TELEPHONE NO.: 818-543-1380　　FAX NO.: 818-543-1389<br>　　E-MAIL ADDRESS: jaitelli@fondafraserlaw.com<br>　　ATTORNEY FOR (Name): CHW dba CALIFORNIA HOSPITAL MEDICAL | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
　　STREET ADDRESS: 111 North Hill Street
　　MAILING ADDRESS: Same
　　CITY AND ZIP CODE: Los Angeles, California 90012
　　BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Shirley Dotson and Curtis Dotson
DEFENDANT/RESPONDENT: CHW dba California Hospital Medical Center, et al.

| | |
|---|---|
| **NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE**<br>☒ Personal Injury, Property Damage, or Wrongful Death<br>　☐ Motor Vehicle　☒ Other<br>☐ Family Law<br>☐ Eminent Domain<br>☐ Other (specify): | CASE NUMBER:<br>BC459326 |

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the *Request for Dismissal. (Attach a copy completed by the clerk.)*

Date: June 22, 2012

John Aitelli, Esq.
_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)　　　　　　(SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. My residence or business address is:
　100 West Broadway Blvd., Suite 650, Glendale, CA 91210

2. ☐ I am a resident of or employed in the county where the mailing occurred. I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by mailing them, in a sealed envelope with postage fully prepaid, as follows:
　a. ☐ I deposited the envelope with the United States Postal Service.
　b. ☒ I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
　c. Date of deposit: June 22, 2012　　d. Place of deposit (city and state): Glendale, California
　e. Addressed as follows (name and address):
　　See attached Proof of Service List

3. ☐ I served a copy of the *Notice of Entry of Dismissal and Request for Dismissal* by personally delivering copies as shown below:
　a. Name of person served:
　b. Address at which person served:
　c. On (date):　　　　　　　　　　d. At (time):

4. ☐ I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by electronically serving copies as shown below (complete if electronic service is used based on a court order or agreement of the parties):
　a. Name of person served:
　b. Electronic service address of person served:
　c. On (date):　　　　　　　　　　d. At (time):
　e. Electronic service address from which I served the documents:
　　☐ Proof of electronic service is attached.

5. ☒　Proof of service on additional parties is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 22, 2012

Anna Nazaryan
_____
(TYPE OR PRINT NAME)　　　　　　　　　　(SIGNATURE OF DECLARANT)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
CIV-120 [Rev January 1, 2012]

**NOTICE OF ENTRY OF DISMISSAL
AND PROOF OF SERVICE**

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courts.ca.gov

10-512

CIV-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Nora Hovsepian, Esq.<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Blvd., Suite 901<br>Encino, California 91436<br>TELEPHONE NO.: (818) 785-5858    FAX NO. *(Optional):* (818) 785-5558<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiffs, Shirley L. Dotson and Curtis Calloway | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>MAY 2 5 2012<br><br>JOHN A. CLARKE, CLERK<br>BY LETICIA GOMEZ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Shirley Lorraine Dotson and Curtis Calloway

DEFENDANT/RESPONDENT: CHW dba California Hospital Medical Center, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER:<br>BC459326 |
|---|---|
| ☒  Personal Injury, Property Damage, or Wrongful Death<br> ☐  Motor Vehicle   ☐  Other<br> ☐  Family Law   ☐  Eminent Domain<br>☐  Other *(specify):* | |

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. — 55

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) ☒  With prejudice   (2) ☐  Without prejudice
  b. (1) ☒  Complaint   (2) ☐  Petition
    (3) ☐  Cross-complaint filed by *(name):*   on *(date):*
    (4) ☐  Cross-complaint filed by *(name):*   on *(date):*
    (5) ☐  Entire action of all parties and all causes of action
    (6) ☒  Other *(specify):** As to Defendant Catholic Healthcare West dba California Hospital Medical Center only.

2. (Complete in all cases except family law cases.)
  ☐  Court fees and costs were waived for a party in this case. *(This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).*

Date: April 21, 2012

NORA HOVSEPIAN, ESQ.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.*

▶ *(SIGNATURE)*
Attorney or party without attorney for:
☒  Plaintiff/Petitioner   ☐  Defendant/Respondent
☐  Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief- is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ *(SIGNATURE)*
Attorney or party without attorney for:
☐  Plaintiff/Petitioner   ☐  Defendant/Respondent
☐  Cross-Complainant

*(To be completed by clerk)*
4. ☒  Dismissal entered as requested on *(date):* MAY 2 5 2012 A
5. ☒  Dismissal entered on *(date):* MAY 2 5 2012 as to only *(name):* above
6. ☐  Dismissal not entered as requested for the following reasons *(specify):*

7. a. ☐  Attorney or party without attorney notified on *(date):*
  b. ☐  Attorney or party without attorney not notified. Filing party failed to provide
    ☐  a copy to be conformed   ☐  means to return conformed copy.
Date: MAY 2 5 2012

JOHN A. CLARKE, CLERK
Clerk, by _____, Deputy

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Page 1 of 2<br>Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courtinfo.ca.gov

1

<u>**SERVICE LIST**</u>

2

3   *Attorneys for Plaintiffs*

4   Nora Hovsepian, Esq.
    LAW OFFICES OF NORA HOVSEPIAN
5   16133 Ventura Blvd., Suite 901
    Encino, CA  91436
6   Tel. (818) 785-5858
    Fax (818) 785-5558

7

8   *Attorneys for Defendants, Edward Pakorn Tangchitnob, M.D.*
    *and Cedars-Sinai Medical Center*

9
    Mike Martinez, Esq.
10  Michael A. Dembicer, Esq.
    LEWIS BRISBOIS BISGAARD & SMITH LLP
11  221 N. Figueroa St., Suite 1200
    Los Angeles, California 90012
12  Tel. (213) 250-1800
    Fax (213) 250-7900

13

14  *Attorneys for Defendants, Ian Brent Tilley, M.D.,*
    *Paulus Liem Santoso, M.D. and Tracy Dionne Robinson, M.D.*

15
    Robert L. McKenna, Esq.
16  Esther S. Won, Esq.
    CARROLL, KELLY, TROTTER,
17    FRANZEN & McKENNA
    111 W. Ocean Boulevard, 14th Floor
18  Post Office Box 22636
    Long Beach, CA 90801-5636
19  Tel. (562) 432-5855
    Fax (562) 432-8785

20

21

22

23

24

25

26

27

28

12030103.1

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER S. WON (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., PAULUS LIEM SANTOSO, M.D.
   and TRACY ROBINSON, M.D.

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,              | CASE NO. Bc459326

12                       Plaintiff,        | ASSIGNED FOR ALL PURPOSES TO
                                           | JUDGE MALCOLM H. MACKEY
13  vs.                                    | DEPARTMENT 55

14  CALIFORNIA HOSPITAL MEDICAL
    CENTER, CARLA ANN TOMS, M.D.,          | Complaint Filed:      April 11, 2011
15  EDWARD PAKORN TANGCHITNOB,             | Trial Date:           None Set
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY
    DIONNE ROBINSON, M.D., and DOES 1-     | **NOTICE OF RULING REGARDING**
17  20, Inclusive,                         | **CASE MANAGEMENT**
                                           | **CONFERENCE**
18                       Defendants.

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21          PLEASE TAKE NOTICE that on April 30, 2012, at 8:30 a.m., a Case Management

22  Conference came on regularly for hearing in Department 55 before the Honorable Malcolm H.

23  Mackey.  Nora Hovsepian appeared on behalf of Plaintiff, SHIRLEY LORRAINE DOTSON,

24  via CourtCall, Esther S. Won appeared on behalf of defendants, IAN BRENT TILLEY, M.D.,

25  PAULUS LIEM SANTOSO, M.D., and TRACY ROBINSON, M.D.  No other appearances

26  were made.  The court ruled as follows:

27  ///

28  ///

                                    1

1.  Mediation Completion Date is August 28, 2012;

2.  Post-Mediation Status Conference is set for October 5, 2012, at 8:30 a.m., in Department 55 of the above-referenced court; and

3.  The Court ordered that the parties complete the ADR paperwork for assignment of a mediator.

Defendant hereby gives notice.

DATED: May 3, 2012

CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

By: _____
ROBERT L. McKENNA III
ESTHER S. WON
Attorneys for Defendants
IAN BRENT TILLEY, M.D.,
PAULUS LIEM SANTOSO, M.D.,
and TRACY ROBINSON, M.D.

2

E:\06\2985-02\PLD\NOR - CMC.wpd

NOTICE OF RULING

1

<u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On May 3, 2012, I served a true and correct copy of the following document(s) on the attached list of interested parties:

4

5

NOTICE OF RULING REGARDING CASE MANAGEMENT CONFERENCE

6

7  (X)  **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

8

9

10  ( )  **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

11

12

13  ( )  **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

14

15

16

17  ( )  **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

18

19

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

20

21

Executed on May 3, 2012, at Long Beach, California.

22

23

Sarah Heller

24

25

26

27

28

3

1    Proof of Service Mailing List
     Re:    Dotson v. Tilley/Santoso; Case No. BC459326

2

3    Nora Hovsepian, Esq.                                     06-2985-02
     Law Offices of Nora Hovsepian

4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436

5    **Attorneys for Plaintiff**

6    Stephen C. Fraser, Esq.                                   06-2985-02
     John Aitelli, Esq.

7    Fonda & Fraser LLP
     100 W. Broadway, Suite 650

8    Glendale, CA 91210-1201
     **Attorneys for Defendants, California Hospital Medical Center and Carla Ann Toms, M.D.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1  **LEWIS BRISBOIS BISGAARD & SMITH** LLP
   MIKE MARTINEZ, SB# 143484
2     E-Mail: mikemartinez@lbbslaw.com
   MICHAEL A. DEMBICER, SB# 150338
3     E-Mail: dembicer@lbbslaw.com
   HILDEGARDE B. AGUINALDO, SB# 270681
4     E-Mail: aguinaldo@lbbslaw.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant,
   CEDARS-SINAI MEDICAL CENTER
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11  SHIRLEY LORRAINE DOTSON,              CASE NO. BC 459326

12              Plaintiff,               **NOTICE OF ENTRY OF REQUEST FOR DISMISSAL**

13        vs.
                                         Action Filed:    4/11/2011
14  CALIFORNIA HOSPITAL MEDICAL          Trial Date:      None Set
    CENTER, CARLA ANN TOMS, M.D.,
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY
    DIONNE ROBINSON, M.D., and DOES 1-
17  20, inclusive,

18              Defendants.

19

20        TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

21        PLEASE TAKE NOTICE that dismissal was entered in the above-captioned case on behalf

22  of defendant, CEDARS-SINAI MEDICAL CENTER, on April 13, 2012. Attached hereto as

23  Exhibit "A" is a true and correct copy of the Request for Dismissal.

24  DATED: April 20, 2012          LEWIS BRISBOIS BISGAARD & SMITH LLP

25

26                                 By: _____
                                       Michael A. Dembicer
27                                     Attorneys for Defendant,
                                       CEDARS-SINAI MEDICAL CENTER
28

NOTICE OF ENTRY OF REQUEST FOR DISMISSAL

**EXHIBIT A**

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| NORA HOVSEPIAN, ESQ., (State Bar # 140402)<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Blvd., Suite 910<br>Encino, CA 91436 | |

TELEPHONE NO.: (818) 785-5858   FAX NO. (Optional): (818) 785-5558
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff: Shirley Lorraine Dotson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON
DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

**REQUEST FOR DISMISSAL**

[X] Personal Injury, Property Damage, or Wrongful Death
    [ ] Motor Vehicle [X] Other
[ ] Family Law [ ] Eminent Domain
[X] Other (specify): Medical Malpractice

CASE NUMBER:

BC 459326

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 13 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
  a. (1) [X] With prejudice   (2) [ ] Without prejudice
  b. (1) [X] Complaint   (2) [ ] Petition
    (3) [ ] Cross-complaint filed by (name):      on (date):
    (4) [ ] Cross-complaint filed by (name):      on (date):
    (5) [ ] Entire action of all parties and all causes of action
    (6) [X] Other (specify):* as to Defendant CEDARS-SINAI MEDICAL CENTER only.

2. (Complete in all cases except family law cases.)
  [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: April 5, 2012

NORA HOVSEPIAN, ESQ.,
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ (SIGNATURE)
Attorney or party without attorney for:
[X] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
  Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

▶ (SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner   [ ] Defendant/Respondent
[ ] Cross-Complainant

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date):
5. [✓] Dismissal entered on (date): APR 13 2012 as to only (name): above
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
  b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
    [ ] a copy to be conformed [ ] means to return conformed copy

JOHN A. CLARKE, CLERK

Date: APR 13 2012 • Clerk, by L Gomez , Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

CIV-110

| PLAINTIFF/PETITIONER: DOTSON | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459 326 |

### Declaration Concerning Waived Court Fees

The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   a. ☐ is not recovering anything of value by this action.
   b. ☐ is recovering less than $10,000 in value by this action.
   c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

## CALIFORNIA STATE COURT PROOF OF SERVICE

Dotson v. CHMC, et al. - File No. 28839.58

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012.

On April 20, 2012, I served the following document(s):

### NOTICE OF ENTRY OF REQUEST FOR DISMISSAL—

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒    (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

☐    Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒    Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 20, 2012, at Los Angeles, California.

Beverly Vasquez

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

NOTICE OF ENTRY OF REQUEST FOR DISMISSAL

1

2

**SERVICE LIST**
Dotson v. CHMC, et al.
BC 459326

3

Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN

4

16133 Ventura Boulevard, Suite 910
Encino, CA 91436

5

6

Robert L. McKenna, III, Esq.
Esther S. Won, Esq.
CARROLL, KELLY, TROTTER,

7

   FRANZEN & McKENNA
111 W. Ocean Blvd., 14th Floor

8

PO Box 22636
Long Beach, CA 90801-5636

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 | **FONDA & FRASER, LLP**
Stephen C. Fraser, State Bar No. 152746
2 | John Aitelli, State Bar No. 122390
100 West Broadway, Suite 650
3 | Glendale, California 91210-1201
Telephone: (818) 543-1380
4 | Facsimile: (818) 543-1389
E-Mail: sfraser@fondafraserlaw.com
5 |
Attorneys for Defendant
6 | CATHOLIC HEALTHCARE WEST dba
CALIFORNIA HOSPITAL MEDICAL
7 | CENTER and CARLA ANN TOMS, M.D.
(OPT069)
8 |

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES**

11 |

12 | SHIRLEY LORRAINE DOTSON AND ) Case No. BC459326
CURTIS CALLOWAY, )
13 | ) Assigned for All Purposes To:
Plaintiffs, ) Hon. Malcolm H. Mackey
14 | ) Dept: "55"
vs. )
15 | ) **NOTICE OF SETTLEMENT**
CALIFORNIA HOSPITAL MEDICAL ) **(C.C.P. Section 877.6(a)(2))**
16 | CENTER, CARLA ANN TOMS, M.D., )
EDWARD PAKORN TANGCHITNOB, M.D., ) Complaint Filed: April 11, 2011
17 | PAULUS LIEM SANTOSO, M.D., IAN BRENT ) Trial Date: None Set
TILLEY, M.D., TRACY DIONNE ROBINSON, )
18 | M.D., and DOES 1 - 20, inclusive, )
)
19 | Defendants. )
)
20 |

21 | TO THE COURT AND TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE

22 | ATTORNEYS OF RECORD:

23 | PLEASE TAKE NOTICE that plaintiff SHIRLEY LORRAINE DOTSON has entered into

24 | a settlement with defendant CATHOLIC HEALTHCARE WEST dba CALIFORNIA HOSPITAL

25 | MEDICAL CENTER and that this defendant will apply to the Court for determination of the "good

26 | faith" of such settlement in accordance with the provisions of Code of Civil Procedure Section

27 | ///

28 | ///

**FONDA &
FRASER LLP**
Attorneys at Law

-1-
NOTICE OF SETTLEMENT (C.C.P. Section 877.6(a)(2))

12030106.1

1    877.6(a)(2).  True and correct copies of the Application and Proposed Order thereon are attached

2    hereto and marked, respectively, as Exhibits "A" and "B", and are served and filed herewith.

3    Dated:  April /_b_, 2012                    FONDA & FRASER, LLP

4

5                                               By:
                                                   ──────────────────────────
6                                                  STEPHEN C. FRASER
                                                   JOHN AITELLI
7                                                  Attorneys for Defendants
                                                   CATHOLIC HEALTHCARE WEST dba
8                                                  CALIFORNIA HOSPITAL MEDICAL
                                                   CENTER and CARLA ANN TOMS, M.D.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 100 West
4 Broadway, Suite 650, Glendale, CA 91210-1201.

5        On April 17, 2012, I served true copies of the following document(s) described as **NOTICE OF SETTLEMENT (C.C.P. Section 877.6(a)(2))** on the interested parties in this action as follows:
6

7                         SEE ATTACHED SERVICE LIST

8        **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested,
9 following our ordinary business practices. I am readily familiar with Fonda & Fraser, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is
10 placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
11

12        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13        Executed on April 17, 2012, at Glendale, California.

14

15

16                                            Michelle M. Chavez

17

18

19

20

21

22

23

24

25

26

27

28

FONDA & FRASER, LLP
Attorneys at Law

1

**SERVICE LIST**

2 | *Attorneys for Plaintiffs*

3 | Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
4 | 16133 Ventura Blvd., Suite 901
Encino, CA  91436
5 | Tel. (818) 785-5858
Fax (818) 785-5558
6 |

7 | *Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.*

8 | Mike Martinez, Esq.
Michael A. Dembicer, Esq.
9 | LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N. Figueroa St., Suite 1200
10 | Los Angeles, California 90012
Tel. (213) 250-1800
11 | Fax (213) 250-7900

12 |

*Attorneys for Defendants, Ian Brent Tilley, M.D. and*
13 | *Paulus Liem Santoso, M.D.*

14 | Robert L. McKenna, Esq.
Esther S. Won, Esq.
15 | CARROLL, KELLY, TROTTER,
  FRANZEN & McKENNA
16 | 111 W. Ocean Boulevard, 14th Floor
Post Office Box 22636
17 | Long Beach, CA 90801-5636
Tel. (562) 432-5855
18 | Fax (562) 432-8785

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                               **COUNTY OF LOS ANGELES**

10

11   SHIRLEY LORRAINE DOTSON AND          ) Case No. BC459326
     CURTIS CALLOWAY,                      )
12                                         )
                    Plaintiff,             ) Assigned for All Purposes To:
13                                         ) Hon. Malcolm H. Mackey
                                           ) Dept:   "55"
          vs.                              )
14                                         ) **[PROPOSED] ORDER ON APPLICATION**
     CALIFORNIA HOSPITAL MEDICAL           ) **FOR DETERMINATION OF GOOD**
15   CENTER, CARLA ANN TOMS, M.D.,         ) **FAITH SETTLEMENT PURSUANT TO**
     EDWARD PAKORN TANGCHITNOB, M.D.,      ) **CALIFORNIA CODE OF CIVIL**
16   PAULUS LIEM SANTOSO, M.D., IAN BRENT  ) **PROCEDURE § 877.6(a)(2)**
     TILLEY, M.D., TRACY DIONNE ROBINSON,  )
17   M.D., and DOES 1 - 20, inclusive,     )
                                           ) Complaint Filed:    April 11, 2011
18                  Defendants.            ) Trial Date:  None Set
                                           )
19                                         )
                                           )
20                                         )
                                           )
21   _____)

22        The application of defendant CATHOLIC HEALTHCARE WEST dba CALIFORNIA

23   HOSPITAL MEDICAL CENTER for a determination of good faith settlement pursuant to

24   California Code of Civil Procedure § 877.6(a)(2), having been served by certified mail, return

25   receipt requested, on all interested parties on April 16, 2012, along with the Notice of Settlement

26   and this Proposed Order; no motion to contest the good faith of the settlement having been filed by

27   any of the interested parties within twenty-five (25) days since the service of this application on all

28   interested parties; and based on the information contained within the Application for Determination

FONDA &                              -1-
FRASER LLP    [PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
Attorneys at Law         PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)
          12030107.1

1  of Good Faith Settlement and the attached Declaration of John Aitelli, and good cause appearing

2  therefore:

3        IT IS HEREBY ORDERED, DECREED AND ADJUDGED THAT.

4        1.    The settlement between plaintiff SHIRLEY LORRAINE DOTSON and defendant

5  CATHOLIC HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL CENTER is

6  entered into in "good faith" within the meaning of <u>California Code of Civil Procedure</u> §§ 877 and

7  877.6;

8

9        2.    Any action for equitable or comparative contribution, or partial or comparative

10  indemnity based on comparative negligence and comparative fault by defendant CATHOLIC

11  HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL CENTER or any other joint

12  tortfeasors or co-obligors in the above-entitled matter are hereby barred forever.

13        IT IS SO ORDERED.

14

15

16  Dated:

17

18                          JUDGE OF THE SUPERIOR COURT

19

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
Attorneys at Law

-2-

[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)

12030107.1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 100 West Broadway, Suite 650, Glendale, CA 91210-1201.

On April 17, 2012, I served true copies of the following document(s) described as **[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with Fonda & Fraser, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 17, 2012, at Glendale, California.

Michelle M. Chavez

[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)

FONDA & FRASER, LLP
Attorneys at Law

SERVICE LIST

*Attorneys for Plaintiffs*

Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Blvd., Suite 901
Encino, CA 91436
Tel. (818) 785-5858
Fax (818) 785-5558

*Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.*

Mike Martinez, Esq.
Michael A. Dembicer, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N. Figueroa St., Suite 1200
Los Angeles, California 90012
Tel. (213) 250-1800
Fax (213) 250-7900

*Attorneys for Defendants, Ian Brent Tilley, M.D. and
Paulus Liem Santoso, M.D.*

Robert L. McKenna, Esq.
Esther S. Won, Esq.
CARROLL, KELLY, TROTTER,
  FRANZEN & McKENNA
111 W. Ocean Boulevard, 14th Floor
Post Office Box 22636
Long Beach, CA 90801-5636
Tel. (562) 432-5855
Fax (562) 432-8785

FONDA & FRASER, LLP
Attorneys at Law

-2-

[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)



1 | **FONDA & FRASER, LLP**
Stephen C. Fraser, State Bar No. 152746
2 | John Aitelli, State Bar No. 122390
100 West Broadway, Suite 650
3 | Glendale, California 91210-1201
Telephone: (818) 543-1380
4 | Facsimile: (818) 543-1389
E-Mail: sfraser@fondafraserlaw.com
5 |
Attorneys for Defendants
6 | CATHOLIC HEALTHCARE WEST dba
CALIFORNIA HOSPITAL MEDICAL
7 | CENTER and CARLA ANN TOMS, M.D.
(OPT069)
8 |

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES**

11 |

12 | SHIRLEY LORRAINE DOTSON AND ) Case No. BC459326
CURTIS CALLOWAY, )
13 | ) Assigned for All Purposes To:
Plaintiff, ) Hon. Malcolm H. Mackey
14 | ) Dept: "55"
vs. )
15 | ) **APPLICATION FOR DETERMINATION**
CALIFORNIA HOSPITAL MEDICAL ) **OF GOOD FAITH SETTLEMENT;**
16 | CENTER, CARLA ANN TOMS, M.D., ) **DECLARATION OF JOHN AITELLI**
EDWARD PAKORN TANGCHITNOB, M.D., )
17 | PAULUS LIEM SANTOSO, M.D., IAN BRENT )
TILLEY, M.D., TRACY DIONNE ROBINSON, ) Complaint Filed: April 11, 2011
18 | M.D., and DOES 1 - 20, inclusive, ) Trial Date: None Set
)
19 | Defendants. )
)
20 | ————————————————————)

21 |     TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES

22 | HEREIN THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD:

23 |     PLEASE TAKE NOTICE that defendant CATHOLIC HEALTHCARE WEST dba

24 | CALIFORNIA HOSPITAL MEDICAL CENTER hereby applies to this Court in accordance with

25 | the provisions of California Code of Civil Procedure § 877.6(a)(2) for a determination that the

26 | settlement described below was entered into in good faith.

27 | ///

28 | ///

**FONDA &**
**FRASER LLP**
Attorneys at Law

-1-
APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
DECLARATION OF JOHN AITELLI

12030103.1

1.   **SETTLING PARTIES**

The parties to the settlement are plaintiff SHIRLEY LORRAINE DOTSON and defendant CATHOLIC HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL CENTER.

2.   **BASIS OF SETTLEMENT**

The basis of this settlement is contested liability, and without liability being admitted expressly or indirectly by way of this settlement, but rather in the interest of judicial economy and by way of economic settlement only.

3.   **TERMS AND SETTLEMENT AMOUNT**

Despite the fact that CATHOLIC HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL CENTER contends that it has no liability exposure in this case, it has agreed to pay plaintiff the sum of $24,999 in full and complete settlement of plaintiff's claims against it.

4.   **BASIS OF ACTION**

This is a medical malpractice action against multiple defendants in which plaintiff alleges that she was provided negligent care and treatment resulting in the death of her fetus on or about January 13, 2010.

This Application is also based on the facts stated in the Declaration of John Aitelli which is set forth below and incorporated herein by this reference as if set forth in full and complete detail.

Dated: April 16, 2012

FONDA & FRASER, LLP

By: _____
STEPHEN C. FRASER
JOHN AITELLI
Attorneys for Defendants
CATHOLIC HEALTHCARE WEST dba
CALIFORNIA HOSPITAL MEDICAL CENTER
and CARLA ANN TOMS, M.D.

FONDA &
FRASER LLP
Attorneys at Law

-2-
APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
DECLARATION OF JOHN AITELLI
12030103.1

1

## DECLARATION OF JOHN AITELLI

2        I, JOHN AITELLI, do declare and state as follows:

3        1.       1 am an attorney duly licensed to practice in all courts of the State of California and

4 am a partner in the law firm of Fonda & Fraser LLP, attorneys of record for defendants herein

5 CATHOLIC HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL CENTER and

6 CARLA ANN TOMS, M.D.   If called as a witness in this matter, I could and would competently

7 testify to the truth of the following facts which are personally known to me.

8        2.       I submit this declaration in support of CATHOLIC HEALTHCARE WEST dba

9 CALIFORNIA HOSPITAL MEDICAL CENTER's application for a judicial determination that the

10 settlement herein described is one entered into in "good faith" under the provisions of California

11 Code of Civil Procedure § 877.6.

12        3.       CATHOLIC HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL

13 CENTER contends that she has no liability exposure in this case.  Notwithstanding, it has agreed to

14 pay plaintiff the sum of $24,999 in full and complete settlement of plaintiff's claims against it.

15        4.       Following significant discovery and out-of-court negotiations between CATHOLIC

16 HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL CENTER and plaintiff

17 SHIRLEY LORRAINE DOTSON, a settlement was entered into on or about April 16, 2012. The

18 basis and terms of the settlement and the settlement amount are as stated in the foregoing

19 application which is incorporated herein by this reference. There was no fraud or collusion in

20 connection with this settlement that was made in good faith and at arm's length between the settling

21 parties.

22        I declare under penalty of perjury, under the laws of the State of California, that the

23 foregoing is true and correct.

24        Executed this _16th_ day of April, 2012, in the City of Glendale, County of Los Angeles, State

25 of California.

26

27

28                     JOHN AITELLI, Declarant

FONDA &
FRASER LLP
Attorneys at Law

-3-

APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
DECLARATION OF JOHN AITELLI

12030103.1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 100 West Broadway, Suite 650, Glendale, CA 91210-1201.

On April 17, 2012, I served true copies of the following document(s) described as **APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF JOHN AITELLI** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with Fonda & Fraser, LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 17, 2012, at Glendale, California.

_____
Michelle M. Chavez

FONDA & FRASER, LLP
Attorneys at Law

-1-
APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF JOHN AITELLI

1                                    SERVICE LIST

2   *Attorneys for Plaintiffs*

3   Nora Hovsepian, Esq.
    LAW OFFICES OF NORA HOVSEPIAN
4   16133 Ventura Blvd., Suite 901
    Encino, CA  91436
5   Tel. (818) 785-5858
    Fax (818) 785-5558
6

7   *Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.*

8   Mike Martinez, Esq.
    Michael A. Dembicer, Esq.
9   LEWIS BRISBOIS BISGAARD & SMITH LLP
    221 N. Figueroa St., Suite 1200
10  Los Angeles, California 90012
    Tel. (213) 250-1800
11  Fax (213) 250-7900

12
    *Attorneys for Defendants, Ian Brent Tilley, M.D. and*
13  *Paulus Liem Santoso, M.D.*

14  Robert L. McKenna, Esq.
    Esther S. Won, Esq.
15  CARROLL, KELLY, TROTTER,
      FRANZEN & McKENNA
16  111 W. Ocean Boulevard, 14th Floor
    Post Office Box 22636
17  Long Beach, CA 90801-5636
    Tel. (562) 432-5855
18  Fax (562) 432-8785

19

20

21

22

23

24

25

26

27

28

FONDA & FRASER, LLP
Attorneys at Law

APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF JOHN AITELLI

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NORA HOVSEPIAN, ESQ.,    (Bar # 140402)<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Boulevard, Suite 910<br>Encino, CA 91436 | |

TELEPHONE NO.: (818) 785-5858    FAX NO. *(Optional):* (818) 785-5558

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* Plaintiff: Shirley L. Dotson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**

STREET ADDRESS: 111 North Hill Street

MAILING ADDRESS:

CITY AND ZIP CODE: Los Angeles 90012

BRANCH NAME: Central District

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON, et. al.

DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*  [X]  **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   [ ]  **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | BC 459326 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: April 30, 2012    Time: 8:30 a.m.    Dept.: 55    Div.:    Room:

Address of court *(if different from the address above):*

[X] Notice of Intent to Appear by Telephone, by *(name):* Nora Hovsepian

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Plaintiff, Shirley L. Dotson
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* April 11, 2011
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ]    have not been served *(specify names and explain why not):*

      (2) [ ]    have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ]    have had a default entered against them *(specify names):*

   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [X] complaint   [ ] cross-complaint    *(Describe, including causes of action):*
      Medical Malpractice against all defendants.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

4-16-12

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC459326 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff SHIRLEY DOTSON lost an otherwise healthy and viable fetus when defendants failed to properly diagnose placental abruption and failed to timely deliver the unborn child while she was still alive.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   Trials: May 14, 2012; May 21; June 1; June 18; July 9; Vacation July 18 - August 17, 2012; Trials Aug 20; Sept. 17; Oct 1; Oct 15, 2012; Nov. 27, 2012

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 7-10
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   ☐ Additional representation is described in Attachment 8.
   f. Fax number:
   g. Party represented:

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

   (1) For parties represented by counsel: Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

   (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

   b. **Referral to judicial arbitration or civil action mediation** (if available).

   (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

   (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

   (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459326 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for *(date)*:<br>[ ] Agreed to complete mediation by *(date)*:<br>[ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for *(date)*:<br>[ ] Agreed to complete settlement conference by *(date)*:<br>[ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for *(date)*:<br>[ ] Agreed to complete neutral evaluation by *(date)*:<br>[ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for *(date)*:<br>[ ] Agreed to complete judicial arbitration by *(date)*:<br>[ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for *(date)*:<br>[ ] Agreed to complete private arbitration by *(date)*:<br>[ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)* | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for *(date)*:<br>[ ] Agreed to complete ADR session by *(date)*:<br>[ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459326 |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
  Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Deposition of Defendants | June 2012 |
| Plaintiff | Expert Depositions | Per Code |
| Plaintiff | Written Discovery | May 2012 |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459326 |

17. **Economic litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
   ☒ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*
   Plaintiff has settled with defendant CEDARS-SINAI MEDICAL CENTER and CALIFORNIA HOSPITAL. The remaining defendants, Ian B. Tilley, M.D., Paulus Santoso, M.D. and Tracy Robinson, M.D., are apparently Federal employees which may result in the case being removed to Federal Court.

19. **Meet and confer**
   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*
   All other defendants have been dismissed in exchange for waivers of cost and malicious prosecution. Discovery has been voluntarily stayed pending defendants' final decision on the issue of Federal Jurisdiction.

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

Nora Hovsepian, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

April 16, 2012

*LexisNexis® Automated California Judicial Council Forms*

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16133 Ventura Boulevard, Suite 910, Encino, California 91436.

      On **April 16, 2012**, I served the **CASE MANAGEMENT STATEMENT** on all parties in said action, by placing a true copy thereof in a sealed envelope with postage fully pre-paid in the United States mail at Encino, California, and addressed as follows:

        Esther Won, Esq.
        CARROLL KELLY TROTTER FRANZEN & McKENNA
        111 W. Ocean Blvd., 14th Floor
        P.O. Box 22636
        Long Beach, CA 90801-5636

      I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this **16th** day of **April, 2012**, at Encino, California.

MARTI VAN YPEREN

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ROBERT L. McKENNA III/ESTHER S. WON
CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
Post Office Box 22636
Long Beach, CA 90802-5636
TELEPHONE NO.: (562) 432-5855   FAX NO. *(Optional):* (562) 432-8785
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Defendants, TILLEY, M.D./SANTOSO, M.D

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON

DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* [X] **UNLIMITED CASE** (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE** (Amount demanded is $25,000 or less) | BC459326 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: April 30, 2012   Time: 8:30 a.m.   Dept.: 55   Div.:   Room:
Address of court *(if different from the address above):*

[ ] Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* Defs, IAN TILLEY, MD, PAULUS SANTOSO, MD & TRACY ROBINSON, MD
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in [X] complaint   [ ] cross-complaint   *(Describe, including causes of action):*
      Medical Malpractice.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al. | BC459326 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Please see plaintiff's statement.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request   ☒ a jury trial ☐   a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐  The trial has been set for *(date):*
   b. ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   Please see attached.

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☒ days *(specify number):* 7-10
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption ☐   by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:           f.  Fax number:
   e.  E-mail address:            g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1)  For parties represented by counsel: Counsel ☒ has ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2)  For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.

    b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON<br>DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER,<br>et al. | CASE NUMBER:<br>BC459326 |
|---|---|

10.  c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]  **CASE MANAGEMENT STATEMENT**  Page 3 of 5

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON<br>DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al. | CASE NUMBER:<br>BC459326 |

**11. Insurance**

a. [X] Insurance carrier, if any, for party filing this statement *(name):* Norcal Mutual Insurance Co.

b. Reservation of rights: [ ] Yes [X] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy [X] Other *(specify):* The proper defendant is the United States.

Status: Tender of this matter as to Drs. Tilley, Santoso, and Robinson remains pending.

**13. Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Discovery Motions (if necessary); Motion for Summary Judgment; Motions in Limine.

**16. Discovery**

a. [ ] The party or parties have completed all discovery.

b. [X] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants, IAN TILLEY, M.D., PAULUS SANTOSO, M.D. & TRACY ROBINSON, M.D. | Deposition of Plaintiff | August 2012 |
| Defendants, IAN TILLEY, M.D., PAULUS SANTOSO, M.D. & TRACY ROBINSON, M.D. | Written Discovery | September 2012 |
| Defendants, IAN TILLEY, M.D., PAULUS SANTOSO, M.D. & TRACY ROBINSON, M.D. | Pre-Trial Discovery and Expert Depositions | Per Code |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al. | BC459326 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 12, 2012

| ESTHER S. WON, ESQ. | ▶ _(signature)_ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached.

| SHORT TITLE: Dotson v. Tilley/Santoso/Robinson, et al. | CASE NUMBER: BC459326 |
|---|---|

**CASE MANAGEMENT STATEMENT** *(Continued)*

Attachment 6c

| Date | Reason for Unavailability |
|---|---|
| 5/14/12 | Paramo v. De La Vega, SBSC/San Bernardino, Dept. S34, Trial |
| 5/16/12 - 5/18/12 | Pediatrix Conference (Miami/FL) |
| 6/4/12 | Rizo-Patron (Melton) v. Tammelin/Mission Internal, OCSC/Santa Ana, Dept. C27, Trial |
| 6/15/12 - 6/29/12 | Prepaid Vacation |
| 7/6/12 | Avetov v. Alvarado Hospital, SDSC/Hall of Justice, Dept. C64, Trial |
| 7/9/12 | Mednikov v. Defren, LASC/Santa Monica, Dept. I, Trial |
| 7/9/12 | Walker v. CVS Pharmacy, Dist. Court/Nevada, Dept. V, Pre-Trial Conference |
| 7/13/12 - 7/14/12 | TDC Legal Summit |
| 7/18/12 - 7/22/12 | Prepaid Vacation |
| 7/19/12 | King v. Warm Springs Road CVS, LLC, Dist. Court/Nevada, Dept. 26, Pre-Trial Conference |
| 7/23/12 | Cushing (Pina) v. How, SBSC/San Bernardino, Dept. 32, Trial |
| 725/12 | Walker v. CVS Pharmacy, Dist. Court/Nevada, Dept. V, Calendar Call |
| 7/30/12 | Walker v. CVS, Dist. Court/Nevada, Dept. V, Trial |
| 8/2/12 | King v. Warm Springs Road CVS, LLC, Dist. Court/Nevada, Dept. 26, Calendar Call |
| 8/6/12 | King v. Warm Springs Road CVS, LLC, Dist. Court/Nevada, Dept. 26, Trial |
| 8/15/12 - 8/19/12 | Prepaid Vacation |
| 8/30/12 | Doe (Bomersheim) v. Los Angeles Gay & Lesbian Center, Dept. 311, LASC/Complex, Trial |
| 9/4/12 | Watkins v. Minehart, Dept. I, LASC/Van Nuys, Trial |
| 9/6/12 | Audenreid v. Longs Drug Stores, Washoe County/Nevada, Dept. 8, Pre-Trial Conference |
| 9/7/12 | Frye v. Jazayeri, LASC/Long Beach, Dept. G, Trial |
| 9/10/12 | Codding v. DISC Sports and Spine Center, LASC/Santa Monica, Dept. I, Trial |
| 9/12/12 | Jones v. St. Mary Medical Center, LASC/Central, Dept. 54, Trial |
| 9/24/12 | Campuzano v. Bengtsson, Ventura Superior, Dept. 42, Trial |
| 9/25/12 | Angulo v. Chan, LASC/Torrance, Dept. M, Trial |

| SHORT TITLE: Dotson v. Tilley/Santoso/Robinson, et al. | CASE NUMBER: BC459326 |
|---|---|

### CASE MANAGEMENT STATEMENT *(Continued)*

|  | Date | Reason for Unavailability |
|---|---|---|
| 28 | 10/5/12 | Schultz v. Alvarado Hospital, SDSC/Hall of Justice, Dept. C66, Trial |
| 29 | 10/8/12 | Audenreid v. Longs Drug Stores, Washoe County/Nevada, Dept. 8, Trial |
| 30 | 10/09/12 | Wieten v. Duffy/Cotright, LASC/Torrance, Dept. 11, Trial |
| 31 | 10/12/12 | Jones v. Alvarado Hospital, SDSC/Chula Vista, Dept. S4, Trial |
| 32 | 10/15/12 | Ochoa v. Christides, OCSC/Santa Ana, Dept.23, Trial |
| 33 34 | 10/16/12 & 10/17/12 | Flynn v. Rutledge, Binding Arbitration, Las Vegas/Nevada |
| 35 | 11/26/12 | Griffin v. McKenzie, Dist. Court/Nevada, Dept. 12, Trial |
| 36 | 11/27/12 | Garcia v. Skaggs, LASC/Central, Dept. 47, Trial |
| 37 | 12/9/12 | Roux v. CVS, Dist. Court/Nevada, Dept. 5, Pre-Trial Conference |
| 38 | 12/10/12 | Fundamisky v. Deirmenjian, LASC/Santa Monica, Dept. M, Trial |
| 39 | 12/14/12 | Johnson v. Shaub, LASC/Torrance, Dept. M, Trial |
| 40 | 12/20/12 | Roux v. CVS, Dist. Court/Nevada, Dept. 5, Calendar Call |
| 41 | 4/4/13 | Raffety v. Desert View Regional Med Ctr, Dist. Court/Nevada, Dept. 26, Pre-Trial Conference |
| 42 | 4/18/13 | Raffety v. Desert View Regional Med Ctr, Dist. Court/Nevada, Dept. 26, Calendar Call |
| 43 44 | 4/22/13 | Pacelli v. St. Rose Dominican Hospital/Siena Campus, Dist. Court/Nevada, Dept. 24, Trial |
| 45 | 5/6/13 | Raffety v. Desert View Regional Med Ctr, Dist. Court/Nevada, Dept. 26, Trial |
| 46 47 | 1/2/14 | Roux v. CVS, Dist. Court/Nevada, Dept. 5, Trial |

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

    I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646.  On   April 13, 2012, I served a true and correct copy of the following document(s) on the attached list of interested parties:

### CASE MANAGEMENT STATEMENT

(X)    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee.  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee.  I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

    I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on April 13, 2012, at Long Beach, California.

Sarah Heller

1

1    Proof of Service Mailing List
     Re:    Dotson v. Tilley/Santoso; Case No. BC459326

2

3    Nora Hovsepian, Esq.                                          06-2985-02
     Law Offices of Nora Hovsepian
4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436
5    **Attorneys for Plaintiff**

6    Stephen C. Fraser, Esq.                                       06-2985-02
     John Aitelli, Esq.
7    Fonda & Fraser LLP
     100 W. Broadway, Suite 650
8    Glendale, CA 91210-1201
     **Attorneys for Defendants, California Hospital Medical Center and Carla Ann Toms, M.D.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER S. WON (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., PAULUS LIEM SANTOSO, M.D.
   and TRACY ROBINSON, M.D.

6

7

8                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,              CASE NO.  Bc459326

12                Plaintiff,              ASSIGNED FOR ALL PURPOSES TO
                                          JUDGE MALCOLM H. MACKEY
13  vs.                                   DEPARTMENT

14  CALIFORNIA HOSPITAL MEDICAL           Complaint Filed:    April 11, 2011
    CENTER, CARLA ANN TOMS, M.D.,         Trial Date:         None Set
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY         DEFENDANT'S ANSWER TO
    DIONNE ROBINSON, M.D., and DOES 1-    PLAINTIFF'S COMPLAINT
17  20, Inclusive,

18                Defendants.

19

20        COMES NOW defendant TRACY ROBINSON, M.D., in answering plaintiff's complaint

21  on file herein, for herself alone, and for no other defendant, admits, denies and alleges as

22  follows:

23        1.      Under the provisions of Section 431.30 of the California Code of Civil Procedure,

24  this answering defendant denies both generally and specifically each and every allegation in said

25  complaint, and the whole thereof, including each and every purported cause of action contained

26  therein, and denies that plaintiff has been damaged in the sum or sums alleged, or in any other

27  sum or sums, or at all.

28  ///

                                    1

2.       Further answering plaintiff's complaint on file herein, and the whole thereof, including each and every purported cause of action contained therein, this answering defendant denies that plaintiff sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering defendant, or any agent, servant, or employee of this answering defendant.

AS AND FOR A FIRST, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3.       That any injury, loss or damage purportedly sustained, if at all, by plaintiff, was directly and proximately caused by the negligence of the plaintiff, and any damages awarded to plaintiff shall be reduced in proportion to the amount of negligence attributable to the plaintiff.

AS AND FOR A SECOND, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

4.       That the liability of the persons ultimately determined to be responsible for plaintiff's injuries and losses, if any, including the plaintiff, shall be compared, and the damages, if any, awarded to plaintiff, shall be apportioned accordingly.

AS AND FOR A THIRD, SEPARATE , DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

5.       That all care, treatment and procedures rendered to and performed upon plaintiff was with the express and implied consent of said plaintiff.

AS AND FOR A FOURTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

6.       That any injury, loss or damage purportedly sustained, if at all, by plaintiff, was directly and proximately caused and contributed to by risks which were fully and actually known to plaintiff, who fully and actually appreciated the nature and scope of the hazards created thereby, and said plaintiff voluntarily assumed said risks and the potential consequences thereof.

///

///

///

2

1    AS AND FOR A FIFTH, SEPARATE, DISTINCT AND AFFIRMATIVE

2    DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3    7.    That plaintiff's complaint, and each purported cause of action contained therein,

4 is barred by the provisions of Section 340.5 of the California Code of Civil Procedure.

5    AS AND FOR A SIXTH, SEPARATE, DISTINCT AND AFFIRMATIVE

6    DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

7    8.    The incident described in plaintiff's complaint, as well as the injuries, losses and

8 damages allegedly sustained by plaintiff, were proximately caused by intervening and

9 superseding causes and forces which were beyond the control of this answering defendant and

10 which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen

11 by said answering defendant.

12    AS AND FOR A SEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

13    DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14    9.    That plaintiff's complaint, and each purported cause of action contained therein,

15 fails to state facts sufficient to constitute a cause of action against the answering defendant.

16    AS AND FOR AN EIGHTH, SEPARATE, DISTINCT AND AFFIRMATIVE

17    DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18    10.    That plaintiff is not entitled to recover general damages in any amount in excess

19 of $250,000, pursuant to Section 3333.2 of the California Civil Code.

20    AS AND FOR A NINTH, SEPARATE, DISTINCT AND AFFIRMATIVE

21    DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22    11.    That this answering defendant may elect to limit and diminish plaintiff's alleged

23 damages pursuant to Section 3333.1 of the California Civil Code.

24    AS AND FOR A TENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

25    DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

26    12.    Any recovery by the plaintiff pursuant to the complaint, and each purported cause

27 of action contained therein, is controlled by the provisions of Section 667.7 of the California

28 Code of Civil Procedure.

3

1       AS AND FOR AN ELEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

2       DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3       13.   That this answering defendant is informed and believes, and based upon such

4 information and belief, alleges that at the time and place of the accident alleged in plaintiff's

5 complaint, plaintiff was in the scope of her employment; that at said time and place, said

6 employer had in force and effect a policy of Worker's Compensation Insurance; that plaintiff has

7 received benefits under the terms of said policy; that any injuries sustained by plaintiff were

8 proximately caused by the negligence of said employer; that any recovery in this case should be

9 reduced by the total amount of all payments made pursuant to plaintiff's claim for Worker's

10 Compensation; and that the doctrine as set forth in the case of <u>Witt v. Jackson</u>, (1961) 57 C.2d

11 57, applies herein.

12       AS AND FOR A TWELFTH, SEPARATE, DISTINCT AND AFFIRMATIVE

13       DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14       14.   That plaintiff's action is barred in that plaintiff's exclusive remedy against this

15 answering defendant is in Worker's Compensation pursuant to the California <u>Labor Code</u> (Lab.

16 <u>Code</u> § 3601).

17       AS AND FOR A THIRTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

18       DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

19       15.   That if plaintiff, in fact, sustained or will sustain any injuries or damages as a result

20 of any act or omission on the part of this answering defendant (which supposition is not admitted

21 by this answering defendant, but is merely stated for the purpose of this affirmative defense),

22 then plaintiff at the time and place alleged in said complaint was himself guilty of negligence

23 in failing to exercise that degree of care for her own safety and protection that ordinarily prudent

24 persons would exercise under the circumstances, and said negligence contributed as a legal cause

25 in some degree to the injuries and damages being claimed by plaintiff herein, thereby barring

26 and/or reducing plaintiff's recovery.

27 ///

28 ///

4

AS AND FOR A FOURTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

16. ~~That it contends that there is no basis for liability of said defendant to plaintiff.~~ However, without withdrawing that position, it alleges in the alternative that should this answering defendant be found liable to plaintiff on the complaint herein, this answering defendant should, in whole or in part, be indemnified by the other defendants, by those responsible persons, and/or entities who would be liable to plaintiff if joined herein, according to the degree of involvement or responsibility for causing loss to plaintiff; and by plaintiff to the degree and extent of plaintiff's own contributory negligence or to the extent plaintiff is found to assume the position of any other responsible person and/or entity with whom plaintiff has settled her claims separately or in any other manner have attempted to exonerate.

AS AND FOR A FIFTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

17. That plaintiff's complaint, and each purported cause of action contained therein, is barred for failure to comply with the requirements of Section 364 of the California Code of Civil Procedure.

AS AND FOR AN SIXTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18. Plaintiff's prayer of punitive damages is inappropriate under Code of Civil Procedure section 425.13.

AS AND FOR A SEVENTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

19. That at all times herein mentioned, plaintiff knew, or should have known, that plaintiff was submitting herself to medical techniques, treatment and medication which, because of the condition of plaintiff, rendered her susceptible to potential complications, injury, or damage and that by submitting himself to such medical techniques, treatment and medication, plaintiff freely, voluntarily and expressly assumed all risks attendant thereto, thereby barring and/or reducing plaintiff's recovery herein.

5

1    AS AND FOR A EIGHTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
2              DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3         20.   That plaintiff's complaint, and each purported cause of action contained therein,
4    was the result and/or cause of a natural cause or condition, or was the natural or expected result
5    of reasonable treatment rendered for the disease or condition and thus these causes of action are
6    barred pursuant to the provisions of Section 1714.8 of the California Civil Code.

7        AS AND FOR AN NINETEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
8              DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

9         21.   That it is entitled to an offset and/or reduction and plaintiff is barred from
10   recovering any and all amounts paid for plaintiff's alleged injuries by way of settlement or
11   judgment of any claim, incident or lawsuit which may have contributed to the injuries referred
12   to in the complaint, in the event this answering defendant should be found liable to plaintiff,
13   although this supposition is denied and only stated for the purposes of this affirmative defense.

14       AS AND FOR AN TWENTIETH, SEPARATE, DISTINCT AND AFFIRMATIVE
15             DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

16        22.   That plaintiff has failed to join all necessary parties pursuant to Code of Civil
17   Procedure section 389.

18        AS AND FOR AN TWENTY-FIRST, SEPARATE, DISTINCT AND
19       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

20        23.   That plaintiff lacks the capacity to sue pursuant to Code of Civil Procedure section
21   430.10.

22       AS AND FOR AN TWENTY-SECOND, SEPARATE, DISTINCT AND
23       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

24        24.   That plaintiff's complaint, and each purported cause of action contained therein,
25   fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by
26   Section 2395 of the California Business and Professions Code.

27   ///
28   ///

6

1        AS AND FOR AN TWENTY-THIRD, SEPARATE, DISTINCT AND

2        AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3        25.   That plaintiff's complaint, and each purported cause of action contained therein,

4 fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

5 Section 2396 of the California <u>Business and Professions Code</u>.

6        AS AND FOR AN TWENTY-FOURTH, SEPARATE, DISTINCT AND

7        AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8        26.    That plaintiff's complaint, and each purported cause of action contained therein,

9 fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

10 Section 2397 of the California <u>Business and Professions Code</u>.

11        AS AND FOR AN TWENTY-FIFTH, SEPARATE, DISTINCT AND

12        AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13        27.    That plaintiff's damages are barred or limited by Proposition 51, as set forth in

14 Section 1430 et. seq. of the California <u>Civil Code</u>.

15        AS AND FOR AN TWENTY-SIXTH, SEPARATE, DISTINCT AND

16        AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

17        28.    That plaintiff's complaint, and each purported cause of action contained therein,

18 fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

19 the doctrine of estoppel.

20        AS AND FOR AN TWENTY-SEVENTH, SEPARATE, DISTINCT AND

21        AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22        29.    That plaintiff's complaint, and each purported cause of action contained therein,

23 fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

24 the doctrine of waiver.

25 ///

26 ///

27 ///

28 ///

7

1          AS AND FOR AN TWENTY-EIGHTH, SEPARATE, DISTINCT AND

2          AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3          30.    That plaintiff's complaint, and each purported cause of action contained therein,

4    fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

5    the doctrine of laches.

6          AS AND FOR AN TWENTY-NINTH, SEPARATE, DISTINCT AND

7          AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8          31.    That plaintiff's complaint, and each purported cause of action contained therein,

9    fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

10   the doctrine of unclean hands.

11         AS AND FOR A THIRTIETH, SEPARATE, DISTINCT AND

12         AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13         32.    That plaintiff's complaint, and each purported cause of action contained therein,

14   fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

15   Section 856.4 of the California Government Code.

16         AS AND FOR A THIRTY-FIRST, SEPARATE, DISTINCT AND

17         AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18         33.    That the instant dispute arises from a matter covered by a binding arbitration

19   agreement between the parties, and that this answering defendant desires that this matter be

20   therefore submitted to binding arbitration in accordance with the terms of the Arbitration

21   Agreement.

22         AS AND FOR A THIRTY-SECOND, SEPARATE, DISTINCT AND

23         AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

24         34.    That even if a reasonable person in plaintiff's position may not have consented to

25   the medical techniques, treatment, and medication provided, had they been given sufficient

26   information should the risk, plaintiff still would have consented to the procedure.

27   ///

28   ///

8

1    WHEREFORE, this answering defendant prays that plaintiff take nothing by way of her

2  complaint on file herein, that this answering defendant may be dismissed with her costs of suit

3  incurred herein, and for such other and further relief as the court may deem just and proper.

4

5  DATED: March 5, 2012                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

6

7                                          By: _____

8                                              ROBERT L. McKENNA III
                                               ESTHER S. WON
9                                              Attorneys for Defendants
                                               IAN BRENT TILLEY, M.D., and
10                                             PAULUS LIEM SANTOSO, M.D.,
                                               and TRACY ROBINSON, M.D.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On March _6_, 2012, I served a true and correct copy of the following document(s) on the attached list of interested parties:

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

(X)    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

(  )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

(  )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California *Rules of Court*, Rule 2.306, and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

(  )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

      I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

      Executed on March _6_, 2012, at Long Beach, California.

Sarah Heller

10

1 | Proof of Service Mailing List
Re:    Dotson v. Tilley/Santoso; Case No. BC459326

2

3 | Nora Hovsepian, Esq.                                                06-2985-02
Law Offices of Nora Hovsepian
4 | 16133 Ventura Boulevard, Suite 910
Encino, CA 91436
5 | **Attorneys for Plaintiff**

6 | Stephen C. Fraser, Esq.                                             06-2985-02
John Aitelli, Esq.
7 | Fonda & Fraser LLP
100 W. Broadway, Suite 650
8 | Glendale, CA 91210-1201
**Attorneys for Defendants, California Hospital Medical Center and Carla Ann Toms, M.D.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

1   **LEWIS BRISBOIS BISGAARD & SMITH** LLP
    MIKE MARTINEZ, SB# 143484
2     E-Mail: mikemartinez@lbbslaw.com
    MICHAEL A. DEMBICER, SB# 150338
3     E-Mail: dembicer@lbbslaw.com
    HILDEGARDE B. AGUINALDO, SB# 270681
4     E-Mail: aguinaldo@lbbslaw.com
    221 North Figueroa Street, Suite 1200
5   Los Angeles, California 90012
    Telephone: 213.250.1800
6   Facsimile: 213.250.7900

7   Attorneys for Defendant,
    CEDARS-SINAI MEDICAL CENTER

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11  SHIRLEY LORRAINE DOTSON,           | CASE NO. BC 459326

12          Plaintiff,                 | **NOTICE OF SETTLEMENT**

13          vs.                        | Action Filed:    4/11/2011
                                        | Trial Date:      None Set
14  CALIFORNIA HOSPITAL MEDICAL
    CENTER, CARLA ANN TOMS, M.D.,
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY
    DIONNE ROBINSON, M.D., and DOES 1-
17  20, inclusive,

18          Defendants.

19

20          TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

21  RECORD:

22          PLEASE TAKE NOTICE that plaintiff, SHIRLEY LORRAINE DOTSON, by and

23  through her attorney, Nora Hovsepian, Esq., LAW OFFICES OF NORA HOVSEPIAN, has

24  agreed to settle her Complaint with the defendant, CEDARS-SINAI MEDICAL CENTER.

25  / / /

26  / / /

27  / / /

28  / / /

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

4844-1844-9422.1

NOTICE OF SETTLEMENT

2-28-12

1    The parties are in the process of executing a formal settlement agreement.  Upon execution

2  of a formal settlement agreement, plaintiff will move to dismiss her Complaint against defendant

3  with prejudice.

4  DATED: February 28, 2012                    MIKE MARTINEZ
                                               MICHAEL A. DEMBICER
5                                              HILDEGARDE B. AGUINALDO
6                                              LEWIS BRISBOIS BISGAARD & SMITH LLP

7

8                                              By: _____
9                                                  Michael A. Dembicer
                                                   Attorneys for Defendant, CEDARS-SINAI
10                                                 MEDICAL CENTER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## CALIFORNIA STATE COURT PROOF OF SERVICE

2

Dotson v. CHMC, et al. - File No. 28839.58

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012.

5

6

On February 28, 2012, I served the following document(s):  NOTICE OF SETTLEMENT

7

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

8

Nora Hovsepian, Esq.

9

LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Boulevard, Suite 910
Encino, CA 91436

10

11

Robert L. McKenna, III, Esq.
Esther S. Won, Esq.
CARROLL, KELLY, TROTTER,

12

FRANZEN & McKENNA
111 W. Ocean Blvd., 14th Floor

13

PO Box 22636
Long Beach, CA 90801-5636

14

15

The documents were served by the following means:

16

☒      (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

17

☒      Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

18

19

20

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21

22

Executed on February 28, 2012, at Los Angeles, California.

23

24

Beverly Vasquez

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4844-1844-9422.1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Stephen C. Fraser, SBN 152746 / John Aitelli, SBN 122390<br>FONDA & FRASER LLP<br>100 W. Broadway, Ste. 650<br>Glendale, California 91210 | |

TELEPHONE NO.: (818) 543-1380    FAX NO. *(Optional)*: (818) 543-1389

E-MAIL ADDRESS *(Optional)*: sfraser@fondafraserlaw.com

ATTORNEY FOR *(Name)*: Defendant, CHW dba California Hospital Medical Center

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

STREET ADDRESS: 111 N. Hill Street

MAILING ADDRESS: Same

CITY AND ZIP CODE: Los Angeles, California 90071

BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Shirley Lorraine Dotson and Curtis Calloway

DEFENDANT/RESPONDENT: CHW dba California Hospital Medical Center

| UPDATED CASE MANAGEMENT STATEMENT | CASE NUMBER |
|---|---|
| *(Check one):*  ☒  UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000)   ☐  LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | BC459326 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 29, 2012    Time: 8:30 a.m.    Dept.: "55"    Div.:    Room:

Address of court *(if different from the address above):*

☐   Notice of Intent to Appear by Telephone, by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Catholic Healthcare West dba California Hospital Medical Center
   b. ☐   This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.    The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

   **Description of case**
   a.   Type of case in ☒ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
      Medical Malpractice.

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov


American LegalNet, Inc.<br>www.FormsWorkFlow.com

2-17-12

CM-110

| PLAINTIFF/PETITIONER: Shirley Lorraine Dotson and Curtis Calloway | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: CHW dba California Hospital Medical Center | BC459326 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
    See plaintiffs' Statement.

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
    3/12/12; 3/19/12; 3/20/12; 3/26/12; 4/23/12; 4/30/12; 5/14/12; 5/29/12; 6/4/12; 6/18/12; 7/12/12; 7/3/12; 7/23/12;

7.  **Estimated length of trial**  8/6/12; 8/10/12; 9/4/12; 9/5/12; 9/11/12; 9/12/12; 9/18/12; 9/24/12; 10/1/12; 10/9/12; 10/15/12;
    The party or parties estimate that the trial will take *(check one):*  10/29/12; 10/30/12; 11/6/12.
    a.  ☒  days *(specify number):* 20-25
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:                            f.  Fax number:
    e.  E-mail address:                              g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1)  For parties represented by counsel: Counsel ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2)  For self-represented parties: Party ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

    (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Shirley Lorraine Dotson and Curtis Calloway | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: CHW dba California Hospital Medical Center | BC459326 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
    have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Shirley Lorraine Dotson and Curtis Calloway | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: CHW dba California Hospital Medical Center | BC459326 |

11. **Insurance**
    a. ☒ Insurance carrier, if any, for party filing this statement *(name):* Catholic Healthcare West
    b. Reservation of rights: ☐ Yes ☒ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

13. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 13a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**
    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
    Defendant Catholic Healthcare West dba California Hospital Medical Center intends to file a Motion for Summary Judgment.

16. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant, Catholic Healthcare West | Depositions of Plaintiffs | 5/1/12 |
| Defendant, Catholic Healthcare West | Depositions of Plaintiff's Physicians | 7/1/12 |
| Defendant, Catholic Healthcare West | Subpoena of Medical Records | 9/1/12 |
| Defendant, Catholic Healthcare West | Additional Written Discovery | 10/1/12 |
| Plaintiffs | Depositions of Defendants | 6/1/12 |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*


American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: Shirley Lorraine Dotson and Curtis Calloway | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: CHW dba California Hospital Medical Center | BC459326 |

17. **Economic litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):* The Department of Health and Human Services is currently making a determination regarding whether to substitute into the action on behalf of defendants Santoso, Tilley and Robinson. While this process has been going on, the case has been unofficially "stayed." Once this determination is made, the case may be removed to Federal Court.

19. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 17, 2012

JOHN AITELLI, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkFlow.com

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

On **February 17, 2012**, I served the within document(s) described as:

*UPDATED CASE MANAGEMENT STATEMENT*

on the interested parties in this action as stated on the attached mailing list.

[X]   **(BY MAIL)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **February 17, 2012**, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Michelle M. Chavez**
(Type or print name)                    (Signature)

ONDA &
ISER LLP
neys at Law

-1-
DEMAND FOR JURY TRIAL

5181195.1

1

## SERVICE LIST

2

3    *Attorneys for Plaintiffs*

4    Nora Hovsepian, Esq.
     LAW OFFICES OF NORA HOVSEPIAN
5    16133 Ventura Blvd., Suite 901
     Encino, CA  91436
6    Tel. (818) 785-5858
     Fax (818) 785-5558

7

8    *Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.*

9    Mike Martinez, Esq.
     Michael A. Dembicer, Esq.
10   LEWIS BRISBOIS BISGAARD & SMITH LLP
     221 N. Figueroa St., Suite 1200
11   Los Angeles, California 90012
     Tel. (213) 250-1800
12   Fax (213) 250-7900

13

14   *Attorneys for Defendants, Ian Brent Tilley, M.D. and*
     *Paulus Liem Santoso, M.D.*

15   Robert L. McKenna, Esq.
     Esther S. Won, Esq.
16   CARROLL, KELLY, TROTTER,
       FRANZEN & McKENNA
17   111 W. Ocean Boulevard, 14th Floor
     Post Office Box 22636
18   Long Beach, CA 90801-5636
     Tel. (562) 432-5855
19   Fax (562) 432-8785

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
Attorneys at Law

-2-
DEMAND FOR JURY TRIAL

5181195.1

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| NORA HOVSEPIAN, ESQ.,   (Bar # 140402)<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Boulevard, Suite 910<br>Encino, CA 91436<br><br>TELEPHONE NO.: (818) 785-5858   FAX NO. *(Optional):* (818) 785-5558<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff: Shirley L. Dotson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON, et. al.

DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | BC 459326 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 29, 2012     Time: 8:30 a.m.     Dept.: 55     Div.:          Room:

Address of court *(if different from the address above):*

[ ]  Notice of Intent to Appear by Telephone,  by *(name):*

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):* Plaintiff, Shirley L. Dotson
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):* April 11, 2011
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*

      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) [ ]  have had a default entered against them *(specify names):*

   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.   Type of case in  [X]  complaint     [ ]  cross-complaint     *(Describe, including causes of action):*
      Medical Malpractice against all defendants.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

7 -/6 -/2

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | BC459326 |
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff SHIRLEY DOTSON lost an otherwise healthy and viable fetus when defendants failed to properly diagnose placental abruption and failed to timely deliver the unborn child while she was still alive.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
Trials: May 14, 2012; May 21; June 1; June 18; July 9; Vacation July 18 - August 17, 2012; Trials Aug 20; Sept. 17; Oct 1; Oct 15, 2012

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☒   days *(specify number):* 7-10
b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:               f.   Fax number:
e.   E-mail address:                  g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has ☐ has not  reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

*LexisNexis® Automated California Judicial Council Forms*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459326 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | [X] | [X] Mediation session not yet scheduled <br> [ ] Mediation session scheduled for *(date)*: <br> [ ] Agreed to complete mediation by *(date)*: <br> [ ] Mediation completed on *(date)*: |
| (2) Settlement conference | [X] | [X] Settlement conference not yet scheduled <br> [ ] Settlement conference scheduled for *(date)*: <br> [ ] Agreed to complete settlement conference by *(date)*: <br> [ ] Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | [ ] | [ ] Neutral evaluation not yet scheduled <br> [ ] Neutral evaluation scheduled for *(date)*: <br> [ ] Agreed to complete neutral evaluation by *(date)*: <br> [ ] Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | [ ] | [ ] Judicial arbitration not yet scheduled <br> [ ] Judicial arbitration scheduled for *(date)*: <br> [ ] Agreed to complete judicial arbitration by *(date)*: <br> [ ] Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | [ ] | [ ] Private arbitration not yet scheduled <br> [ ] Private arbitration scheduled for *(date)*: <br> [ ] Agreed to complete private arbitration by *(date)*: <br> [ ] Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | [ ] | [ ] ADR session not yet scheduled <br> [ ] ADR session scheduled for *(date)*: <br> [ ] Agreed to complete ADR session by *(date)*: <br> [ ] ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459326 |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Deposition of Defendants | May 2012 |
| Plaintiff | Expert Depositions | Per Code |
| Plaintiff | Written Discovery | April 2012 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459326 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

Nora Hovsepian, Esq.
_____
(TYPE OR PRINT NAME)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

February 16, 2012

*LexisNexis® Automated California Judicial Council Forms*

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA    )
                           )
COUNTY OF LOS ANGELES  )

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16133 Ventura Boulevard, Suite 910, Encino, California 91436.

       On **February 16, 2012**, I served the **CASE MANAGEMENT STATEMENT** on all parties in said action, by placing a true copy thereof in a sealed envelope with postage fully pre-paid in the United States mail at Encino, California, and addressed as follows:

       Stephen C. Fraser, Esq.
       John Aitelli, Esq.
       FONDA & FRASER LLP
       100 W. Broadway, Suite 650
       Glendale, CA 91210-1201

       Mike Martinez, Esq.
       Michael A. Dembicer, Esq.
       LEWIS BRISBOIS BISGAARD & SMITH LLP
       221 N. Figueroa St., Suite 1200
       Los Angeles, CA 90012

       Robert L. McKenna, Esq.
       Esther Won, Esq.
       CARROLL KELLY TROTTER FRANZEN & McKENNA
       111 W. Ocean Blvd., 14th Floor
       P.O. Box 22636
       Long Beach, CA 90801

       I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this **16th** day of **February, 2012**, at Encino, California.

                       MARTI VAN YPEREN

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Mike Martinez 143484 <br> LEWIS BRISBOIS BISGAARD & SMITH LLP <br> 221 N. Figueroa Street., Suite 1200 <br> Los Angeles, CA 90012 <br> TELEPHONE NO.: 213.250.1800     FAX NO. (Optional): 213.250.7900 <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): CEDARS-SINAI MEDICAL CENTER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME:

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON

DEFENDANT/RESPONDENT: CEDARS-SINAI MEDICAL CENTER

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☒ UNLIMITED CASE ☐ LIMITED CASE <br> (Amount demanded (Amount demanded is $25,000 <br> exceeds $25,000) or less) | BC459326 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 29, 2012     Time: 8:30 a.m.     Dept.: 55     Div.:     Room:
Address of court (if different from the address above):

☐   Notice of Intent to Appear by Telephone, by (name):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** (answer one):
    a.  ☒   This statement is submitted by party (name): CEDARS-SINAI MEDICAL CENTER
    b.  ☐   This statement is submitted jointly by parties (names):

2.  **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
    a.      The complaint was filed on (date):
    b.  ☐   The cross-complaint, if any, was filed on (date):

3.  **Service** (to be answered by plaintiffs and cross-complainants only)
    a.  ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  ☐   The following parties named in the complaint or cross-complaint
        (1)  ☐   have not been served (specify names and explain why not):

        (2)  ☐   have been served but have not appeared and have not been dismissed (specify names):

        (3)  ☐   have had a default entered against them (specify names):

    c.  ☐   The following additional parties may be added (specify names, nature of involvement in case, and date by which
            they may be served):

4.  **Description of case**
    a.   Type of case in  ☒  complaint    ☐  cross-complaint    (Describe, including causes of action):
         Medical Malpractice

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 1 of 5

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov


American LegalNet, Inc.
www.FormsWorkFlow.com

2-14-12

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CEDARS-SINAI MEDICAL CENTER | BC459326 |

4.  b.  Provide a brief statement of the case, including any damages. (*If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.*)

☐ (*If more space is needed, check this box and attach a page designated as Attachment 4b.*)

5.  **Jury or nonjury trial**
The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  (*If more than one party, provide the name of each party requesting a jury trial*):

6.  **Trial date**
a.  ☐  The trial has been set for (*date*):
b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint (*if not, explain*):

c.  Dates on which parties or attorneys will not be available for trial (*specify dates and explain reasons for unavailability*):
See Attached Trial Date List

7.  **Estimated length of trial**
The party or parties estimate that the trial will take (*check one*):
a.  ☒  days (*specify number*): 10
b.  ☐  hours (short causes) (*specify*):

8.  **Trial representation** (*to be answered for each party*)
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  E-mail address:
☐  Additional representation is described in Attachment 8.

f.  Fax number:
g.  Party represented:

9.  **Preference**
☐  This case is entitled to preference (*specify code section*):

10. **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has  ☐ has not reviewed the ADR information package identified in rule 3.221.
b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. (*specify exemption*):

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CEDARS-SINAI MEDICAL CENTER | BC459326 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing to** participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed to** participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☒ | ☒ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☒ | ☒ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date) :<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]  ·  **CASE MANAGEMENT STATEMENT**  ·  Page 3 of 5

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CEDARS-SINAI MEDICAL CENTER | BC459326 |

**11. Insurance**
   a. ☐  Insurance carrier, if any, for party filing this statement *(name):*
   b.  Reservation of rights:  ☐ Yes   ☐ No
   c. ☐  Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐  Bankruptcy  ☐  Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐  There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
     ☐  Additional cases are described in Attachment 13a.
   b. ☐  A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**14. Bifurcation**
   ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Motion for Summary Judgment

**16. Discovery**
   a. ☐  The party or parties have completed all discovery.
   b. ☐  The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant, CSMC | Written Discovery | October 2012 |
| | Deposition of Plaintiff | April   2012 |
| | Deposition of Percipient Witnesses | October 2012 |
| | Expert Discovery | Per Code |

   c. ☐  The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

American LegalNet, Inc.
www.FormsWorkFlow.com

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CEDARS-SINAI MEDICAL CENTER. | BC459326 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* ONE (1)

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 1ᵗ 2012

Michael Dembicer, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**



American LegalNet, Inc.
www.FormsWorkFlow.com

## TRIAL DATE LIST

03/12/12-Trl; 03/28/12-Trl; 04/05-09/12-Trl; 04/13/12-Trl; 04/16/12-Trl; 04/30/12-Trl; 05/14/12-Trl; 05/21-25/12-Trl; 05/22/12-Trl; 06/11/12-Trl; 06/25/12-Trl; 05/26/12-Trl; 07/09/12-Trl; 07/10/12-Trl; 07/17-18/12-Trl; 07/23/12-Trl; 07/24-25/12-Trl; 07/27-08/05-12-Trl; 08/20-24/12-Trl; 08/28-29/12; 09/12/12-Trl; 09/17/12-Trl; 09/24/12-Trl

## CALIFORNIA STATE COURT PROOF OF SERVICE

Dotson v. CHMC, et al. - File No. 28839.58

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, CA 90012.

On February 1\[ 2012, I served the following document(s):

## CASE MANAGEMENT STATEMENT

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

☐ Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 1\[, 2012, at Los Angeles, California.

Beverly Vasquez

| | |
|---|---|
| 1 | **SERVICE LIST** |
| 2 | *Dotson v. CHMC, et al.*<br>BC 459326 |
| 3 | Nora Hovsepian, Esq. |
| 4 | LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Boulevard, Suite 910<br>Encino, CA 91436 |
| 5 | |
| 6 | Stephen C. Fraser, Esq.<br>John Aitelli, Esq. |
| 7 | FONDA & FRASER LLP<br>100 W. Broadway, Ste. 650<br>Glendale, CA 91210-1201 |
| 8 | |
| 9 | Robert L. McKenna, III, Esq.<br>Esther S. Won, Esq. |
| 10 | CARROLL, KELLY, TROTTER,<br>    FRANZEN & McKENNA |
| 11 | 111 W. Ocean Blvd., 14th Floor<br>PO Box 22636 |
| 12 | Long Beach, CA 90801-5636 |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ROBERT L. McKENNA III/ESTHER S. WON<br>CARROLL, KELLY, TROTTER, FRANZEN & McKENNA<br>Post Office Box 22636<br>Long Beach, CA 90802-5636<br>TELEPHONE NO.: (562) 432-5855   FAX NO. *(Optional)*: (562) 432-8785<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Defendants, TILLEY, M.D./SANTOSO, M.D | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON

DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):* [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000)   [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | BC459326 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: February 29, 2012   Time: 8:30 a.m.   Dept.: 55   Div.:   Room:
Address of court *(if different from the address above)*:

[ ] Notice of Intent to Appear by Telephone, by *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name)*: Defendants, IAN B. TILLEY, M.D. and PAULUS L. SANTOSO, M.D.
   b. [ ] This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint   [ ] cross-complaint   *(Describe, including causes of action)*:
      Medical Malpractice

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al. | BC459326 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

    Please see plaintiff's statement.

    ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**

    The party or parties request  ☒ a jury trial  ☐ a nonjury trial.  *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
    a.  ☐  The trial has been set for *(date):*
    b.  ☒  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

    c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
    Please see attached.

7.  **Estimated length of trial**
    The party or parties estimate that the trial will take *(check one):*
    a.  ☒  days *(specify number):* 7-10
    b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
    The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
    a.  Attorney:
    b.  Firm:
    c.  Address:
    d.  Telephone number:         f.  Fax number:
    e.  E-mail address:         g.  Party represented:
    ☐  Additional representation is described in Attachment 8.

9.  **Preference**
    ☐  This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

    a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1)  For parties represented by counsel: Counsel  ☒ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2)  For self-represented parties: Party  ☐ has  ☐ has not  reviewed the ADR information package identified in rule 3.221.

    b.  **Referral to judicial arbitration or civil action mediation** (if available).

    (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3)  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al. | BC459326 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | [X] | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify):<br>Pro Bono Mediation | [X] | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al. | BC459326 |

**11. Insurance**

a. [X] Insurance carrier, if any, for party filing this statement *(name):* Norcal Mutual Insurance Company

b. Reservation of rights: [ ] Yes  [X] No

c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

[ ] Bankruptcy  [ ] Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. [ ] There are companion, underlying, or related cases.

   (1) Name of case:

   (2) Name of court:

   (3) Case number:

   (4) Status:

[ ] Additional cases are described in Attachment 13a.

b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

**14. Bifurcation**

[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Discovery Motions (if necessary); Motion for Summary Judgment; Motions in Limine.

**16. Discovery**

a. [ ] The party or parties have completed all discovery.

b. [X] The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendants, IAN B. TILLEY, M.D. and PAULUS L. SANTOSO, M.D. | Deposition of Plaintiff | June 2012 |
| Defendants, IAN B. TILLEY, M.D. and PAULUS L. SANTOSO, M.D. | Written Discovery | July 2012 |
| Defendants, IAN B. TILLEY, M.D. and PAULUS L. SANTOSO, M.D. | Pre-Trial Discovery and Expert Depositions | Per Code |

c. [ ] The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al. | BC459326 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* 2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: February 8 , 2012

ESTHER S. WON, ESQ.
_____
(TYPE OR PRINT NAME)

▶ *Monsinac*
_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶
_____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

| SHORT TITLE: Dotson v. Tilley / Santoso | CASE NUMBER: BC459326 |
|---|---|

## CASE MANAGEMENT STATEMENT *(Continued)*

**Attachment 6c**

| Date | Reason for Unavailability |
|---|---|
| 2/12/12 | McDannel v. Saddleback Memorial, OCSC, Dept C14, Trial |
| 3/12/12 | Sasso v. CVS, LASC/Chatsworth, Dept. F50, Trial |
| 5/1/12 | Garcia v. Skaggs, LASC/Central, Dept. 47, Trial |
| 5/11/12 | Schultz v. Alvarado Hospital, SDSC/Hall of Justice, Dept. C66, Trial |
| 3/26/12 | Gjonbalaj v. Vogel, OCSC/Santa Ana, Dept. C33, Trial |
| 5/14/12 | Ochoa v. Christides, OCSC/Santa Ana, Dept.23, Trial |
| 6/4/12 | Rizo-Patron (Melton) v. Tammelin/Mission Internal, OCSC/Santa Ana, Dept. C27, Trial |
| 6/4/12 | Griffin v. McKenzie, Dist. Court/Nevada, Dept. 12, Pre-Trial Conference |
| 6/15/12 - 6/29/12 | Prepaid Vacation |
| 6/18/12 | Griffin v. McKenzie, Dist. Court/Nevada, Dept. 12, Calendar Call |
| 7/6/12 | Avetov v. Alvarado Hospital, SDSC/Hall of Justice, Dept. C64, Trial |
| 7/9/12 | Mednikov v. Defren, LASC/Santa Monica, Dept. I, Trial |
| 7/9/12 | Walker v. CVS Pharmacy, Dist. Court/Nevada, Dept. V, Pre-Trial Conference |
| 7/16/12 | Griffin v. McKenzie, Dist. Court/Nevada, Dept. 12, Trial |
| 7/23/12 | Cushing (Pina) v. How, SBSC/San Bernardino, Dept. 32, Trial |
| 7/23/12 | Codding v. DISC Sports and Spine Center, LASC/Santa Monica, Dept. M, Trial |
| 725/12 | Walker v. CVS Pharmacy, Dist. Court/Nevada, Dept. V, Calendar Call |
| 7/30/12 | Walker v. CVS, Dist. Court/Nevada, Dept. V, Trial |
| 8/13/12 | Ryan v. Kashfian, LASC/Van Nuys, Dept. B, Trial |
| 8/15/12 | Rossi v. Desert View Regional Med Ctr, Dist. Court/Nevada, Dept. 20, Calendar Call |
| 8/15/12 - 8/19/12 | Prepaid Vacation |
| 9/4/12 | Rossi v. Desert View Regional Med Ctr, Dist. Court/Nevada, Dept. 20, Trial |
| 9/6/12 | Audenreid v. Longs Drug Stores, Washoe County/Nevada, Dept. 8, Pre-Trial Conference |
| 9/12/12 | Jones v. St. Mary Medical Center, LASC/Central, Dept. 54, Trial |
| 9/24/12 | Campuzano v. Bengtsson, Ventura Superior, Dept. 42, Trial |

| SHORT TITLE: Dotson v. Tilley / Santoso | CASE NUMBER: BC459326 |
|---|---|

**CASE MANAGEMENT STATEMENT** *(Continued)*

| Date | Reason for Unavailability |
|---|---|
| 9/25/12 | Angulo v. Chan, LASC/Torrance, Dept. M, Trial |
| 10/8/12 | Audenreid v. Longs Drug Stores, Washoe County/Nevada, Dept. 8, Trial |
| 10/09/12 | Wieten v. Duffy/Cotright, LASC/Torrance, Dept. 11, Trial |
| 10/16/12 & 10/17/12 | Flynn v. Rutledge, Binding Arbitration, Las Vegas/Nevada |
| 11/1/12 | King v. Warm Springs Road CVS, LLC, Dist. Court/Nevada, Dept. 26, Pre-Trial Conference |
| 11/15/12 | King v. Warm Springs Road CVS, LLC, Dist. Court/Nevada, Dept. 26, Calendar Call |
| 11/19/12 | King v. Warm Springs Road CVS, LLC, Dist. Court/Nevada, Dept. 26, Trial |
| 12/9/12 | Roux v. CVS, Dist. Court/Nevada, Dept. 5, Pre-Trial Conference |
| 12/10/12 | Fundamisky v. Deirmenjian, LASC/Santa Monica, Dept. M, Trial |
| 12/14/12 | Johnson v. Shaub, LASC/Torrance, Dept. M, Trial |
| 12/20/12 | Roux v. CVS, Dist. Court/Nevada, Dept. 5, Calendar Call |
| 4/22/13 | Pacelli v. St. Rose Dominican Hospital/Siena Campus, Dist. Court/Nevada, Dept. 24, Trial |
| 1/2/14 | Roux v. CVS, Dist. Court/Nevada, Dept. 5, Trial |

28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43

1

## PROOF OF SERVICE

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3        I am employed in the County of Los Angeles, State of California. I am over the age of
4   18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th
    Floor, Long Beach, CA 90802-4646. On February 14, 2012, I served a true and correct copy of
    the following document(s) on the attached list of interested parties:

5

6                              CASE MANAGEMENT STATEMENT

7   (X)   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed
          envelope or package to each addressee. I placed the envelope for collection and mailing,
          following our ordinary business practices. I am readily familiar with the firm's practice
8         for collecting and processing correspondence for mailing.  On the same day that
          correspondence is placed for collection and mailing, it is deposited in the ordinary course
9         of business with the United States Postal Service, with postage fully prepaid.

10  ( )   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said
          document(s) in a sealed envelope or package provided by an overnight delivery carrier
11        to each addressee. I placed the envelope or package, delivery fees paid for, for collection
          and overnight delivery at an office or at a regularly utilized drop box maintained by the
12        express service carrier at 111 West Ocean Boulevard, Long Beach, California.

13  ( )   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to
          accept service by fax transmission, I faxed said document(s) to each addressee's fax
14        number. The facsimile machine that I utilized, (562) 432-8785, complied with California
          Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to
15        Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of
          which is attached to the original of this proof of service.

16  ( )   **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to
17        each addressee. I provided them to a professional messenger service (Signal Attorney
          Service) for service. An original proof of service by messenger will be filed pursuant to
18        California *Rules of Court*, Rule 3.1300(c).

19        I declare under penalty of perjury under the laws of the State of California and of the
20  United States that the foregoing is true and correct.

21        Executed on February 14, 2012, at Long Beach, California.

22

23                                            Sarah Heller

24

25

26

27

28

                                             1

1    Proof of Service Mailing List
     Re:    Dotson v. Tilley/Santoso; Case No. BC459326

2

3    Nora Hovsepian, Esq.                                          06-2985-02
     Law Offices of Nora Hovsepian
4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436
5    **Attorneys for Plaintiff**

6    Stephen C. Fraser, Esq.                                       06-2985-02
     John Aitelli, Esq.
7    Fonda & Fraser LLP
     100 W. Broadway, Suite 650
8    Glendale, CA 91210-1201
     **Attorneys for Defendants, California Hospital Medical Center and Carla Ann Toms, M.D.**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E:\06\2985-02\PLD\POS - CMC STMT.wpd                            CASE MANAGEMENT STATEMENT

NOTICE SENT TO:

Hovsepian, Nora
Law Offices of Nora Hovsepian
16133 Ventura Boulevard, Suite 910
Encino                CA  91436

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 11 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| SHIRLEY LORRAINE DOTSON ET AL | CASE NUMBER |
|---|---|
| Plaintiff(s), | BC459326 |
| VS. | |
| CALIFORNIA HOSPITAL MEDICAL | NOTICE OF CASE |
| Defendant(s). | MANAGEMENT CONFERENCE |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/
attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for February 29, 2012 at 8:30 am in Dept. 55
at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE
                          DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form #
CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement
may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the
case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order
establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the
case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay
Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case
Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections
177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date:  January 11, 2012

M. H. MACKEY
_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein,
and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[✓] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a
      separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[ ] by personally giving the party notice upon filing the complaint.

Date:  January 11, 2012

John A. Clarke, Executive Officer/Clerk

by _____, Deputy Clerk

Cal. Rules of Court, rule 3.720-3.730
LASC Local Rules, Chapter Seven

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

01-13-12

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Nora Hovsepian, Esq.    Bar No.: 140402 LAW OFFICES OF NORA HOVSEPIAN 16133 Ventura Blvd., Suite 910 Encino, CA 91436 TELEPHONE NO.: (818) 785-5858 E-MAIL ADDRESS (Optional):                    FAX NO. (Optional): (818) 785-5558 ATTORNEY FOR (Name): Plaintiff: Shirley Dotson | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

PETITIONER/PLAINTIFF: SHIRLEY LORRAINE DOTSON

RESPONDENT/DEFENDANT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER: BC 459326 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 16133 Ventura Blvd., Suite 910, Encino, CA 91436

3. On (date): January 13, 2012 I mailed from (city and state): Encino, California
   the following documents (specify):
   NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER FOR PLAINTIFF TO GIVE NOTICE

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and (check one):
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served:
   b. **Address** of person served:

   ☒ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 13, 2012

Marti van Yperen
_____                    ▶ _____
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)              (SIGNATURE OF PERSON COMPLETING THIS FORM)

| Form Approved for Optional Use Judicial Council of California POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a www.courtinfo.ca.gov LexisNexis® Automated California Judicial Council Forms |

POS-030(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| ASHJIAN vs. CENTER BMW, ET AL. | LC 081992 |

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:

| Name of Person Served | Address (number, street, city, and zip code) |
|---|---|
| John Aitelli, Esq.<br>FONDA & FRASER, LLP | 100 W. Broadway, Suite 650<br>Glendale, CA 91201 |
| Mike Martinez, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH | 221 N. Figueroa Street, Suite 1200<br>Los Angeles, CA 90012 |
| Robert L. McKenna III, Esq.<br>CARROLL KELLY TROTTER FRANZEN &<br>McKENNA | 111 W. Ocean Blvd., 14th Floor<br>Long Beach, CA 90801 |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(PERSONS SERVED)**
**(Proof of Service)**

Page 1 of 1

*LexisNexis® Automated California Judicial Council Forms*



1 | **FONDA & FRASER, LLP**
Stephen C. Fraser, State Bar No. 152746
2 | John Aitelli, State Bar No. 122390
100 West Broadway, Suite 650
3 | Glendale, California 91210-1201
Telephone: (818) 543-1380
4 | Facsimile: (818) 543-1389
E-Mail: sfraser@fondafraserlaw.com
5 |
Attorneys for Defendant
6 | CATHOLIC HEALTHCARE WEST dba
CALIFORNIA HOSPITAL MEDICAL
7 | CENTER and CARLA ANN TOMS, M.D.
(OPT069)
8 |

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF LOS ANGELES

11 |

12 | SHIRLEY LORRAINE DOTSON AND     ) Case No. BC459326
CURTIS CALLOWAY,                          )
13 |                                                        )  Assigned for All Purposes To:
                Plaintiffs,                       )  Hon. Malcolm H. Mackey
14 |                                                        )  Dept:   "55"
        vs.                                              )
15 |                                                        ) **NOTICE OF SETTLEMENT**
CALIFORNIA HOSPITAL MEDICAL       ) **(C.C.P. Section 877.6(a)(2))**
16 | CENTER, CARLA ANN TOMS, M.D.,       )
EDWARD PAKORN TANGCHITNOB, M.D., )  Complaint Filed:  April 11, 2011
17 | PAULUS LIEM SANTOSO, M.D., IAN BRENT )  Trial Date:  None Set
TILLEY, M.D., TRACY DIONNE ROBINSON, )
18 | M.D., and DOES 1 - 20, inclusive,        )
                                                        )
19 |                Defendants.                   )
                                                        )
20 |

21 |        TO THE COURT AND TO ALL PARTIES HEREIN AND TO THEIR RESPECTIVE

22 | ATTORNEYS OF RECORD:

23 |        PLEASE TAKE NOTICE that plaintiff SHIRLEY LORRAINE DOTSON has entered into

24 | a settlement with defendant CARLA ANN TOMS, M.D. and that this defendant will apply to the

25 | Court for determination of the "good faith" of such settlement in accordance with the provisions of

26 | Code of Civil Procedure Section 877.6(a)(2).  True and correct copies of the Application and

27 | ///

28 | ///

**FONDA &**
**RASER LLP**
orneys at Law

-1-
NOTICE OF SETTLEMENT (C.C.P. Section 877.6(a)(2))

5180679.1

1   Proposed Order thereon are attached hereto and marked, respectively, as Exhibits "A" and "B", and

2   are served and filed herewith.

3   Dated: December 8, 2011                    FONDA & FRASER, LLP

4

5                                              By: _____

6                                                  STEPHEN C. FRASER
                                                   JOHN AITELLI
7                                                  Attorneys for Defendants
                                                   CATHOLIC HEALTHCARE WEST dba
8                                                  CALIFORNIA HOSPITAL MEDICAL
                                                   CENTER and CARLA ANN TOMS, M.D.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

On December 8, 2011, I served the within document(s) described as:

*NOTICE OF SETTLEMENT (C.C.P. Section 877.6(a)(2))*

on the interested parties in this action as stated on the attached mailing list.

[X]   **(BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list *via Certified Mail, Return Receipt Requested*.  I placed each such envelope for collection and mailing following ordinary business practices.  I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing.  Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 8, 2011, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Michelle M. Chavez**
(Type or print name)                                    (Signature)

ONDA &
ASER LLP
rneys at Law
5180679.1

1

## SERVICE LIST

2

3  *Attorneys for Plaintiffs*

4  Nora Hovsepian, Esq.
   LAW OFFICES OF NORA HOVSEPIAN
5  16133 Ventura Blvd., Suite 901
   Encino, CA  91436
6  Tel. (818) 785-5858
   Fax (818) 785-5558
7

8  *Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.*

9  Mike Martinez, Esq.
   Michael A. Dembicer, Esq.
10 LEWIS BRISBOIS BISGAARD & SMITH LLP
   221 N. Figueroa St., Suite 1200
11 Los Angeles, California 90012
   Tel. (213) 250-1800
12 Fax (213) 250-7900

13
   *Attorneys for Defendants, Ian Brent Tilley, M.D. and*
14 *Paulus Liem Santoso, M.D.*

15 Robert L. McKenna, Esq.
   Esther S. Won, Esq.
16 CARROLL, KELLY, TROTTER,
     FRANZEN & McKENNA
17 111 W. Ocean Boulevard, 14th Floor
   Post Office Box 22636
18 Long Beach, CA 90801-5636
   Tel. (562) 432-5855
19 Fax (562) 432-8785

20

21

22

23

24

25

26

27

28

FONDA &
LASER LLP
rneys at Law

-4-

5180679.1

1

2

3

4

5

6

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **COUNTY OF LOS ANGELES**

10

11 SHIRLEY LORRAINE DOTSON AND     ) Case No. BC459326
    CURTIS CALLOWAY,                       )

12                                 ) Assigned for All Purposes To:
           Plaintiff,               ) Hon. Malcolm H. Mackey

13                                 ) Dept:   "55"
          vs.                      )

14                                 ) **[PROPOSED] ORDER ON APPLICATION**
   CALIFORNIA HOSPITAL MEDICAL      ) **FOR DETERMINATION OF GOOD**

15 CENTER, CARLA ANN TOMS, M.D.,    ) **FAITH SETTLEMENT PURSUANT TO**
   EDWARD PAKORN TANGCHITNOB, M.D., ) **CALIFORNIA CODE OF CIVIL**

16 PAULUS LIEM SANTOSO, M.D., IAN BRENT ) **PROCEDURE § 877.6(a)(2)**
   TILLEY, M.D., TRACY DIONNE ROBINSON, )

17 M.D., and DOES 1 - 20, inclusive,        )
                                ) Complaint Filed:    April 11, 2011

18           Defendants.           ) Trial Date:  None Set
                                  )

19                                   )

20                                   )

21

22      The application of defendant CARLA ANN TOMS, M.D. for a determination of good faith

23 settlement pursuant to <u>California Code of Civil Procedure</u> §  877.6(a)(2), having been served by

24 certified mail, return receipt requested, on all interested parties on December 8, 2011, along with

25 the Notice of Settlement and this Proposed Order; no motion to contest the good faith of the

26 settlement having been filed by any of the interested parties within twenty-five (25) days since the

27 service of this application on all interested parties; and based on the information contained within

28 ///

FONDA &
RASER LLP
orneys at Law

[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)

5180671.1

1   the Application for Determination of Good Faith Settlement and the attached Declaration of John

2   Aitelli, and good cause appearing therefore:

3          IT IS HEREBY ORDERED, DECREED AND ADJUDGED THAT.

4          1.      The settlement between plaintiff SHIRLEY LORRAINE DOTSON and defendant

5   CARLA ANN TOMS, M.D. is entered into in "good faith" within the meaning of California Code

6   of Civil Procedure §§ 877 and 877.6;

7

8          2.      Any action for equitable or comparative contribution, or partial or comparative

9   indemnity based on comparative negligence and comparative fault by defendant CARLA ANN

10  TOMS, M.D. or any other joint tortfeasors or co-obligors in the above-entitled matter are hereby

11  barred forever.

12         IT IS SO ORDERED.

13

14

15  Dated:

16                                          _____

17                                          JUDGE OF THE SUPERIOR COURT

18

19

20

21

22

23

24

25

26

27

28

FONDA &
RASER LLP
orneys at Law
5180671.1

-2-
[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

On December 8, 2011, I served the within document(s) described as:

***[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)***

on the interested parties in this action as stated on the attached mailing list.

[X]   **(BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list ***via Certified Mail, Return Receipt Requested.*** I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 8, 2011, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Michelle M. Chavez**
(Type or print name)                                          (Signature)

FONDA &
RASER LLP
orneys at Law

5180671.1

-3-
[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)

# SERVICE LIST

*Attorneys for Plaintiffs*

Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Blvd., Suite 901
Encino, CA 91436
Tel. (818) 785-5858
Fax (818) 785-5558

*Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.*

Mike Martinez, Esq.
Michael A. Dembicer, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N. Figueroa St., Suite 1200
Los Angeles, California 90012
Tel. (213) 250-1800
Fax (213) 250-7900

*Attorneys for Defendants, Ian Brent Tilley, M.D. and*
*Paulus Liem Santoso, M.D.*

Robert L. McKenna, Esq.
Esther S. Won, Esq.
CARROLL, KELLY, TROTTER,
  FRANZEN & McKENNA
111 W. Ocean Boulevard, 14th Floor
Post Office Box 22636
Long Beach, CA 90801-5636
Tel. (562) 432-5855
Fax (562) 432-8785

[PROPOSED] ORDER ON APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT
PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 877.6(a)(2)

5180671.1

FONDA &
LASER LLP
Attorneys at Law

RUMIESH
jerome

1  **FONDA & FRASER, LLP**
   Stephen C. Fraser, State Bar No. 152746
2  John Aitelli, State Bar No. 122390
   100 West Broadway, Suite 650
3  Glendale, California 91210-1201
   Telephone: (818) 543-1380
4  Facsimile: (818) 543-1389
   E-Mail: sfraser@fondafraserlaw.com
5
   Attorneys for Defendants
6  CATHOLIC HEALTHCARE WEST dba
   CALIFORNIA HOSPITAL MEDICAL
7  CENTER and CARLA ANN TOMS, M.D.
   (OPT069)
8

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **COUNTY OF LOS ANGELES**

11

12  SHIRLEY LORRAINE DOTSON AND ·      ) Case No. BC459326
    CURTIS CALLOWAY,                   )
13                                     ) Assigned for All Purposes To:
                 Plaintiff,            ) Hon. Malcolm H. Mackey
14                                     ) Dept: "55"
           vs.                         )
15                                     ) **APPLICATION FOR DETERMINATION**
    CALIFORNIA HOSPITAL MEDICAL        ) **OF GOOD FAITH SETTLEMENT;**
16  CENTER, CARLA ANN TOMS, M.D.,      ) **DECLARATION OF JOHN AITELLI**
    EDWARD PAKORN TANGCHITNOB, M.D.,   )
17  PAULUS LIEM SANTOSO, M.D., IAN BRENT )
    TILLEY, M.D., TRACY DIONNE ROBINSON, ) Complaint Filed:    April 11, 2011
18  M.D., and DOES 1 - 20, inclusive,  ) Trial Date:  None Set
                                       )
19               Defendants.           )
                                       )
20

21          TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES

22  HEREIN THROUGH THEIR RESPECTIVE ATTORNEYS OF RECORD:

23          PLEASE TAKE NOTICE that defendant CARLA ANN TOMS, M.D. hereby applies to this

24  Court in accordance with the provisions of California Code of Civil Procedure § 877.6(a)(2) for a

25  determination that the settlement described below was entered into in good faith.

26  ///

27  ///

28  ///

                                       -1-
FONDA &              APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
RASER LLP                     DECLARATION OF JOHN AITELLI
orneys at Law
5180662.1

1   **1.     SETTLING PARTIES**

2       The parties to the settlement are plaintiff SHIRLEY LORRAINE DOTSON and defendant

3   CARLA ANN TOMS, M.D.

4   **2.     BASIS OF SETTLEMENT**

5       The basis of this settlement is contested liability, and without liability being admitted

6   expressly or indirectly by way of this settlement, but rather in the interest of judicial economy and

7   by way of economic settlement only.

8   **3.     TERMS AND SETTLEMENT AMOUNT**

9       Despite the fact that CARLA ANN TOMS, M.D. contends that she has no liability exposure

10  in this case, she is still agreeable to waiving her recoverable litigation costs along with her potential

11  malicious prosecution rights against plaintiff SHIRLEY LORRAINE DOTSON and her attorney

12  for initiating this lawsuit.

13      A waiver of costs alone has been held to be adequate consideration in support of a judicial

14  finding that a settlement was entered into in "good faith." (See <u>Armstrong World Industries v.</u>

15  <u>Superior Court</u> (1989) 215 Cal.App.3d 915.)

16  **4.     BASIS OF ACTION**

17      This is a medical malpractice action against multiple defendants in which plaintiff alleges

18  that she was provided negligent care and treatment resulting in the death of her fetus on or about

19  January 13, 2010.

20      This Application is also based on the facts stated in the Declaration of John Aitelli which is

21  set forth below and incorporated herein by this reference as if set forth in full and complete detail.

22  Dated: December _8_, 2011              FONDA & FRASER, LLP

23

24                                        By: _____

25                                            STEPHEN C. FRASER
                                             JOHN AITELLI
26                                           Attorneys for Defendants
                                             CATHOLIC HEALTHCARE WEST dba
27                                           CALIFORNIA HOSPITAL MEDICAL CENTER
                                             and CARLA ANN TOMS, M.D.
28

FONDA &
RASER LLP
lorneys at Law

-2-
APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
DECLARATION OF JOHN AITELLI

5180662.1

## DECLARATION OF JOHN AITELLI

I, JOHN AITELLI, do declare and state as follows:

1.    1 am an attorney duly licensed to practice in all courts of the State of California and am an associate in the law firm of Fonda & Fraser LLP, attorneys of record for defendants herein CATHOLIC HEALTHCARE WEST dba CALIFORNIA HOSPITAL MEDICAL CENTER and CARLA ANN TOMS, M.D.   If called as a witness in this matter, I could and would competently testify to the truth of the following facts which are personally known to me.

2.    I submit this declaration in support of CARLA ANN TOMS, M.D.'s application for a judicial determination that the settlement herein described is one entered into in "good faith" under the provisions of California Code of Civil Procedure § 877.6.

3.    CARLA ANN TOMS, M.D. contends that she has no liability exposure in this case. Notwithstanding, she is agreeable to waiving her recoverable litigation costs along with any potential malicious prosecution rights she may hold against plaintiff in exchange for a dismissal with prejudice.

4.    Following significant discovery and out-of-court negotiations between CARLA ANN TOMS, MD. and plaintiff SHIRLEY LORRAINE DOTSON, a settlement was entered into on or about December 2, 2011. The basis and terms of the settlement and the settlement amount are as stated in the foregoing application which is incorporated herein by this reference. There was no fraud or collusion in connection with this settlement that was made in good faith and at arm's length between the settling parties.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _8th_ day of December, 2011, in the City of Glendale, County of Los Angeles, State of California.

JOHN AITELLI, Declarant

FONDA &
RASER LLP
orneys at Law

-3-
APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
DECLARATION OF JOHN AITELLI

5180662.1

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

On December 8, 2011, I served the within document(s) described as:

*APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT; DECLARATION OF JOHN AITELLI*

on the interested parties in this action as stated on the attached mailing list.

[X] **(BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED)** By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list *via Certified Mail, Return Receipt Requested*. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 8, 2011, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Michelle M. Chavez**
_____
(Type or print name)

_____
(Signature)

FONDA &
RASER LLP
orneys at Law

-4-
APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
DECLARATION OF JOHN AITELLI

5180662.1

1

## SERVICE LIST

2

3 *Attorneys for Plaintiffs*

4 Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
5 16133 Ventura Blvd., Suite 901
Encino, CA 91436
6 Tel. (818) 785-5858
Fax (818) 785-5558

7

8 *Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.*

9 Mike Martinez, Esq.
Michael A. Dembicer, Esq.
10 LEWIS BRISBOIS BISGAARD & SMITH LLP
221 N. Figueroa St., Suite 1200
11 Los Angeles, California 90012
Tel. (213) 250-1800
12 Fax (213) 250-7900

13

14 *Attorneys for Defendants, Ian Brent Tilley, M.D. and Paulus Liem Santoso, M.D.*

15 Robert L. McKenna, Esq.
Esther S. Won, Esq.
16 CARROLL, KELLY, TROTTER,
  FRANZEN & McKENNA
17 111 W. Ocean Boulevard, 14th Floor
Post Office Box 22636
18 Long Beach, CA 90801-5636
Tel. (562) 432-5855
19 Fax (562) 432-8785

20

21

22

23

24

25

26

27

28

FONDA &
RASER LLP
orneys at Law

5180662.1

APPLICATION FOR DETERMINATION OF GOOD FAITH SETTLEMENT;
DECLARATION OF JOHN AITELLI

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   MIKE MARTINEZ, SB# 143484
2    E-Mail: mikemartinez@lbbslaw.com
   MICHAEL A. DEMBICER, SB# 150338
3    E-Mail: dembicer@lbbslaw.com
   HILDEGARDE B. AGUINALDO, SB# 270681
4    E-Mail: aguinaldo@lbbslaw.com
   221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
   Telephone: (213) 250-1800
6  Facsimile: (213) 250-7900

7  Attorneys for Defendant
   CEDARS-SINAI MEDICAL CENTER
8  (sued and served as DOE 1)

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      COUNTY OF LOS ANGELES

11  SHIRLEY LORRAINE DOTSON,        ) CASE NO. BC459326
                                    )
12           Plaintiff,             ) **JURY DEMAND OF DEFENDANT**
                                    ) **CEDARS-SINAI MEDICAL CENTER**
13      v.                          )
                                    ) The Hon. Malcolm H. Mackey
14  CALIFORNIA HOSPITAL MEDICAL     ) Dept. 55
    CENTER, CARLA ANN TOMS, M.D.,   )
15  EDWARD PAKORN TANGCHITNOB, M.D., ) ACTION FILED:        4-11-2011
    PAULUS LIEM SANTOSO, M.D., IAN  )
16  BRENT TILLEY, M.D., TRACY DIONNE )
    ROBINSON, M.D., and DOES 1-20, inclusive, )
17                                  )
             Defendants.            )
18  _____ )

19  TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE that a jury is demanded by defendant, CEDARS-SINAI MEDICAL

21  CENTER, sued and served as DOE 1, (hereinafter to as "CSMC"), in the trial of this action.

22  DATED:  October 7, 2011          MIKE MARTINEZ
                                     MICHAEL A. DEMBICER
23                                   LEWIS BRISBOIS BISGAARD & SMITH LLP

24

25

26                                   By _____
                                        Michael Dembicer
27                                      Attorneys for Defendant
                                        CEDARS-SINAI MEDICAL CENTER (sued and
28                                      served as DOE 1)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4813-7801-7803.1                        -1-

**CALIFORNIA STATE COURT PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

On October 7, 2011, I served the following document(s): **JURY DEMAND OF DEFENDANT CEDARS-SINAI MEDICAL CENTER**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Boulevard, Suite 910
Encino, CA 91436

Stephen C. Fraser, Esq.
John Aitelli, Esq.
FONDA & FRASER LLP
100 W. Broadway, Ste. 650
Glendale, CA 91210-1201

Robert L. McKenna, III, Esq.
Esther S. Won, Esq.
CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
111 W. Ocean Blvd., 14th Floor
PO Box 22636
Long Beach, CA 90801-5636

The documents were served by the following means:

[X]   (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing correspondence for mailing.  Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 7, 2011, at Los Angeles, California.

_____
Beverly Vasquez

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4813-7801-7803.1

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
MIKE MARTINEZ, SB# 143484
2   E-Mail: mikemartinez@lbbslaw.com
MICHAEL A. DEMBICER, SB# 150338
3   E-Mail: dembicer@lbbslaw.com
HILDEGARDE B. AGUINALDO, SB# 270681
4   E-Mail: aguinaldo@lbbslaw.com
221 North Figueroa Street, Suite 1200
5  Los Angeles, California 90012
Telephone: (213) 250-1800
6  Facsimile: (213) 250-7900

7  Attorneys for Defendant
CEDARS-SINAI MEDICAL CENTER
8  (sued and served as DOE 1)

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                     COUNTY OF LOS ANGELES

11  SHIRLEY LORRAINE DOTSON,        ) CASE NO. BC459326
                                    )
12          Plaintiff,              ) **ANSWER OF DEFENDANT CEDARS-**
                                    ) **SINAI MEDICAL CENTER, TO**
13       v.                         ) **PLAINTIFF'S FIRST AMENDED**
                                    ) **COMPLAINT**
14  CALIFORNIA HOSPITAL MEDICAL     )
    CENTER, CARLA ANN TOMS, M.D.,   ) The Hon. Malcolm H. Mackey
15  EDWARD PAKORN TANGCHITNOB, M.D.,) Dept. 55
    PAULUS LIEM SANTOSO, M.D., IAN  )
16  BRENT TILLEY, M.D., TRACY DIONNE) ACTION FILED:      4-11-2011
    ROBINSON, M.D., and DOES 1-20, inclusive, )
17                                  )
            Defendants.             )
18  _____  )

19       Defendant, CEDARS-SINAI MEDICAL CENTER (sued and served as DOE 1, and hereinafter

20  referred to as "CSMC"), answering the first amended complaint, admits, denies, and alleges as follows:

21       1.     Under the provisions of Code of Civil Procedure section 431.30(d), defendant denies,

22  generally and specifically, each allegation of the first amended complaint; defendant further denies that

23  plaintiff has sustained damages resulting from any wrongful act or omission of defendant or any of his

24  agents or employees.

25                     FIRST AFFIRMATIVE DEFENSE

26       2.     Plaintiff, at all relevant times, knew, or should have known, that plaintiff was submitting

27  to medical treatment which, because of plaintiff's existing condition, rendered plaintiff susceptible to

28  potential complication or injury, and that, by submitting to such medical treatment, plaintiff freely and

4836-0440-6795.1                        -1-
ANSWER OF DEFENDANT CEDARS-SINAI MEDICAL CENTER, TO PLAINTIFF'S FIRST AMENDED

1   expressly assumed all risks involved, and therefore is barred from any recovery against defendant.

2   SECOND AFFIRMATIVE DEFENSE

3       3.      All events relevant to the allegations of the first amended complaint were proximately

4   caused and contributed to by the legal fault of plaintiff and, if there is any recovery, such amount must

5   be reduced in proportion to the extent that plaintiff's own legal fault caused or contributed to plaintiff's

6   claimed injuries.

7   THIRD AFFIRMATIVE DEFENSE

8       4.      All events relevant to the allegations of the first amended complaint were proximately

9   caused and contributed to by the legal fault of persons or entities other than defendant and, if there is

10  a verdict in favor of plaintiff, there should be apportionment of damages according to defendant's pro

11  rata fault and, to this extent, defendant is entitled to partial indemnity from others on a comparative fault

12  basis.

13  FOURTH AFFIRMATIVE DEFENSE

14      5.      Defendant may elect to introduce evidence of any amounts paid or payable as a benefit

15  to plaintiff under Civil Code section 3333.1.

16  FIFTH AFFIRMATIVE DEFENSE

17      6.      If defendant is found liable, the damage for non-economic losses shall not exceed the

18  amount specified in Civil Code section 3333.2.

19  SIXTH AFFIRMATIVE DEFENSE

20      7.      If defendant is found liable, defendant may elect to have future damages paid in whole

21  or in part as specified in Code of Civil Procedure section 667.7.

22  SEVENTH AFFIRMATIVE DEFENSE

23      8.      The first amended complaint is barred by all applicable statutes of limitation, including

24  but not limited to Code of Civil Procedure section 340.5.

25  EIGHTH AFFIRMATIVE DEFENSE

26      9.      Defendant is immune from liability pursuant to Civil Code section 1714.8.

27  ///

28  ///

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-0440-6795.1                          -2-

ANSWER OF DEFENDANT CEDARS-SINAI MEDICAL CENTER, TO PLAINTIFF'S FIRST AMENDED

1

<u>NINTH AFFIRMATIVE DEFENSE</u>

2

10.     The first amended complaint fails to state facts sufficient to constitute any cause of

3

action against defendant.

4

<u>TENTH AFFIRMATIVE DEFENSE</u>

5

11.     If plaintiff obtains any recovery, plaintiff's counsel's fees should be in accord with

6

Business and Professions Code section 6146.

7

<u>ELEVENTH AFFIRMATIVE DEFENSE</u>

8

12.     Defendant is immune from liability under the provisions of Health & Safety Code section

9

1317.

10

<u>TWELFTH AFFIRMATIVE DEFENSE</u>

11

13.     If plaintiff suffered any injury or damages by reason of any act or omission on the part

12

of defendant, defendant is immune from liability for such injury or damages under the applicable Good

13

Samaritan statutes, including, but not limited to, Business and Professions Code sections 2395, 2395.5,

14

and 2396, and Health and Safety Code section 1799.102.

15

WHEREFORE, defendant CSMC, prays that plaintiff take nothing by the first amended

16

complaint, that defendant be dismissed with costs of suit, and that the Court grant other relief it finds

17

just and proper.

18

DATED:  October 7, 2011

MIKE MARTINEZ
MICHAEL A. DEMBICER

19

LEWIS BRISBOIS BISGAARD & SMITH LLP

20

21

22

By _____

Mike Martinez

23

Attorneys for Defendant
CEDARS-SINAI MEDICAL CENTER (sued and

24

served as DOE 1)

25

26

27

28

4836-0440-6795.1                                  -3-

ANSWER OF DEFENDANT CEDARS-SINAI MEDICAL CENTER, TO PLAINTIFF'S FIRST AMENDED

**CALIFORNIA STATE COURT PROOF OF SERVICE**
*Shirley Dotson v. California Hospital Medical Center, et al.*
*LASC Case No. BC459326 [updated 7-13-11]*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

On October 7, 2011, I served the following document(s): **ANSWER OF DEFENDANT CEDARS-SINAI MEDICAL CENTER, TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Boulevard, Suite 910
Encino, CA 91436

Stephen C. Fraser, Esq.
John Aitelli, Esq.
FONDA & FRASER LLP
100 W. Broadway, Ste. 650
Glendale, CA 91210-1201

Robert L. McKenna, III, Esq.
Esther S. Won, Esq.
CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
111 W. Ocean Blvd., 14th Floor
PO Box 22636
Long Beach, CA 90801-5636

The documents were served by the following means:

[X]  (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 7, 2011, at Los Angeles, California.

*Beverly Vasquez*
Beverly Vasquez

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP

4836-0440-6795.1                                    -4-

ANSWER OF DEFENDANT CEDARS-SINAI MEDICAL CENTER, TO PLAINTIFF'S FIRST AMENDED

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
NORA HOVSEPIAN, ESQ.   (State Bar # 140402)
LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Blvd., Suite 910
Encino, CA 91436
TELEPHONE NO.: (818) 785-5858   FAX NO. (Optional): (818) 785-5558
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff: Shirley Lorraine Dotson

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON

DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, ET AL.

REQUEST FOR DISMISSAL

[X] Personal Injury, Property Damage, or Wrongful Death
  [ ] Motor Vehicle   [X] Other
[ ] Family Law   [ ] Eminent Domain
[X] Other (specify): MEDICAL MALPRACTICE

CASE NUMBER:

BC 459326

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) [X] With prejudice   (2) [ ] Without prejudice
   b. (1) [ ] Complaint        (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                    on (date):
      (4) [ ] Cross-complaint filed by (name):                    on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):* As to Defendant EDWARD PAKORN TANGCHITNOB, M.D. only.

2. (Complete in all cases except family law cases.)
   [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: August 24, 2011

NORA HOVSEPIAN, ESQ.

(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                          (SIGNATURE)
*If dismissal requested is of specified parties only or specified causes of action     Attorney or party without attorney for:
only, or of specified cross-complaints only, so state and identify the parties,        [X] Plaintiff/Petitioner        [ ] Defendant/Respondent
causes of action, or cross-complaints to be dismissed.                                 [ ] Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)                          (SIGNATURE)
**If a cross-complaint – or Response (Family Law) seeking affirmative    Attorney or party without attorney for:
relief – is on file, the attorney for cross-complainant (respondent) must  [ ] Plaintiff/Petitioner        [ ] Defendant/Respondent
sign this consent if required by Code of Civil Procedure section 581 (i)   [ ] Cross-Complainant
or (j).

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date):
5. [ ] Dismissal entered on (date):                              as to only (name):
6. [ ] Dismissal not entered as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
       [ ] a copy to be conformed [ ] means to return conformed copy

Date:                              Clerk, by                                      , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

REQUEST FOR DISMISSAL

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

CIV-110

| PLAINTIFF/PETITIONER: DOTSON | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER | BC 459326 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name):*

2. The person in item 1 *(check one):*
   - a. ☐ is not recovering anything of value by this action.
   - b. ☐ is recovering less than $10,000 in value by this action.
   - c. ☐ is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____          ▶          _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)          (SIGNATURE)

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA     )
                           )
COUNTY OF LOS ANGELES  )

        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16133 Ventura Boulevard, Suite 910, Encino, California 91436.

        On **August 24, 2011**, I served the **REQUEST FOR DISMISSAL** on all parties in said action, by placing a true copy thereof in a sealed envelope with postage fully pre-paid in the United States mail at Encino, California, and addressed as follows:

        Stephen C. Fraser, Esq.
        John Aitelli, Esq.
        FONDA & FRASER LLP
        100 W. Broadway, Suite 650
        Glendale, CA 91210-1201
        **Attorneys for Defendants CALIFORNIA HOSPITAL MEDICAL CENTER and CARLA ANN TOMS, M.D.**

        Mike Martinez, Esq.
        Michael A. Dembicer, Esq.
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        221 N. Figueroa St., Suite 1200
        Los Angeles, CA 90012
        **Attorneys for Defendant EDWARD PAKORN TANGCHITNOB, M.D.**

        Robert L. McKenna, Esq.
        Esther S. Won, Esq.
        CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
        111 W. Ocean Boulevard, 14th Floor
        Post Office Box 22636
        Long Beach, CA 90801-5636
        **Attorneys for Defendant IAN BRENT TILLEY, M.D. and PAULUS L. SANTOSO, M.D.**

        I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this **24th** day of **August, 2011**, at Encino, California.

MARTI VAN YEEREN

CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
ROBERT L. McKENNA III (State Bar No. 166650)
ESTHER S. WON (State Bar No. 250026)
111 W. Ocean Boulevard, 14th Floor
Post Office Box 22636
Long Beach, CA 90801-5636
Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

Attorneys for Defendants, IAN BRENT TILLEY, M.D., PAULUS LIEM SANTOSO, M.D.

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

IN THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SHIRLEY LORRAINE DOTSON,<br><br>                    Plaintiff,<br><br>vs.<br><br>CALIFORNIA HOSPITAL MEDICAL CENTER, CARLA ANN TOMS, M.D., EDWARD PAKORN TANGCHITNOB, M.D., PAULUS LIEM SANTOSO, M.D., IAN BRENT TILLEY, M.D., TRACY DIONNE ROBINSON, M.D., and DOES 1-20, Inclusive,<br><br>                    Defendants. | CASE NO.  Bc459326<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE MALCOLM H. MACKEY DEPARTMENT<br><br>Complaint Filed:    April 11, 2011<br>Trial Date:            None Set<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |

COMES NOW defendant PAULUS LIEM SANTOSO, M.D., in answering plaintiff's complaint on file herein, for himself alone, and for no other defendant, admits, denies and alleges as follows:

1.     Under the provisions of Section 431.30 of the California Code of Civil Procedure, this answering defendant denies both generally and specifically each and every allegation in said complaint, and the whole thereof, including each and every purported cause of action contained therein, and denies that plaintiff has been damaged in the sum or sums alleged, or in any other sum or sums, or at all.

///

1

2.     Further answering plaintiff's complaint on file herein, and the whole thereof, including each and every purported cause of action contained therein, this answering defendant denies that plaintiff sustained any injury, damage or loss, if any, by reason of any act or omission on the part of this answering defendant, or any agent, servant, or employee of this answering defendant.

AS AND FOR A FIRST, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3.     That any injury, loss or damage purportedly sustained, if at all, by plaintiff, was directly and proximately caused by the negligence of the plaintiff, and any damages awarded to plaintiff shall be reduced in proportion to the amount of negligence attributable to the plaintiff.

AS AND FOR A SECOND, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

4.     That the liability of the persons ultimately determined to be responsible for plaintiff's injuries and losses, if any, including the plaintiff, shall be compared, and the damages, if any, awarded to plaintiff, shall be apportioned accordingly.

AS AND FOR A THIRD, SEPARATE , DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

5.     That all care, treatment and procedures rendered to and performed upon plaintiff was with the express and implied consent of said plaintiff.

AS AND FOR A FOURTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

6.     That any injury, loss or damage purportedly sustained, if at all, by plaintiff, was directly and proximately caused and contributed to by risks which were fully and actually known to plaintiff, who fully and actually appreciated the nature and scope of the hazards created thereby, and said plaintiff voluntarily assumed said risks and the potential consequences thereof.

///

///

///

2

AS AND FOR A FIFTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

7.    That plaintiff's complaint, and each purported cause of action contained therein, is barred by the provisions of Section 340.5 of the California Code of Civil Procedure.

AS AND FOR A SIXTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8.    The incident described in plaintiff's complaint, as well as the injuries, losses and damages allegedly sustained by plaintiff, were proximately caused by intervening and superseding causes and forces which were beyond the control of this answering defendant and which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen by said answering defendant.

AS AND FOR A SEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

9.    That plaintiff's complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against the answering defendant.

AS AND FOR AN EIGHTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

10.   That plaintiff is not entitled to recover general damages in any amount in excess of $250,000, pursuant to Section 3333.2 of the California Civil Code.

AS AND FOR A NINTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

11.   That this answering defendant may elect to limit and diminish plaintiff's alleged damages pursuant to Section 3333.1 of the California Civil Code.

AS AND FOR A TENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

12.   Any recovery by the plaintiff pursuant to the complaint, and each purported cause of action contained therein, is controlled by the provisions of Section 667.7 of the California Code of Civil Procedure.

3

1    AS AND FOR AN ELEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

2          DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3       13.    That this answering defendant is informed and believes, and based upon such

4 information and belief, alleges that at the time and place of the accident alleged in plaintiff's

5 complaint, plaintiff was in the scope of her employment; that at said time and place, said

6 employer had in force and effect a policy of Worker's Compensation Insurance; that plaintiff has

7 received benefits under the terms of said policy; that any injuries sustained by plaintiff were

8 proximately caused by the negligence of said employer; that any recovery in this case should be

9 reduced by the total amount of all payments made pursuant to plaintiff's claim for Worker's

10 Compensation; and that the doctrine as set forth in the case of <u>Witt v. Jackson</u>, (1961) 57 C.2d

11 57, applies herein.

12    AS AND FOR A TWELFTH, SEPARATE, DISTINCT AND AFFIRMATIVE

13          DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14       14.    That plaintiff's action is barred in that plaintiff's exclusive remedy against this

15 answering defendant is in Worker's Compensation pursuant to the California <u>Labor Code</u> (<u>Lab.</u>

16 <u>Code</u> § 3601).

17    AS AND FOR A THIRTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

18          DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

19       15.    That if plaintiff, in fact, sustained or will sustain any injuries or damages as a result

20 of any act or omission on the part of this answering defendant (which supposition is not admitted

21 by this answering defendant, but is merely stated for the purpose of this affirmative defense),

22 then plaintiff at the time and place alleged in said complaint was himself guilty of negligence

23 in failing to exercise that degree of care for her own safety and protection that ordinarily prudent

24 persons would exercise under the circumstances, and said negligence contributed as a legal cause

25 in some degree to the injuries and damages being claimed by plaintiff herein, thereby barring

26 and/or reducing plaintiff's recovery.

27 ///

28 ///

4

1    AS AND FOR A FOURTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

2         DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3         16.    That it contends that there is no basis for liability of said defendant to plaintiff.

4    However, without withdrawing that position, it alleges in the alternative that should this

5    answering defendant be found liable to plaintiff on the complaint herein, this answering

6    defendant should, in whole or in part, be indemnified by the other defendants, by those

7    responsible persons, and/or entities who would be liable to plaintiff if joined herein, according

8    to the degree of involvement or responsibility for causing loss to plaintiff; and by plaintiff to the

9    degree and extent of plaintiff's own contributory negligence or to the extent plaintiff is found to

10   assume the position of any other responsible person and/or entity with whom plaintiff has settled

11   her claims separately or in any other manner have attempted to exonerate.

12     AS AND FOR A FIFTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

13         DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14        17.    That plaintiff's complaint, and each purported cause of action contained therein,

15   is barred for failure to comply with the requirements of Section 364 of the California Code of

16   Civil Procedure.

17     AS AND FOR AN SIXTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

18         DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

19        18.    Plaintiff's prayer of punitive damages is inappropriate under Code of Civil

20   Procedure section 425.13.

21     AS AND FOR A SEVENTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

22         DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

23        19.    That at all times herein mentioned, plaintiff knew, or should have known, that

24   plaintiff was submitting herself to medical techniques, treatment and medication which, because

25   of the condition of plaintiff, rendered her susceptible to potential complications, injury, or

26   damage and that by submitting himself to such medical techniques, treatment and medication,

27   plaintiff freely, voluntarily and expressly assumed all risks attendant thereto, thereby barring

28   and/or reducing plaintiff's recovery herein.

5

AS AND FOR A EIGHTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

20.    That plaintiff's complaint, and each purported cause of action contained therein, was the result and/or cause of a natural cause or condition, or was the natural or expected result of reasonable treatment rendered for the disease or condition and thus these causes of action are barred pursuant to the provisions of Section 1714.8 of the California Civil Code.

AS AND FOR AN NINETEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

21.    That it is entitled to an offset and/or reduction and plaintiff is barred from recovering any and all amounts paid for plaintiff's alleged injuries by way of settlement or judgment of any claim, incident or lawsuit which may have contributed to the injuries referred to in the complaint, in the event this answering defendant should be found liable to plaintiff, although this supposition is denied and only stated for the purposes of this affirmative defense.

AS AND FOR AN TWENTIETH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22.    That plaintiff has failed to join all necessary parties pursuant to Code of Civil Procedure section 389.

AS AND FOR AN TWENTY-FIRST, SEPARATE, DISTINCT AND
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

23.    That plaintiff lacks the capacity to sue pursuant to Code of Civil Procedure section 430.10.

AS AND FOR AN TWENTY-SECOND, SEPARATE, DISTINCT AND
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

24.    That plaintiff's complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by Section 2395 of the California Business and Professions Code.

///

///

6

1        AS AND FOR AN TWENTY-THIRD, SEPARATE, DISTINCT AND

2        AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3        25.    That plaintiff's complaint, and each purported cause of action contained therein,

4    fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

5    Section 2396 of the California <u>Business and Professions Code</u>.

6        AS AND FOR AN TWENTY-FOURTH, SEPARATE, DISTINCT AND

7        AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8        26.    That plaintiff's complaint, and each purported cause of action contained therein,

9    fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

10   Section 2397 of the California <u>Business and Professions Code</u>.

11       AS AND FOR AN TWENTY-FIFTH, SEPARATE, DISTINCT AND

12       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13       27.    That plaintiff's damages are barred or limited by Proposition 51, as set forth in

14   Section 1430 et. seq. of the California <u>Civil Code</u>.

15       AS AND FOR AN TWENTY-SIXTH, SEPARATE, DISTINCT AND

16       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

17       28.    That plaintiff's complaint, and each purported cause of action contained therein,

18   fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

19   the doctrine of estoppel.

20       AS AND FOR AN TWENTY-SEVENTH, SEPARATE, DISTINCT AND

21       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22       29.    That plaintiff's complaint, and each purported cause of action contained therein,

23   fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

24   the doctrine of waiver.

25   ///

26   ///

27   ///

28   ///

7

1  AS AND FOR AN TWENTY-EIGHTH, SEPARATE, DISTINCT AND
2  AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:
3      30.    That plaintiff's complaint, and each purported cause of action contained therein,
4  fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by
5  the doctrine of laches.

6  AS AND FOR AN TWENTY-NINTH, SEPARATE, DISTINCT AND
7  AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:
8      31.    That plaintiff's complaint, and each purported cause of action contained therein,
9  fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by
10  the doctrine of unclean hands.

11  AS AND FOR A THIRTIETH, SEPARATE, DISTINCT AND
12  AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:
13      32.    That plaintiff's complaint, and each purported cause of action contained therein,
14  fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by
15  Section 856.4 of the California Government Code.

16  AS AND FOR A THIRTY-FIRST, SEPARATE, DISTINCT AND
17  AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:
18      33.    That the instant dispute arises from a matter covered by a binding arbitration
19  agreement between the parties, and that this answering defendant desires that this matter be
20  therefore submitted to binding arbitration in accordance with the terms of the Arbitration
21  Agreement.

22  AS AND FOR A THIRTY-SECOND, SEPARATE, DISTINCT AND
23  AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:
24      34.    That even if a reasonable person in plaintiff's position may not have consented to
25  the medical techniques, treatment, and medication provided, had they been given sufficient
26  information should the risk, plaintiff still would have consented to the procedure.
27  ///
28  ///

8

1    WHEREFORE, this answering defendant prays that plaintiff take nothing by way of her

2  complaint on file herein, that this answering defendant may be dismissed with his costs of suit

3  incurred herein, and for such other and further relief as the court may deem just and proper.

4

5  DATED: July 19, 2011                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

6

7                                          By: _____

8                                              ROBERT L. McKENNA III
                                               ESTHER S. WON
9                                              Attorneys for Defendants
                                               IAN BRENT TILLEY, M.D., and
10                                             PAULUS LIEM SANTOSO, M.D.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

ANSWER TO PLAINTIFF'S COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On July 20, 2011, I served a true and correct copy of the following document(s) on the attached list of interested parties:

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

(X)    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California *Rules of Court*, Rule 2.306, and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

     I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

     Executed on July 20, 2011, at Long Beach, California.

Sarah Heller

10

1 | Proof of Service Mailing List
Re:     Dotson v. Tilley/Santoso; Case No. BC459326

2

3 | Nora Hovsepian, Esq.                                                     06-2985-02
Law Offices of Nora Hovsepian
4 | 16133 Ventura Boulevard, Suite 910
Encino, CA 91436
5 | **Attorneys for Plaintiff**

6 | Stephen C. Fraser, Esq.                                                  06-2985-02
John Aitelli, Esq.
7 | Fonda & Fraser LLP
100 W. Broadway, Suite 650
8 | Glendale, CA 91210-1201
**Attorneys for Defendants, California Hospital Medical Center and Carla Ann Toms, M.D.**

9

10 | Mike Martinez, Esq.                                                      06-2985-02
Michael A. Dembicer, Esq.
Lewis Brisbois Bisgaard & Smith LLP
11 | 221 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012
12 | **Attorneys for Defendant, Edward Pakorn Tangchitnob, M.D.**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| NORA HOVSEPIAN, ESQ.<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Blvd., Suite 910<br>Encino, CA 91436 | 140402<br>(818) 785-5858<br>FAX NO.:<br>(818) 785-5558 | **CONFORMED COPY**<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES |

ATTORNEY FOR (Name):  Plaintiff, Shirley Lorraine Dotson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Central District, 111 N. Hill Street, Los Angeles 90012

JUL 20 2011

PLAINTIFF:
SHIRLEY LORRAINE DOTSON

John A. Clarke, Executive Officer/Clerk

DEFENDANT:
CALIFORNIA HOSPITAL MEDICAL CENTER, ET AL.

BY _____, Deputy
Glonetta Robinson

| **AMENDMENT TO COMPLAINT**<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC459326 |
|---|---|

☒ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME
CEDARS-SINAI MEDICAL CENTER

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| July 19, 2011 | NORA HOVSEPIAN | *(signature)* |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME


and having discovered the true name of the defendant to be:

TRUE NAME


amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____                    _____
Dated                                              Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | **AMENDMENT TO COMPLAINT**<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA          )
                             )
COUNTY OF LOS ANGELES        )

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 16133 Ventura Boulevard, Suite 910, Encino, California 91436.

      On **July 19, 2011**, I served the **AMENDMENT TO COMPLAINT** on all parties _____ _____ _____, __ _____ _ ____ ____ _____ in a sealed envelope with postage fully pre-paid in the United States mail at Encino, California, and addressed as follows:

    Stephen C. Fraser, Esq.
    John Aitelli, Esq.
    FONDA & FRASER LLP
    100 W. Broadway, Suite 650
    Glendale, CA 91210-1201

    Mike Martinez, Esq.
    Michael A. Dembicer, Esq.
    LEWIS BRISBOIS BISGAARD & SMITH LLP
    221 N. Figueroa St., Suite 1200
    Los Angeles, CA 90012

    Robert L. McKenna, Esq.
    Esther S. Won, Esq.
    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
    111 W. Ocean Boulevard, 14th Floor
    Post Office Box 22636
    Long Beach, CA 90801-5636

      I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this **19th** day of **July, 2011**, at Encino, California.

MARTI VAN YPEREN

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| NORA HOVSEPIAN, ESQ.<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Blvd., Suite 910<br>Encino, CA 91436 | 140402<br>(818) 785-5858<br>FAX NO.:<br>(818) 785-5558 | *scanned<br>& updated<br>C&P<br>cen- |

ATTORNEY FOR (Name): Plaintiff, Shirley Lorraine Dotson

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Central District, 111 N. Hill Street, Los Angeles 90012

PLAINTIFF:
SHIRLEY LORRAINE DOTSON

DEFENDANT:
CALIFORNIA HOSPITAL MEDICAL CENTER, ET AL.

| AMENDMENT TO COMPLAINT<br>(Fictitious /Incorrect Name) | CASE NUMBER:<br>BC459326 |
|---|---|

[X] **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME
CEDARS-SINAI MEDICAL CENTER

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| July 19, 2011 | NORA HOVSEPIAN | *[signature]* |

[ ] **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____                                    _____
Dated                                                     Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474 |
|---|---|---|

7-19-11

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA    )
                       )
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 16133 Ventura Boulevard, Suite 910, Encino, California 91436.

On **July 19, 2011**, I served the **AMENDMENT TO COMPLAINT** on all parties in said action, by placing a true copy thereof in a sealed envelope with postage fully pre-paid in the United States mail at Encino, California, and addressed as follows:

        Stephen C. Fraser, Esq.
        John Aitelli, Esq.
        FONDA & FRASER LLP
        100 W. Broadway, Suite 650
        Glendale, CA 91210-1201

        Mike Martinez, Esq.
        Michael A. Dembicer, Esq.
        LEWIS BRISBOIS BISGAARD & SMITH LLP
        221 N. Figueroa St., Suite 1200
        Los Angeles, CA 90012

        Robert L. McKenna, Esq.
        Esther S. Won, Esq.
        CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
        111 W. Ocean Boulevard, 14th Floor
        Post Office Box 22636
        Long Beach, CA 90801-5636

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this **19th** day of **July, 2011**, at Encino, California.

                        MARTI VAN YPEREN

1 | CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
ROBERT L. McKENNA III (State Bar No. 166650)
2 | ESTHER S. WON (State Bar No. 250026)
111 W. Ocean Boulevard, 14th Floor
3 | Post Office Box 22636
Long Beach, CA 90801-5636
4 | Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5 | Attorneys for Defendant, IAN BRENT TILLEY, M.D.

6

7

8 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9 | IN THE COUNTY OF LOS ANGELES

10

11 | SHIRLEY LORRAINE DOTSON,

12 |               Plaintiff,

13 | vs.

14 | CALIFORNIA HOSPITAL MEDICAL
CENTER, CARLA ANN TOMS, M.D.,
15 | EDWARD PAKORN TANGCHITNOB,
M.D., PAULUS LIEM SANTOSO, M.D.,
16 | IAN BRENT TILLEY, M.D., TRACY
DIONNE ROBINSON, M.D., and DOES 1-
17 | 20, Inclusive,

18 |               Defendants.

CASE NO.  Bc459326

ASSIGNED FOR ALL PURPOSES TO
JUDGE MALCOLM H. MACKEY
DEPARTMENT

Complaint Filed:     April 11, 2011
Trial Date:          None Set

**DEFENDANT'S ANSWER TO
PLAINTIFF'S COMPLAINT**

19

20 |         COMES NOW defendant IAN BRENT TILLEY, M.D., in answering plaintiff's

21 | complaint on file herein, for himself alone, and for no other defendant, admits, denies and

22 | alleges as follows:

23 |         1.       Under the provisions of Section 431.30 of the California <u>Code of Civil Procedure</u>,

24 | this answering defendant denies both generally and specifically each and every allegation in said

25 | complaint, and the whole thereof, including each and every purported cause of action contained

26 | therein, and denies that plaintiff has been damaged in the sum or sums alleged, or in any other

27 | sum or sums, or at all.

28 | ///

1

E:\06\2985-02\PLD\ANSWER (Tilley).wpd

ANSWER TO PLAINTIFF'S COMPLAINT

1    2.    Further answering plaintiff's complaint on file herein, and the whole thereof,

2  including each and every purported cause of action contained therein, this answering defendant

3  denies that plaintiff sustained any injury, damage or loss, if any, by reason of any act or omission

4  on the part of this answering defendant, or any agent, servant, or employee of this answering

5  defendant.

6           AS AND FOR A FIRST, SEPARATE, DISTINCT AND AFFIRMATIVE

7              DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8    3.    That any injury, loss or damage purportedly sustained, if at all, by plaintiff, was

9  directly and proximately caused by the negligence of the plaintiff, and any damages awarded to

10  plaintiff shall be reduced in proportion to the amount of negligence attributable to the plaintiff.

11          AS AND FOR A SECOND, SEPARATE, DISTINCT AND AFFIRMATIVE

12             DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13    4.    That the liability of the persons ultimately determined to be responsible for

14  plaintiff's injuries and losses, if any, including the plaintiff, shall be compared, and the damages,

15  if any, awarded to plaintiff, shall be apportioned accordingly.

16          AS AND FOR A THIRD, SEPARATE , DISTINCT AND AFFIRMATIVE

17             DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18    5.    That all care, treatment and procedures rendered to and performed upon plaintiff

19  was with the express and implied consent of said plaintiff.

20          AS AND FOR A FOURTH, SEPARATE, DISTINCT AND AFFIRMATIVE

21             DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22    6.    That any injury, loss or damage purportedly sustained, if at all, by plaintiff, was

23  directly and proximately caused and contributed to by risks which were fully and actually known

24  to plaintiff, who fully and actually appreciated the nature and scope of the hazards created

25  thereby, and said plaintiff voluntarily assumed said risks and the potential consequences thereof.

26  ///

27  ///

28  ///

2

1  AS AND FOR A FIFTH, SEPARATE, DISTINCT AND AFFIRMATIVE

2  DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3      7.      That plaintiff's complaint, and each purported cause of action contained therein,

4  is barred by the provisions of Section 340.5 of the California <u>Code of Civil Procedure</u>.

5  AS AND FOR A SIXTH, SEPARATE, DISTINCT AND AFFIRMATIVE

6  DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

7      8.      The incident described in plaintiff's complaint, as well as the injuries, losses and

8  damages allegedly sustained by plaintiff, were proximately caused by intervening and

9  superseding causes and forces which were beyond the control of this answering defendant and

10  which, in the exercise of reasonable prudence, were not and could not be anticipated or foreseen

11  by said answering defendant.

12  AS AND FOR A SEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

13  DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14      9.      That plaintiff's complaint, and each purported cause of action contained therein,

15  fails to state facts sufficient to constitute a cause of action against the answering defendant.

16  AS AND FOR AN EIGHTH, SEPARATE, DISTINCT AND AFFIRMATIVE

17  DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18      10.      That plaintiff is not entitled to recover general damages in any amount in excess

19  of $250,000, pursuant to Section 3333.2 of the California <u>Civil Code</u>.

20  AS AND FOR A NINTH, SEPARATE, DISTINCT AND AFFIRMATIVE

21  DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22      11.      That this answering defendant may elect to limit and diminish plaintiff's alleged

23  damages pursuant to Section 3333.1 of the California <u>Civil Code</u>.

24  AS AND FOR A TENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

25  DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

26      12.      Any recovery by the plaintiff pursuant to the complaint, and each purported cause

27  of action contained therein, is controlled by the provisions of Section 667.7 of the California

28  <u>Code of Civil Procedure</u>.

3

AS AND FOR AN ELEVENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13.     That this answering defendant is informed and believes, and based upon such information and belief, alleges that at the time and place of the accident alleged in plaintiff's complaint, plaintiff was in the scope of her employment; that at said time and place, said employer had in force and effect a policy of Worker's Compensation Insurance; that plaintiff has received benefits under the terms of said policy; that any injuries sustained by plaintiff were proximately caused by the negligence of said employer; that any recovery in this case should be reduced by the total amount of all payments made pursuant to plaintiff's claim for Worker's Compensation; and that the doctrine as set forth in the case of Witt v. Jackson, (1961) 57 C.2d 57, applies herein.

AS AND FOR A TWELFTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

14.     That plaintiff's action is barred in that plaintiff's exclusive remedy against this answering defendant is in Worker's Compensation pursuant to the California Labor Code (Lab. Code § 3601).

AS AND FOR A THIRTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

15.     That if plaintiff, in fact, sustained or will sustain any injuries or damages as a result of any act or omission on the part of this answering defendant (which supposition is not admitted by this answering defendant, but is merely stated for the purpose of this affirmative defense), then plaintiff at the time and place alleged in said complaint was himself guilty of negligence in failing to exercise that degree of care for her own safety and protection that ordinarily prudent persons would exercise under the circumstances, and said negligence contributed as a legal cause in some degree to the injuries and damages being claimed by plaintiff herein, thereby barring and/or reducing plaintiff's recovery.

///

///

4

AS AND FOR A FOURTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

16.     That it contends that there is no basis for liability of said defendant to plaintiff. However, without withdrawing that position, it alleges in the alternative that should this answering defendant be found liable to plaintiff on the complaint herein, this answering defendant should, in whole or in part, be indemnified by the other defendants, by those responsible persons, and/or entities who would be liable to plaintiff if joined herein, according to the degree of involvement or responsibility for causing loss to plaintiff; and by plaintiff to the degree and extent of plaintiff's own contributory negligence or to the extent plaintiff is found to assume the position of any other responsible person and/or entity with whom plaintiff has settled her claims separately or in any other manner have attempted to exonerate.

AS AND FOR A FIFTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

17.     That plaintiff's complaint, and each purported cause of action contained therein, is barred for failure to comply with the requirements of Section 364 of the California Code of Civil Procedure.

AS AND FOR AN SIXTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

18.     Plaintiff's prayer of punitive damages is inappropriate under Code of Civil Procedure section 425.13.

AS AND FOR A SEVENTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE
DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

19.     That at all times herein mentioned, plaintiff knew, or should have known, that plaintiff was submitting herself to medical techniques, treatment and medication which, because of the condition of plaintiff, rendered her susceptible to potential complications, injury, or damage and that by submitting himself to such medical techniques, treatment and medication, plaintiff freely, voluntarily and expressly assumed all risks attendant thereto, thereby barring and/or reducing plaintiff's recovery herein.

5

1       AS AND FOR A EIGHTEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

2             DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3       20.   That plaintiff's complaint, and each purported cause of action contained therein,

4   was the result and/or cause of a natural cause or condition, or was the natural or expected result

5   of reasonable treatment rendered for the disease or condition and thus these causes of action are

6   barred pursuant to the provisions of Section 1714.8 of the California <u>Civil Code</u>.

7      AS AND FOR AN NINETEENTH, SEPARATE, DISTINCT AND AFFIRMATIVE

8             DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

9       21.   That it is entitled to an offset and/or reduction and plaintiff is barred from

10   recovering any and all amounts paid for plaintiff's alleged injuries by way of settlement or

11   judgment of any claim, incident or lawsuit which may have contributed to the injuries referred

12   to in the complaint, in the event this answering defendant should be found liable to plaintiff,

13   although this supposition is denied and only stated for the purposes of this affirmative defense.

14      AS AND FOR AN TWENTIETH, SEPARATE, DISTINCT AND AFFIRMATIVE

15             DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

16       22.   That plaintiff has failed to join all necessary parties pursuant to <u>Code of Civil</u>

17   <u>Procedure</u> section 389.

18        AS AND FOR AN TWENTY-FIRST, SEPARATE, DISTINCT AND

19       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

20       23.   That plaintiff lacks the capacity to sue pursuant to <u>Code of Civil Procedure</u> section

21   430.10.

22        AS AND FOR AN TWENTY-SECOND, SEPARATE, DISTINCT AND

23       AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

24       24.   That plaintiff's complaint, and each purported cause of action contained therein,

25   fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

26   Section 2395 of the California <u>Business and Professions Code</u>.

27   ///

28   ///

1      AS AND FOR AN TWENTY-THIRD, SEPARATE, DISTINCT AND

2      AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

3        25.    That plaintiff's complaint, and each purported cause of action contained therein,

4  fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

5  Section 2396 of the California Business and Professions Code.

6      AS AND FOR AN TWENTY-FOURTH, SEPARATE, DISTINCT AND

7      AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

8        26.    That plaintiff's complaint, and each purported cause of action contained therein,

9  fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

10  Section 2397 of the California Business and Professions Code.

11      AS AND FOR AN TWENTY-FIFTH, SEPARATE, DISTINCT AND

12      AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

13        27.    That plaintiff's damages are barred or limited by Proposition 51, as set forth in

14  Section 1430 et. seq. of the California Civil Code.

15      AS AND FOR AN TWENTY-SIXTH, SEPARATE, DISTINCT AND

16      AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

17        28.    That plaintiff's complaint, and each purported cause of action contained therein,

18  fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

19  the doctrine of estoppel.

20      AS AND FOR AN TWENTY-SEVENTH, SEPARATE, DISTINCT AND

21      AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

22        29.    That plaintiff's complaint, and each purported cause of action contained therein,

23  fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by

24  the doctrine of waiver.

25  ///

26  ///

27  ///

28  ///

7

AS AND FOR AN TWENTY-EIGHTH, SEPARATE, DISTINCT AND
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

30.    That plaintiff's complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by the doctrine of laches.

AS AND FOR AN TWENTY-NINTH, SEPARATE, DISTINCT AND
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

31.    That plaintiff's complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by the doctrine of unclean hands.

AS AND FOR A THIRTIETH, SEPARATE, DISTINCT AND
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

32.    That plaintiff's complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action in that plaintiff's claim is barred by Section 856.4 of the California Government Code.

AS AND FOR A THIRTY-FIRST, SEPARATE, DISTINCT AND
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

33.    That the instant dispute arises from a matter covered by a binding arbitration agreement between the parties, and that this answering defendant desires that this matter be therefore submitted to binding arbitration in accordance with the terms of the Arbitration Agreement.

AS AND FOR A THIRTY-SECOND, SEPARATE, DISTINCT AND
AFFIRMATIVE DEFENSE, THIS ANSWERING DEFENDANT ALLEGES:

34.    That even if a reasonable person in plaintiff's position may not have consented to the medical techniques, treatment, and medication provided, had they been given sufficient information should the risk, plaintiff still would have consented to the procedure.

///

///

1      WHEREFORE, this answering defendant prays that plaintiff take nothing by way of her

2  complaint on file herein, that this answering defendant may be dismissed with his costs of suit

3  incurred herein, and for such other and further relief as the court may deem just and proper.

4

5  DATED: July 5, 2011            CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

6

7                             By:_____

8                              ROBERT L. McKENNA III
                               ESTHER S. WON

9                              Attorneys for Defendant
                               IAN BRENT TILLEY, M.D.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On July 6, 2011, I served a true and correct copy of the following document(s) on the attached list of interested parties:

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

(X)    **By United States Mail (CCP §§1013a, _et seq._):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), _et seq._):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California _Rules of Court_, Rule 2.306, and no error was reported by the machine. Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California _Rules of Court_, Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on July 6, 2011, at Long Beach, California.

_____
Sarah Heller

10

E:\06\2985-02\PLD\ANSWER (Tilley).wpd                                    ANSWER TO PLAINTIFF'S COMPLAINT

1   Proof of Service Mailing List
    Re:    Dotson v. Tilley/Santoso; Case No. BC459326
2

3   Nora Hovsepian, Esq.                                                    06-2985-02
    Law Offices of Nora Hovsepian
4   16133 Ventura Boulevard, Suite 910
    Encino, CA 91436
5   **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E:\06\2985-02\PLD\ANSWER (Tilley).wpd                          ANSWER TO PLAINTIFF'S COMPLAINT

1 | **FONDA & FRASER, LLP**
Stephen C. Fraser, State Bar No. 152746
2 | John Aitelli, State Bar No. 122390
100 West Broadway, Suite 650
3 | Glendale, California 91210-1201
Telephone: (818) 543-1380
4 | Facsimile: (818) 543-1389
E-Mail: sfraser@fondafraserlaw.com
5 |
Attorneys for Defendant
6 | CATHOLIC HEALTHCARE WEST dba
CALIFORNIA HOSPITAL MEDICAL
7 | CENTER and CARLA ANN TOMS, M.D.
(OPT069)
8 |

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 01 2011

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
KUGENAGLER

9 |              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 |                      **COUNTY OF LOS ANGELES**

11 |

12 | SHIRLEY LORRAINE DOTSON AND     ) Case No. BC459326
CURTIS CALLOWAY,                )
13 |                                 ) Assigned for All Purposes To:
                                ) Hon. Malcolm H. Mackey
14 |           Plaintiff,           ) Dept:   "55"
                                )
15 |      vs.                       ) **ANSWER TO FIRST AMENDED**
                                ) **COMPLAINT**
16 | CALIFORNIA HOSPITAL MEDICAL     )
CENTER, CARLA ANN TOMS, M.D.,   )
EDWARD PAKORN TANGCHITNOB, M.D., ) Complaint Filed:  April 11, 2011
17 | PAULUS LIEM SANTOSO, M.D., IAN BRENT ) Trial Date:  None Set
TILLEY, M.D., TRACY DIONNE ROBINSON, )
18 | M.D., and DOES 1 - 20, inclusive, )
                                )
19 |           Defendants.          )
_____)
20 |

21 |       COME NOW, Defendants, CATHOLIC HEALTHCARE WEST dba CALIFORNIA

22 | HOSPITAL MEDICAL CENTER and CARLA ANN TOMS, M.D., and for themselves alone and

23 | severing themselves from all other Defendants, and in answer to Plaintiff SHIRLEY LORRAINE

24 | DOTSON's First Amended Complaint herein, admits, denies, and alleges as follows:

25 |       Prior to the filing of the First Amended Complaint, plaintiff SHIRLEY LORRAINE

26 | DOTSON dismissed her cause of action for Wrongful Death contained in the original Complaint.

27 | Plaintiff CURTIS CALLOWAY dismissed his cause of action for "Wrongful Death and Negligent

28 | ///

**FONDA &
RASER LLP**
torneys at Law

-1-
ANSWER TO FIRST AMENDED COMPLAINT

5149838.1

1   Infliction of Emotional Distress."   Accordingly, the only cause of action stated in the First

2   Amended Complaint is that of plaintiff SHIRLEY LORRAIN DOTSON for Medical Malpractice.

3        Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

4   defendants deny generally and specifically each, every and all of the allegations contained in said

5   First Amended Complaint, and denies that plaintiff was injured or damaged in any amount or at all

6   by reason of any act or omission on the part of these answering defendants.

7                   **AS A FIRST, SEPARATE AND DISTINCT**

8                 **AFFIRMATIVE DEFENSE, THESE ANSWERING**

9                         **DEFENDANTS ALLEGE:**

10      1.    That the pleading, and each cause of action thereof, fails to state facts sufficient to

11   constitute a cause of action against these answering defendants.

12                 **AS A SECOND, SEPARATE AND DISTINCT**

13                 **AFFIRMATIVE DEFENSE, THESE ANSWERING**

14                         **DEFENDANTS ALLEGE:**

15      2.    That the pleading, and each cause of action thereof, fails to state facts sufficient to

16   constitute a cause of action for Medical Malpractice against these answering defendants.

17                  **AS A THIRD, SEPARATE AND DISTINCT**

18                 **AFFIRMATIVE DEFENSE, THESE ANSWERING**

19                         **DEFENDANTS ALLEGE:**

20      3.    That injuries and damages, if any be proven, were proximately contributed to and

21   caused by the contributory (comparative) negligence and fault of plaintiff and by the failure of

22   plaintiff to exercise ordinary care, caution or prudence on her own behalf during and following the

23   examination and treatment given by these defendants, barring and/or reducing recovery herein.

24                 **AS A FOURTH, SEPARATE AND DISTINCT**

25                 **AFFIRMATIVE DEFENSE, THESE ANSWERING**

26                         **DEFENDANTS ALLEGE:**

27      4.    That at all times herein mentioned, plaintiff knew, or in the exercise of ordinary care

28   was charged with the knowledge, that she was submitting herself to medical technique, treatment

1    and medication, which because of her existing condition, rendered herself susceptible to potential

2    complication, injury or damage, and that by submitting herself to such medical technique, treatment

3    and medication, which was of an elective nature, freely, voluntarily and expressly assumed all risks

4    attendant thereto and freely and fully consented thereto, thereby barring any recovery herein.

5                    **AS A FIFTH, SEPARATE AND DISTINCT**

6                **AFFIRMATIVE DEFENSE, THESE ANSWERING**

7                        **DEFENDANTS ALLEGE:**

8          5.      That any and all events and happenings in connection with the allegations as set

9    forth in plaintiff's First Amended Complaint were proximately caused and contributed to by the

10   negligence and other legal fault of said plaintiff and were further proximately caused and

11   contributed to by negligence and other legal fault of persons or entities other than the plaintiff; and

12   that if plaintiff recovers any sum whatsoever herein, such amount must be reduced in proportion to

13   the extent that plaintiff's own negligence and other legal fault proximately caused or contributed to

14   plaintiff's claimed injuries and damages; and that if there is a verdict in favor of said plaintiff

15   against these defendants, said verdict should be in proportion to these answering defendants' pro-

16   rata responsibility and to the extent that it is necessary, these answering defendants request a

17   declaration as to the degrees of fault of all parties hereto and asks partial indemnity from others on

18   a comparative fault basis.

19                   **AS A SIXTH, SEPARATE AND DISTINCT**

20                **AFFIRMATIVE DEFENSE, THESE ANSWERING**

21                        **DEFENDANTS ALLEGE:**

22         6.      That the pleading fails to state facts sufficient to constitute a cause of action, and

23   any alleged cause of action is barred by reason of plaintiff's violation and failure to comply with

24   California <u>Code of Civil Procedure</u>, Section 364, with regard to serving a 90-day notice prior to

25   institution of the subject action.

26   ///

27   ///

28   ///

## AS A SEVENTH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THESE ANSWERING

## DEFENDANTS ALLEGE:

7.　　That the pleading fails to state facts sufficient to constitute a cause of action, and any alleged cause of action is barred by reason of plaintiff's failure to comply with the applicable statute of limitations, including, but not limited to, California Code of Civil Procedure, Section 340.5.

## AS AN EIGHTH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THESE ANSWERING

## DEFENDANTS ALLEGE:

8.　　That at the time of trial, defendants may elect to limit or diminish plaintiff's alleged damages or losses as provided and authorized by California Civil Code, Section 3333.1, California Civil Code, Section 3333.2, and Code of Civil Procedure, Section 667.7.

## AS A NINTH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THESE ANSWERING

## DEFENDANTS ALLEGE:

9.　　The pleading, and each cause of action thereof, is barred by reason of The Good Samaritan Statutes (see, for example, Business and Professions Code, Sections 2144.5, 2395, 2396 and 2397 and Civil Code, Section 1714.8).

## AS A TENTH, SEPARATE AND DISTINCT

## AFFIRMATIVE DEFENSE, THESE ANSWERING

## DEFENDANTS ALLEGE:

10.　　That the pleading, and each cause of action thereof, is barred and/or reduced by reason of the limitations on joint and several liability established by Proposition 51, an Initiative passed by the People of the State of California on June 3, 1986, also known as the Fair Responsibility Act of 1986 (see Civil Code, Section 1431, et seq.).

///

///

FONDA &
FRASER LLP
ttorneys at Law

5149838.1

## AS AN ELEVENTH, SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING
## DEFENDANTS ALLEGE:

11.    The pleading, and each cause of action thereof, is barred by reason of plaintiff's improper service of the defendants as Doe respondents under, without limitation, Code of Civil Procedure, Section 474.

## AS A TWELFTH, SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING
## DEFENDANTS ALLEGE:

12.    The pleading, and each cause of action thereof, is barred by reason of the immunity set forth in Health and Safety Code, Section 1317, et seq.

## AS A THIRTEENTH, SEPARATE AND DISTINCT
## AFFIRMATIVE DEFENSE, THESE ANSWERING
## DEFENDANTS ALLEGE:

13.    That any alleged cause of action is barred by reason of plaintiff's violation and failure to comply with California Code of Civil Procedure, Section 364, with regard to serving a 90-day notice prior to institution of the subject action.

WHEREFORE, having fully answered the First Amended Complaint on file herein, Defendants pray:

1.    That plaintiff take nothing by way of her First Amended Complaint;

2.    That if plaintiff is awarded damages, those damages be apportioned among all parties, persons, or entities whose negligence contributed to and/or caused said incident;

///
///
///
///
///
///

FONDA &
FRASER LLP
ttorneys at Law

-5-
ANSWER TO FIRST AMENDED COMPLAINT

5149838.1

3.   That defendants recover their costs of suit incurred herein; and

4.   For such further relief as the Court may deem just and proper.

Dated: May 31 , 2011                              FONDA & FRASER, LLP


By: _____
STEPHEN C. FRASER
JOHN AITELLI
Attorneys for Defendant
CALIFORNIA HOSPITAL MEDICAL
CENTER

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

On May 31, 2011, I served the within document(s) described as:

**ANSWER TO FIRST AMENDED COMPLAINT**

on the interested parties in this action as stated on the attached mailing list.

[X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 31, 2011, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Michelle M. Chavez**
(Type or print name)

(Signature)

FONDA &
FRASER LLP
Attorneys at Law

5149838.1

-7-
ANSWER TO FIRST AMENDED COMPLAINT

<u>SERVICE LIST</u>

*Attorneys for Plaintiff*

Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Blvd., Suite 901
Encino, CA  91436
Tel.   (818) 785-5858
Fax   (818) 785-5558

FONDA &
FRASER LLP
ttorneys at Law

5149838.1

1   **FONDA & FRASER, LLP**
    Stephen C. Fraser, State Bar No. 152746
2   John Aitelli, State Bar No. 122390
    Daniel K. Dik, State Bar No. 155338
3   100 West Broadway, Suite 650
    Glendale, California 91210-1201
4   Telephone: (818) 543-1380
    Facsimile: (818) 543-1389
5   E-Mail: sfraser@fondafraserlaw.com

6   Attorneys for Defendant
    CATHOLIC HEALTHCARE WEST dba
7   CALIFORNIA HOSPITAL MEDICAL
    CENTER and CARLA ANN TOMS, M.D.
8   (CHW069)

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF LOS ANGELES

11

12   SHIRLEY LORRAINE DOTSON AND          ) Case No. BC459326
     CURTIS CALLOWAY,                     )
13                                        ) Assigned for All Purposes To:
                Plaintiffs,               ) Hon. Malcolm H. Mackey
14                                        ) Dept:   "55"
          vs.                             )
15                                        ) **NOTICE OF TAKING DEMURRER AND**
     CALIFORNIA HOSPITAL MEDICAL          ) **SPECIAL DEMURRER BY CALIFORNIA**
16   CENTER, CARLA ANN TOMS, M.D.,        ) **HOSPITAL MEDICAL CENTER, M.D.**
     EDWARD PAKORN TANGCHITNOB, M.D.,     ) **OFF CALENDAR**
17   PAULUS LIEM SANTOSO, M.D., IAN BRENT )
     TILLEY, M.D., TRACY DIONNE ROBINSON, ) Complaint Filed:  April 11, 2011
18   M.D., and DOES 1 - 20, inclusive,    ) Trial Date:  None
                                          )
19              Defendants.               )
                                          )
20   ────────────────────────────────────)
                                            ( ✓ Cal'd      ) Logged
21   ///                                     ( ) Tasked     ) Scanned
                                            Oppo _____
22   ///                                    Reply _____

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

─────────────────────────────────────────────────────────────────
**FONDA &**          -1-
**FRASER LLP**   NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY CALIFORNIA HOSPITAL MEDICAL
Attorneys at Law              CENTER, M.D. OFF CALENDAR
5149441.1

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that the Demurrer and Special Demurrer by defendant

3    CALIFORNIA HOSPITAL MEDICAL CENTER, scheduled for hearing on August 15, 2011, at

4    8:30 a.m. in Dept. "55" of the above-entitled court, **has been taken off calendar.**

5    Dated: May 23, 2011                    FONDA & FRASER, LLP

6

7                                           By: _____

8                                           STEPHEN C. FRASER
                                            JOHN AITELLI
9                                           Attorneys for Defendant
                                            CALIFORNIA HOSPITAL MEDICAL
10                                          CENTER and CARLA ANN TOMS, M.D.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
Attorneys at Law

-2-

NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY CALIFORNIA HOSPITAL MEDICAL
CENTER, M.D. OFF CALENDAR

5149441.1

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

On **May 23, 2011**, I served the within document(s) described as:

**NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY DEFENDANT CALIFORNIA HOSPITAL MEDICAL CENTER OFF CALENDAR**

on the interested parties in this action as stated on the attached mailing list.

[X] (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on **May 23, 2011**, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Michelle M. Chavez**
(Type or print name)

(Signature)

1
## SERVICE LIST

2

3  Law Offices of Nora Hovsepian
   Nora Hovsepian, Esq.
   16133 Ventura Blvd., Suite 901
4  Encino, CA  91436
   (818) 785-5858
5  (818) 785-5558

6  *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
ttorneys at Law

NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY CALIFORNIA HOSPITAL MEDICAL
CENTER, M.D. OFF CALENDAR

5149441.1

1 | **FONDA & FRASER, LLP**
Stephen C. Fraser, State Bar No. 152746
2 | John Aitelli, State Bar No. 122390
Daniel K. Dik, State Bar No. 155338
3 | 100 West Broadway, Suite 650
Glendale, California 91210-1201
4 | Telephone: (818) 543-1380
Facsimile: (818) 543-1389
5 | E-Mail: sfraser@fondafraserlaw.com

6 | Attorneys for Defendant
CATHOLIC HEALTHCARE WEST dba
7 | CALIFORNIA HOSPITAL MEDICAL
CENTER and CARLA ANN TOMS, M.D.
8 | (CHW069)

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES**

11 |

12 | SHIRLEY LORRAINE DOTSON AND ) Case No. BC459326
CURTIS CALLOWAY, )
13 | ) Assigned for All Purposes To:
Plaintiffs, ) Hon. Malcolm H. Mackey
14 | ) Dept: "55"
vs. )
15 | ) **NOTICE OF TAKING DEMURRER AND**
CALIFORNIA HOSPITAL MEDICAL ) **SPECIAL DEMURRER BY CARLA M.**
16 | CENTER, CARLA ANN TOMS, M.D., ) **TOMS, M.D. OFF CALENDAR**
EDWARD PAKORN TANGCHITNOB, M.D., )
17 | PAULUS LIEM SANTOSO, M.D., IAN BRENT ) Complaint Filed:  April 11, 2011
TILLEY, M.D., TRACY DIONNE ROBINSON, ) Trial Date:  None
18 | M.D., and DOES 1 - 20, inclusive, )
)
19 | Defendants. )
)
20 |

21 | ///

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

FONDA &
FRASER LLP
torneys at Law

NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY
CARLA M. TOMS, M.D. OFF CALENDAR

5149437.1

1    TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

2    PLEASE TAKE NOTICE that the Demurrer and Special Demurrer by defendant Carla M.

3    Toms, M.D., scheduled for hearing on September 21, 2011, at 8:30 a.m. in Dept. "55" of the above-

4    entitled court, **has been taken off calendar**.

5    Dated: May 23, 2011                          FONDA & FRASER, LLP

6

7                                                 By: _____

8                                                     STEPHEN C. FRASER
                                                     JOHN AITELLI
                                                     Attorneys for Defendant
9                                                    CALIFORNIA HOSPITAL MEDICAL
                                                     CENTER and CARLA ANN TOMS, M.D.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
Attorneys at Law

5149437.1

-2-

NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY
CARLA M. TOMS, M.D. OFF CALENDAR

1

## PROOF OF SERVICE

2

3        I am employed in the County of Los Angeles, State of California.  I am over the age of 18
and not a party to the within action.  My business address is 100 West Broadway, Suite 650,
4   Glendale, California 91210-1201.

5        On **May 23, 2011,** I served the within document(s) described as:

6   **NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY
DEFENDANT CARLA M. TOMS, M.D. <u>OFF CALENDAR</u>**

7

8        on the interested parties in this action as stated on the attached mailing list.

[X]      (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope
9        addressed as set forth on the attached mailing list.  I placed each such envelope for
collection and mailing following ordinary business practices.  I am readily familiar with this
10       Firm's practice for collection and processing of correspondence for mailing.  Under that
practice, the correspondence would be deposited with the United States Postal Service on
11       that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary
course of business.  I am aware that on motion of the party served, service is presumed
12       invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.

13

        Executed on **May 23, 2011,** at Glendale, California.

14

15       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

16

17   **Michelle M. Chavez**
     (Type or print name)                          (Signature)

18

19

20

21

22

23

24

25

26

27

28

-3-
NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOMS, M.D. OFF
CALENDAR

1

<u>**SERVICE LIST**</u>

2

Law Offices of Nora Hovsepian

3   Nora Hovsepian, Esq.
16133 Ventura Blvd., Suite 901

4   Encino, CA  91436
(818) 785-5858

5   (818) 785-5558

6   *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
ttorneys at Law

NOTICE OF TAKING DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOMS, M.D. OFF
CALENDAR

5149437.1

SUM-100

**SUMMONS** ON FIRST AMENDED
*(CITACION JUDICIAL)* COMPLAINT

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 19 2011

John A. Clarke, Executive Officer/Clerk
BY _____, Deputy
Mary Flores

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CALIFORNIA HOSPITAL MEDICAL CENTER, CARLA ANN TOMS, M.D., EDWARD PAKORN
TANGCHITNOB, M.D., PAULUS LIEM SANTOSO, M.D., IAN BRENT TILLEY, M.D., TRACY
DIONNE ROBINSON, M.D., and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SHIRLEY LORRAINE DOTSON

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES CENTRAL DISTRICT 111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):* BC 459326 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nora Hovsepian (Bar # 140402)     Fax No.:(818) 785-5558
LAW OFFICES OF NORA HOVSEPIAN, 16133 Ventura Boulevard, Suite 910, Encino, CA 91436   Phone No.:(818) 785-5858

DATE: _____ JOHN A. CLARKE, CLERK, by Mary Flores , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Ian Brent Tilley M.D
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*: 6-6-11

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms
Page 1 of 1

1  LAW OFFICES OF NORA HOVSEPIAN
   16133 Ventura Boulevard, Suite 910
2  Encino, California 91436
   Tel.: 818-785-5858 / Fax: 818-785-5558
3
   Nora Hovsepian, State Bar Number 140402
4
   Attorneys for Plaintiff
5

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 19 2011

John A. Clarke, Executive Officer/Clerk
BY                          , Deputy
     Mary Flores

7
8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                    FOR THE COUNTY OF LOS ANGELES
10
11  SHIRLEY LORRAINE DOTSON,      )  CASE NO. BC 459326
                                  )  Assigned to Department 55
12                                )  Hon. Malcolm H. Mackey
                                  )
13               Plaintiff,       )
                                  )
14  vs.                           )  FIRST   AMENDED   COMPLAINT   FOR
                                  )  DAMAGES FOR MEDICAL MALPRACTICE
15                                )
    CALIFORNIA HOSPITAL MEDICAL   )  [Cal. Civil Code, §§1714, 3333,
16  CENTER, CARLA ANN TOMS, M.D., )  3333.2]
    EDWARD PAKORN TANGCHITNOB, M.D.,)
17  PAULUS LIEM SANTOSO, M.D.,    )
    IAN BRENT TILLEY, M.D.,       )
18  TRACY DIONNE ROBINSON, M.D.,  )
    and DOES 1-20, inclusive,     )
19                                )
20               Defendants.      )
    _____ )
21

22                     GENERAL ALLEGATIONS

23       Plaintiff SHIRLEY LORRAINE DOTSON alleges:

24       1.   Plaintiff SHIRLEY LORRAINE DOTSON is, and at all

25  times relevant hereto was, a resident of Los Angeles County,

26  California, and was the biological parent of Ajaiyah Rae Calloway,

27  who was stillborn on January 14, 2010. A true and correct copy of

28  the Certificate of Fetal Death is attached hereto as Exhibit "A"

                              1

1  and incorporated by reference herein.

2         2.   At all times herein mentioned, defendants CALIFORNIA

3  HOSPITAL MEDICAL CENTER, CARLA ANN TOMS, M.D., EDWARD PAKORN

4  TANGCHITNOB, M.D., PAULUS LIEM SANTOSO, M.D., IAN BRENT TILLEY,

5  M.D., TRACY DIONNE ROBINSON, M.D., and DOES 1-20, inclusive,

6  were hospitals, clinics, physicians, surgeons, and other health

7  care providers licensed to practice medicine under the laws of the

8  State of California and were engaged in the practice of medicine

9  with facilities located in the City of Los Angeles, County of Los

10  Angeles, State of California.

11         3.   Plaintiff is ignorant of the true names and

12  capacities of the defendants sued herein as DOES 1 through 20,

13  inclusive, and therefore sues these defendants by such fictitious

14  names. Plaintiff will amend this complaint to allege their true

15  names and capacities when ascertained. Plaintiff is informed and

16  believes and based thereon alleges that each of the fictitiously

17  named defendants is negligently responsible in some manner for the

18  occurrences herein alleged, and that plaintiff's damages as herein

19  alleged were proximately caused by the negligence of such

20  defendants.

21         4.   At all times herein mentioned each defendant was the

22  agent and employee of every other defendant, and due to the things

23  herein alleged, was acting within the course and scope of authority

24  and employment as such agents and employees and with the

25  permission, ratification, and consent of every other defendant.

26         5.   Notice of plaintiff's intention to commence this

27  action was mailed to defendants and each of them at least 90

28  (ninety) days prior to the filing date hereof, pursuant to the

2

1  provisions of California Code of Civil Procedure, Section 364.

2  FACTUAL ALLEGATIONS

3  Plaintiff SHIRLEY LORRAINE DOTSON alleges:

4  6.   For several years prior to 2009, plaintiff SHIRLEY

5  LORRAINE DOTSON and her fiance, Curtis Calloway, wanted to have a

6  child together. In August, 2009, they happily discovered that

7  plaintiff SHIRLEY LORRAINE DOTSON was pregnant with an estimated

8  delivery date of March 10, 2010.

9  7.   Upon learning of her pregnancy, plaintiff SHIRLEY

10  LORRAINE DOTSON dutifully followed all medical orders and attended

11  all scheduled pre-natal care appointments in order to ensure that

12  she would have a safe pregnancy and deliver a healthy child.

13  8.   On or about January 13, 2010, at approximately 4:00

14  a.m., plaintiff SHIRLEY LORRAINE DOTSON, then at a gestational age

15  of 32 weeks, and accompanied at all times by her fiance Curtis

16  Calloway, was taken by paramedics from her home to the emergency

17  department of defendant CALIFORNIA HOSPITAL MEDICAL CENTER with

18  complaints of severe lower abdominal pain radiating to her back

19  every five minutes, with associated nausea, vomiting, and clear

20  fluid discharge. At said time and place, plaintiff SHIRLEY LORRAINE

21  DOTSON was screaming in excruciating pain and was begging personnel

22  at defendant CALIFORNIA HOSPITAL MEDICAL CENTER to do an ultrasound

23  to determine the health of her unborn child. Despite the repeated

24  pleas of plaintiff SHIRLEY LORRAINE DOTSON and her fiance, Curtis

25  Calloway, various personnel employed by, acting on behalf of and

26  with the ratification of defendant CALIFORNIA HOSPITAL MEDICAL

27  CENTER, unnecessarily delayed investigation into plaintiff's

28  condition, kept plaintiff waiting for an unreasonably exorbitant

1  period of time while she suffered horrifically, and for several

2  hours failed and refused to perform an ultrasound, all the while

3  wrongfully diagnosing and treating her for presumed

4  gastroenteritis.

5      9. Initial fetal heart monitoring revealed that

6  plaintiff's unborn child was alive upon presentation to CALIFORNIA

7  HOSPITAL MEDICAL CENTER and for hours thereafter.

8      10. After several hours in the hospital, personnel

9  employed by and/or acting on behalf of defendant CALIFORNIA

10  HOSPITAL MEDICAL CENTER, specifically but not exclusively

11  defendants resident physician CARLA ANN TOMS, M.D., resident

12  physician EDWARD PAKORN TANGCHITNOB, M.D., and DOES 1-10,

13  inclusive, finally performed an ultrasound, learned that the fetus

14  appeared healthy, but failed to properly evaluate the condition of

15  plaintiff's uterus. If said defendants had properly evaluated the

16  condition of plaintiff's uterus, they should and would have

17  discovered that she was suffering from placental abruption or

18  separation of the placenta from the uterine wall, a condition which

19  is life-threatening to the unborn child in the absence of imminent

20  delivery.

21      11. After several hours in the hospital, personnel

22  employed by and/or acting on behalf of defendant CALIFORNIA

23  HOSPITAL MEDICAL CENTER, specifically but not exclusively

24  defendants resident physician CARLA ANN TOMS, M.D., resident

25  physician EDWARD PAKORN TANGCHITNOB, M.D., and DOES 1-10,

26  inclusive, administered terbutaline to plaintiff SHIRLEY LORRAINE

27  DOTSON, an obstetrical drug which is absolutely contraindicated in

28  the presence of placental abruption, and the administration of

4

FIRST AMENDED COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE

1  which further jeopardized the health and well-being of plaintiff's

2  unborn child.

3         12.  At all times relevant hereto, defendants PAULUS LIEM

4  SANTOSO, M.D., IAN BRENT TILLEY, M.D., TRACY DIONNE ROBINSON, M.D.,

5  and DOES 11-20, inclusive, were attending physicians with staff

6  privileges at defendant CALIFORNIA HOSPITAL MEDICAL CENTER and had

7  a duty to monitor and advise resident physicians, including but not

8  limited to defendants CARLA ANN TOMS, M.D., EDWARD PAKORN

9  TANGCHITNOB, M.D., and DOES 1-10, inclusive, who were working under

10 their direct care and supervision. Despite these duties, defendants

11 PAULUS LIEM SANTOSO, M.D., IAN BRENT TILLEY, M.D., TRACY DIONNE

12 ROBINSON, M.D., and DOES 11-20, inclusive, failed to properly and

13 adequately monitor, supervise, and advise defendants CARLA ANN

14 TOMS, M.D., EDWARD PAKORN TANGCHITNOB, M.D., and DOES 1-10, with

15 respect to their care and treatment of plaintiff SHIRLEY LORRAINE

16 DOTSON and her unborn child, thereby depriving plaintiff of their

17 expertise, knowledge, training and experience, and along with

18 defendant CALIFORNIA HOSPITAL MEDICAL CENTER, thereby ratifying

19 their actions and leaving plaintiff and her unborn child to be

20 cared for by inexperienced resident physicians and other hospital

21 staff who were ill-equipped to diagnose and properly treat

22 plaintiff's placental abruption.

23        13.  Between the arrival of plaintiff SHIRLEY LORRAINE

24 DOTSON to CALIFORNIA HOSPITAL MEDICAL CENTER at approximately 4:00

25 a.m. on January 13, 2010, until 3:15 p.m., when an ultrasound

26 performed by defendant IAN BRENT TILLEY, M.D., revealed fetal death

27 and placental abruption, plaintiff SHIRLEY LORRAINE DOTSON, in the

28 presence of her fiancé Curtis Calloway, was in excruciating and

1  debilitating pain, crying for help, and pleading for help for her

2  unborn child, all to no avail. During that period of approximately

3  11 hours, plaintiffs' unborn child was alive, the fetal heartbeat

4  was being monitored as active, and plaintiff SHIRLEY LORRAINE

5  DOTSON was being improperly treated for gastroenteritis by

6  defendants and each of them, instead of for placental abruption.

7        14.  Thereafter, after induction and nearly nine hours of

8  labor, on January 14, 2010, at 12:37 a.m., at CALIFORNIA HOSPITAL

9  MEDICAL CENTER, plaintiff SHIRLEY LORRAINE DOTSON vaginally

10  delivered Ajaiyah Rae Calloway, who was tragically stillborn but

11  whose life should have and could have been saved, to a reasonable

12  medical probability, with timely and appropriate diagnosis and

13  intervention by properly trained medical personnel.

14  <u>FIRST CAUSE OF ACTION</u>

15  (Medical Malpractice Against All Defendants)

16  Plaintiff SHIRLEY LORRAINE DOTSON alleges as follows:

17        15.  Plaintiff  refers  to  and  herein  incorporates

18  Paragraphs 1 through 14, inclusive, as though fully set forth

19  herein.

20        16.  At all times relevant hereto, defendants and each of

21  them owed to plaintiff SHIRLEY LORRAINE DOTSON and her unborn

22  child, decedent Ajaiyah Rae Calloway, a duty to insure that any and

23  all physicians, nurses, and other medical personnel employed by

24  them, supervised by them, or authorized by them to use their

25  facilities in the treatment of said plaintiff would possess the

26  requisite training, skill, knowledge and degree of care in order to

27  fully, faithfully, lawfully, and competently carry out the duties

28  and responsibilities of a physician, nurse, or other medical

1 | personnel.

2 |     17.  In breach of said duties, defendants and each of

3 | them knew or should have known that defendants CARLA ANN TOMS,

4 | M.D., EDWARD PAKORN TANGCHITNOB, M.D., PAULUS LIEM SANTOSO, M.D.,

5 | IAN BRENT TILLEY, M.D., TRACY DIONNE ROBINSON, M.D., and DOES 1-20,

6 | inclusive, and other medical personnel who rendered treatment to

7 | plaintiff did not possess the necessary and requisite skill,

8 | training, knowledge, and degree of care to properly provide medical

9 | care to plaintiff herein, and as a proximate result of the breach

10 | of the duties as described herein, plaintiff's unborn child did not

11 | survive, and plaintiff suffered damages as more fully described

12 | hereinbelow.

13 |     18.  In breach of the duties owed by defendants and each

14 | of them to plaintiff and her unborn child, defendants and each of

15 | them failed to properly and timely diagnose placental abruption, a

16 | life-threatening condition to plaintiffs' unborn child, and

17 | negligently failed to provide plaintiff with proper medical care

18 | and treatment for said condition. In the absence of said

19 | defendants' negligence, plaintiff would have been properly

20 | diagnosed and treated for her condition, and her unborn child would

21 | have survived.

22 |     19.  At all times relevant hereto, plaintiff's decedent

23 | sought the medical care of defendants and each of them with the

24 | reasonable expectation that defendants would comply with their

25 | contractual and ethical duties to render appropriate medical care

26 | and treatment to her as their patient.

27 |     20.  As a legal, direct and proximate result of

28 | defendants' failure to timely diagnose and treat the condition of

1   placental abruption, and their failure to otherwise properly render
2   timely and appropriate medical care to plaintiff SHIRLEY LORRAINE
3   DOTSON and her unborn child, defendants and each of them failed to
4   discover the aforementioned condition in a timely manner and failed
5   to take the necessary medical steps to intervene to save the life
6   of plaintiffs' unborn child. Defendants' failure to do so while
7   plaintiffs' decedent was under their supervision and control was
8   grossly below the applicable standard of care for the medical
9   community and as such constituted gross negligence, in reckless
10  disregard of the health and safety of plaintiff and her unborn
11  child and with conscious disregard for their well-being.

12        21.   If defendants had rendered the appropriate medical
13  care and treatment by properly investigating, diagnosing, and
14  intervening in a timely manner, the chance of survival for
15  plaintiffs' unborn child have been excellent, as the fetus had been
16  proven on numerous occasions prior thereto to be healthy and was
17  therefore fully viable at 32 gestational weeks if delivered upon
18  plaintiff's presentation to the hospital while the fetal heartbeat
19  was still active. Due to the gross negligence and failure of
20  defendants to act within the standard of appropriate medical care
21  and their conscious and reckless disregard of the health and well-
22  being of plaintiff and her unborn child, the fetal heartbeat
23  stopped, and plaintiff delivered a stillborn child.

24        22.   Due to the existence of a physician-patient
25  relationship between an obstetrician and a pregnant woman, the
26  California Supreme Court has created a duty of care to the mother
27  to avoid injury to her child, thereby rendering the mother a
28  "direct victim" where she suffered serious emotional distress as a

1  claim separate and apart from claiming the loss of the child's
2  affection and companionship, according to <u>Burgess v. Superior Court</u>
3  <u>of Los Angeles County</u> (1992) 2 Cal.4th 1064, in which the mother
4  was permitted to allege separate claims for the wrongful death of
5  her child and for her own emotional distress arising from the
6  negligent obstetrical care she received in labor and delivery of
7  that child, because "Any negligence during delivery which causes
8  injury to the fetus and resultant emotional anguish to the mother,
9  therefore, breaches a duty owed directly to the mother" [<u>Burgess</u> at
10 1076].

11      23.  Based on the aforementioned duty of care to the
12 pregnant mother and defendants' breaches of care as alleged
13 hereinabove, plaintiff SHIRLEY LORRAINE DOTSON seeks damages from
14 defendants for her own severe emotional distress resulting from the
15 unexpected and preventable loss of her unborn child, as she
16 suffered fear, nervousness, grief, anxiety, worry, mortification,
17 shock, humiliation, and indignity, as well as excruciating physical
18 pain she endured for several hours while defendants and each of
19 them negligently and recklessly failed to appropriately diagnose
20 and treat her condition and save her unborn child.

21      24.  As a proximate result of the negligence and gross
22 negligence of defendants and each of them, and as a result of the
23 loss of plaintiff's unborn child which was caused by defendants'
24 negligent failure to treat plaintiff properly and in a timely
25 manner, plaintiff SHIRLEY LORRAINE DOTSON has suffered and
26 continues to suffer intense physical and emotional pain, mental
27 anguish, and frustration, all in sums according to proof at trial.
28      WHEREFORE, plaintiff prays judgment as

## ON THE FIRST CAUSE OF ACTION

1.   For general and special damages in an amount according to proof;

2.   For costs of suit herein incurred;

3.   For such other and further relief as the Court may deem just and proper.

DATED : May 18, 2011

                              LAW OFFICES OF NORA HOVSEPIAN


                              BY: _____
                                    NORA HOVSEPIAN
                                    Attorneys for Plaintiff

FIRST AMENDED COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE

LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Boulevard, Suite 910
Encino, California 91436
Tel.: 818-785-5858 / Fax: 818-785-5558

Nora Hovsepian, State Bar Number 140402

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| SHIRLEY LORRAINE DOTSON, | ) | CASE NO. BC 459326 |
| | ) | Assigned to Department 55 |
| | ) | Hon. Malcolm H. Mackey |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CERTIFICATE OF NORA HOVSEPIAN |
| | ) | |
| | ) | |
| CALIFORNIA HOSPITAL MEDICAL | ) | |
| CENTER, CARLA ANN TOMS, M.D., | ) | |
| EDWARD PAKORN TANGCHITNOB, M.D., | ) | |
| PAULUS LIEM SANTOSO, M.D., | ) | |
| IAN BRENT TILLEY, M.D., | ) | |
| TRACY DIONNE ROBINSON, M.D., | ) | |
| and DOES 1-20, inclusive, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

I, NORA HOVSEPIAN, declare:

1.    I am the attorney for the plaintiff in the above-entitled action.

2.    I am licensed to practice law before all of the Courts in the State of California.

3.    I reviewed the facts in the above-entitled case and I have consulted with at least one qualified physician who is

FIRST AMENDED COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE

1   licensed to practice and does practice in the State of California,

2   whom I reasonably believe to be knowledgeable regarding the

3   relevant issues in this action.

4           4.   On the basis of this review and consultation, I have

5   concluded that there is a reasonable and meritorious cause for

6   filing this action.

7         I declare under penalty of perjury under the laws of the

8   State of California that the foregoing is true and correct.

9         This certificate executed on the 18th day of May, 2011,

10   at Encino, California.

11

12                                     NORA HOVSEPIAN

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE

CERTIFICATION OF VITAL RE...

## COUNTY OF LOS ANGELES DEPARTMENT OF PUBLIC HEALTH

CERTIFICATE OF FETAL DEATH
STATE OF CALIFORNIA

2 0 0 1 9 0 0 0 0 3 2

LOCAL REGISTRATION NUMBER

NAME OF CHILD: AJAIYAH

CALLOWAY

SINGLE

PLACE OF EVENT — NAME OF HOSPITAL OR FACILITY: CALIFORNIA HOSPITAL MEDICAL CENTER

CITY: LOS ANGELES

1401 SOUTH GRAND AVENUE

NAME OF FATHER/PARENT: CURTIS ... LAMONTE

DATE OF BIRTH: 02/06/1970

NAME OF MOTHER/PARENT: SHIRLEY ... LORRAINE

DATE OF BIRTH: 11/22/1980

DATE SIGNED: 01/28/2010

NOT EMBALMED

CR/RES

OUTSIDE ... VERNON

02/10/2010 ... RACHALS FUNERAL ...

REGISTRATION DATE: 02/09/2010

This is a true certified copy of the record filed in the County of Los Angeles
Department of Public Health if it bears the Registrar's signature in purple ink.

Director of Public Health and Registrar     DATE ISSUED     FEB 19 2010

*HD1762230*

This copy not valid unless prepared on engraved border displaying seal and signature of Registrar.

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

## PROOF OF SERVICE

STATE OF CALIFORNIA        )
                           )
COUNTY OF LOS ANGELES      )

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 16133 Ventura Boulevard, Suite 910, Encino, California 91436.

       On May 18, 2011, I served the FIRST AMENDED COMPLAINT FOR DAMAGES FOR MEDICAL MALPRACTICE on all parties in said action, by placing a true copy thereof in a sealed envelope with postage fully pre-paid in the United States mail at Encino, California, and addressed as follows:

       Stephen C. Fraser, Esq.
       John Aitelli, Esq.
       FONDA & FRASER LLP
       100 W. Broadway, Suite 650
       Glendale, CA 91210-1201
       Tel.: 818-543-1380 / Fax: 818-543-1389
       Attorneys for Defendants CALIFORNIA HOSPITAL MEDICAL CENTER and CARLA ANN TOMS, M.D.

       I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 18th day of May, 2011, at Encino, California.

       MARTI VAN YPEREN

1  **FONDA & FRASER, LLP**
   Stephen C. Fraser, State Bar No. 152746
2  John Aitelli, State Bar No. 122390
   100 West Broadway, Suite 650
3  Glendale, California 91210-1201
   Telephone: (818) 543-1380
4  Facsimile: (818) 543-1389
   E-Mail: sfraser@fondafraserlaw.com
5
   Attorneys for Defendant
6  CATHOLIC HEALTHCARE WEST dba
   CALIFORNIA HOSPITAL MEDICAL
7  CENTER and CARLA ANN TOMS, M.D.
   (OPT069)
8

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 02 2011

John A. Clarke, Executive Officer/Clerk

By _____
RAUL SANCHEZ

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                    **COUNTY OF LOS ANGELES**

11

12  SHIRLEY LORRAINE DOTSON AND          ) Case No. BC459326
    CURTIS CALLOWAY,                      )
13                                        ) Assigned for All Purposes To:
               Plaintiffs,               ) Hon. Malcolm H. Mackey
14                                        ) Dept:   "55"
         vs.                              )
15                                        ) **DEMAND FOR JURY TRIAL**
    CALIFORNIA HOSPITAL MEDICAL           )
16  CENTER, CARLA ANN TOMS, M.D.,         ) Complaint Filed:  April 11, 2011
    EDWARD PAKORN TANGCHITNOB, M.D.,      ) Trial Date:  None Set
17  PAULUS LIEM SANTOSO, M.D., IAN BRENT  )
    TILLEY, M.D., TRACY DIONNE ROBINSON,  )
18  M.D., and DOES 1 - 20, inclusive,     )
                                          )
19             Defendants.               )
    _____ )

20       TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE that Defendants, CATHOLIC HEALTHCARE WEST dba

22  CALIFORNIA HOSPITAL MEDICAL CENTER and CARLA ANN TOMS, M.D., hereby

23  demand a trial by jury in the above-entitled matter.

24  Dated: April 25, 2011          FONDA & FRASER, LLP

25

26                          By: _____

27                              STEPHEN C. FRASER
                                JOHN AITELLI
28                              Attorneys for Defendant
                                CALIFORNIA HOSPITAL MEDICAL
                                CENTER
                                          -1-

FONDA &                        DEMAND FOR JURY TRIAL
FRASER LLP
ttorneys at Law

5145380.1

1  FONDA & FRASER, LLP
   Stephen C. Fraser, State Bar No. 152746
2  John Aitelli, State Bar No. 122390
   100 West Broadway, Suite 650
3  Glendale, California 91210-1201
   Telephone: (818) 543-1380
4  Facsimile: (818) 543-1389
   E-Mail: sfraser@fondafraserlaw.com
5
   Attorneys for Defendant
6  CATHOLIC HEALTHCARE WEST dba
   CALIFORNIA HOSPITAL MEDICAL
7  CENTER and CARLA ANN TOMS, M.D.
   (OPT069)
8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    COUNTY OF LOS ANGELES

11

12  SHIRLEY LORRAINE DOTSON AND        ) Case No. BC459326
    CURTIS CALLOWAY,                   )
13                                     ) Assigned for All Purposes To:
              Plaintiffs,              ) Hon. Malcolm H. Mackey
14                                     ) Dept:   "55"
         vs.                           )
15                                     ) **DEMAND FOR JURY TRIAL**
    CALIFORNIA HOSPITAL MEDICAL        )
16  CENTER, CARLA ANN TOMS, M.D.,      ) Complaint Filed:  April 11, 2011
    EDWARD PAKORN TANGCHITNOB, M.D.,   ) Trial Date:  None Set
17  PAULUS LIEM SANTOSO, M.D., IAN BRENT )
    TILLEY, M.D., TRACY DIONNE ROBINSON, )
18  M.D., and DOES 1 - 20, inclusive,  )
                                       )
19            Defendants.              )
                                       )

20       TO ALL PARTIES AND TO THEIR RESPECTIVE COUNSEL OF RECORD:

21       PLEASE TAKE NOTICE that Defendants, CATHOLIC HEALTHCARE WEST dba

22  CALIFORNIA HOSPITAL MEDICAL CENTER and CARLA ANN TOMS, M.D., hereby

23  demand a trial by jury in the above-entitled matter.

24  Dated: April 25, 2011              FONDA & FRASER, LLP

25

26                                     By: _____
27                                         STEPHEN C. FRASER
                                           JOHN AITELLI
28                                         Attorneys for Defendant
                                           CALIFORNIA HOSPITAL MEDICAL
                                           CENTER
                                              -1-

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

On April **28** 2011, I served the within document(s) described as:

**DEMAND FOR JURY TRIAL**

on the interested parties in this action as stated on the attached mailing list.

[X]  (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on April **28** 2011, at Glendale, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Michelle M. Chavez**
_____          _____
(Type or print name)                              (Signature)

1

<u>SERVICE LIST</u>

2

3 | *Attorneys for Plaintiffs*

4 | Nora Hovsepian, Esq.
LAW OFFICES OF NORA HOVSEPIAN
5 | 16133 Ventura Blvd., Suite 901
Encino, CA  91436
6 | Tel.   (818) 785-5858
Fax    (818) 785-5558

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-
DEMAND FOR JURY TRIAL

5145380.1

1 | **FONDA & FRASER, LLP**
Stephen C. Fraser, State Bar No. 152746
2 | John Aitelli, State Bar No. 122390
Daniel K. Dik, State Bar No. 155338
3 | 100 West Broadway, Suite 650
Glendale, California 91210-1201
4 | Telephone: (818) 543-1380
Facsimile: (818) 543-1389
5 | E-Mail: sfraser@fondafraserlaw.com

6 | Attorneys for Defendant
CATHOLIC HEALTHCARE WEST dba
7 | CALIFORNIA HOSPITAL MEDICAL
CENTER and CARLA ANN TOMS, M.D.
8 | (CHW069)

*CONFORMED COPY*
*ORIGINAL FILED*
*SUPERIOR COURT OF CALIFORNIA*
*COUNTY OF LOS ANGELES*

*APR 2 9 2011*

*John A. Clarke, Executive Officer/Clerk*
*BY* _____
*Mary Flores* , Deputy

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES**

11 |

12 | SHIRLEY LORRAINE DOTSON AND
CURTIS CALLOWAY,
13 |
Plaintiffs,
14 |
vs.
15 |
CALIFORNIA HOSPITAL MEDICAL
16 | CENTER, CARLA ANN TOMS, M.D.,
EDWARD PAKORN TANGCHITNOB, M.D.,
17 | PAULUS LIEM SANTOSO, M.D., IAN BRENT
TILLEY, M.D., TRACY DIONNE ROBINSON,
18 | M.D., and DOES 1 - 20, inclusive,
19 |
Defendants.
20 |

Case No. BC459326

Assigned for All Purposes To:
Hon. Malcolm H. Mackey
Dept: "55"

**NOTICE OF HEARING; DEMURRER
AND SPECIAL DEMURRER BY CARLA
M. TOM, M.D.; MEMORANDUM OF
POINTS AND AUTHORITIES**

Date:   September 21, 2011
Time:   8:30 a.m.
Dept:   "55"

Complaint Filed:   April 11, 2011
Trial Date:   None

( ) Cal'd _____ ( ) Logged
( ) Tasked _____ ( ) Scanned
Oppo _____
Reply _____

22 | TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23 | PLEASE TAKE NOTICE that on September 21, 2011, at 8:30 a.m., the first date available

24 | in Department 55, Central District of the above court, located at 111 North Hill Street, Los

25 | Angeles, California, defendant CARLA ANN TOMS, M.D. will demur and specially demur,

26 | pursuant to Code of Civil Procedure §430.10 subparagraphs (e) and (f), to the Complaint filed on

27 | behalf of plaintiffs, Shirley Lorraine Dotson and Curtis Calloway.

28 | The demurrer and special demurrer are based on this notice of hearing, the demurrer and

-1-

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

1   **FONDA & FRASER, LLP**
Stephen C. Fraser, State Bar No. 152746
2   John Aitelli, State Bar No. 122390
Daniel K. Dik, State Bar No. 155338
3   100 West Broadway, Suite 650
Glendale, California 91210-1201
4   Telephone: (818) 543-1380
Facsimile: (818) 543-1389
5   E-Mail: sfraser@fondafraserlaw.com

6   Attorneys for Defendant
CATHOLIC HEALTHCARE WEST dba
7   CALIFORNIA HOSPITAL MEDICAL
CENTER and CARLA ANN TOMS, M.D.
8   (CHW069)

9           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF LOS ANGELES**

11

12   SHIRLEY LORRAINE DOTSON AND          ) Case No. BC459326
CURTIS CALLOWAY,                     )
13                                        ) Assigned for All Purposes To:
         Plaintiffs,                 ) Hon. Malcolm H. Mackey
14                                        ) Dept:   "55"
         vs.                         )
15                                        ) **NOTICE OF HEARING; DEMURRER**
CALIFORNIA HOSPITAL MEDICAL          ) **AND SPECIAL DEMURRER BY CARLA**
16   CENTER, CARLA ANN TOMS, M.D.,        ) **M. TOM, M.D.; MEMORANDUM OF**
EDWARD PAKORN TANGCHITNOB, M.D.,     ) **POINTS AND AUTHORITIES**
17   PAULUS LIEM SANTOSO, M.D., IAN BRENT )
TILLEY, M.D., TRACY DIONNE ROBINSON, ) Date:    September 21, 2011
18   M.D., and DOES 1 - 20, inclusive,    ) Time:    8:30 a.m.
                                     ) Dept:    "55"
19           Defendants.              )
                                     ) Complaint Filed:  April 11, 2011
20   _____) Trial Date:  None

21

22   TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

23           PLEASE TAKE NOTICE that on September 21, 2011, at 8:30 a.m., the first date available

24   in Department 55, Central District of the above court, located at 111 North Hill Street, Los

25   Angeles, California, defendant CARLA ANN TOMS, M.D. will demur and specially demur,

26   pursuant to Code of Civil Procedure §430.10 subparagraphs (e) and (f), to the Complaint filed on

27   behalf of plaintiffs, Shirley Lorraine Dotson and Curtis Calloway.

28           The demurrer and special demurrer are based on this notice of hearing, the demurrer and

**FONDA &**
**FRASER LLP**
ttorneys at Law                          -1-
                    NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
5145996.1                        MEMORANDUM OF POINTS AND AUTHORITIES

1   special demurrer, the accompanying memorandum of points and authorities, the operative

2   complaint and all exhibits thereto, the pleadings and papers already on file with the court in this

3   matter, and upon any other matter that may be brought to the attention of the court at or before the

4   hearing.

5

6   Dated: 4/28/2011                                FONDA & FRASER, LLP

7

8                                              By: _____

9                                                  STEPHEN C. FRASER
                                                   JOHN AITELLI
10                                                 DANIEL K. DIK
                                                   Attorneys for Defendant
11                                                 CALIFORNIA HOSPITAL MEDICAL
                                                   CENTER and CARLA ANN TOMS, M.D.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
Attorneys at Law

-2-
NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

# DEMURRER AND SPECIAL DEMURRER TO COMPLAINT

Defendant, CARLA ANN TOMS, M.D., demurs and specially demurs to the complaint filed on behalf of plaintiffs Shirley Lorraine Dotson and Curtis Calloway on the following grounds:

## AS TO THE FIRST CAUSE OF ACTION

1.      The first cause of action in the complaint brought on behalf of Shirley Lorraine Dotson fails to state facts sufficient to constitute any cause of action against defendant, CARLA ANN TOMS, M.D.  (Code of Civil Procedure §430.10(e).)

2.      The first cause of action in the complaint brought on behalf of Shirley Lorraine Dotson against defendant, CARLA ANN TOMS, M.D. is vague, ambiguous and unintelligible, because it contains two causes of action mixed into one.  (Code of Civil Procedure §430.10(f).)

## AS TO THE SECOND CAUSE OF ACTION

3.      The second cause of action in the complaint brought on behalf of Curtis Calloway fails to state facts sufficient to constitute any cause of action against defendant, CARLA ANN TOMS, M.D.  (Code of Civil Procedure §430.10(e).)

4.      The second cause of action in the complaint brought on behalf of Curtis Calloway against defendant, CARLA ANN TOMS, M.D. is vague, ambiguous and unintelligible, because it contains two causes of action mixed into one.  (Code of Civil Procedure §430.10(f).)

For these reasons, defendant Carla Ann Toms, M.D. respectfully requests the court to sustain its demurrer and special demurrer to the above referenced causes of action contained in the complaint filed on behalf of plaintiffs Shirley Lorraine Dotson and Curtis Calloway.

Dated: 4/28/2011

FONDA & FRASER, LLP

By: _____
STEPHEN C. FRASER
JOHN AITELLI
DANIEL K. DIK
Attorneys for Defendant CALIFORNIA HOSPITAL MEDICAL CENTER and CARLA ANN TOMS, M.D.

FONDA & FRASER LLP
Attorneys at Law

-1-
NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.; MEMORANDUM OF POINTS AND AUTHORITIES
5145996.1

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES...................................................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES...............................2

    Preliminary Statement.................................................................................2

1.    THE SUFFICIENCY OF ALLEGATIONS IN ANY COMPLAINT CAN BE CHALLENGED BY DEMURRER...............................................2

2.    WRONGFUL DEATH IS A SINGLE, UNITARY CLAIM, HELD JOINTLY BY ALL POTENTIAL CLAIMANTS, REGARDLESS OF THEIR NUMBER. THERE CANNOT BE TWO SUCH CLAIMS. .................................................................................................3

3.    THE TWO CAUSES OF ACTION ARE SUBJECT TO SPECIAL DEMURRER, BECAUSE ACH SEEKS TO STATE TWO SEPARATE CAUSES OF ACTION IN ONE.................................5

4.    THERE IS NO WRONGFUL DEATH ACTION FOR A STILL BORN FETUS...........................................................................................6

5.    THING V. LA CHUSA CONSCIOUSLY LIMITED THE TORT OF NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS...................9

6.    MR. CALLOWAY HAS NO CLAIM FOR NIED. ...........................10

    A.    *Justus v. Atchison* (1977) 19 Cal.3d 564 ...................................10

    B.    Additional support from the post-*Thing* decision in *Bird v. Saenz* (2002) 28 Cal.4th 910......................................................................11

    C.    *Eldon v. Sheldon* bars Calloway's claim for witnessing care rendered to Dotson .........................................................................12

CONCLUSION .................................................................................................13

FONDA &
RASER LLP
torneys at Law

5145996.1

## TABLE OF AUTHORITIES

<u>CASES</u>                                                                                    Page

*Austin v. Regents of the University of California* (1979)
    89 Cal.App.3d 354 ....................................................................... 8

*Award Metals Inc. v. Superior Court* (1991)
    228 Cal.App.3d 1128 ................................................................... 5

*Bird v. Saenz* (2002)
    28 Cal.4th 910 ............................................................... 11, 12, 13

*Burgess v. Superior Court* (1992)
    2 Cal.4th 1064 ..................................................................... 2, 12

*Campbell v. Rayburn* (1954)
    129 Cal.App.2d 232 ................................................................... 5

*Cantu v. R.T.C.* (1992)
    4 Cal.App.4th 857 ..................................................................... 3

*Cross v. Pacific Gas & Elec. Co.* (1964)
    60 Cal.2d 690 ......................................................................... 4

*Crowley v. Katleman* (1994)
    8 Cal.4th 666 ......................................................................... 3

*Dillon v. Legg* (1968)
    68 Cal.2d 728 ......................................................................... 9

*Div. of Labor Law Enf. v. Barnes* (1962)
    205 Cal.App.2d 337 ................................................................... 6

*Elam v. College Park Hospital* (1982)
    132 Cal.App.3d 332 ................................................................... 3

*Eldon v. Sheldon* (1988)
    46 Cal.3d 267 ..................................................................... 12, 13

*James v. Superior Court* (1968)
    261 Cal.App.2d 415 ................................................................... 3

*Justus v. Atchison* (1977)
    19 Cal.3d 564 ................................................. 4, 7, 8, 10, 11, 12, 13

*Kim v. Yi* (2nd Dist. 2006)
    139 Cal.App.4th 543 ............................................................... 4, 8

*Lawrence v. Bank of America* (1985)
    163 Cal.App.3d 431 ................................................................... 3

*Metzenbaum v. Metzenbaum* (1948)
    86 Cal.App.2d 750 ................................................................... 3

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

FONDA &
FRASER LLP
ttorneys at Law

5145996.1

*Mycogen Corp. v. Monsanto Co.* (2002)
    28 Cal.4th 888 ................................................................................. 3

*Ochoa v. Superior Court* (1985)
    39 Cal.3d 159 .................................................................................. 7

*Pascoe v. So. Cal. Edison Co.* (1951)
    102 Cal.App.2d 254 ......................................................................... 3

*Rakestraw v. California Physicians' Services* (2000)
    81 Cal.App.4th 39 ............................................................................ 3

*Reyna v. City and County of San Francisco* (1977)
    69 Cal.App.3d 876 ........................................................................... 6

*Rodrigues v. Campbell Industries* (1978)
    87 Cal.App.3d 494 ........................................................................... 5

*Romero v. Pacific Gas & Elec. Co.* (2007)
    156 Cal.App.4th 211 ........................................................................ 4

*Thing v. La Chusa* (1989)
    48 Cal.3d 644 ................................................................ 9, 10, 12, 13

*Valdez v. Smith* (1985)
    166 Cal.App.3d 723 ......................................................................... 4

*Yates v. Pollock* (2nd Dist. 1987)
    194 Cal.App.3d 195 ......................................................................... 5

## STATUTES

*California Code of Civil Procedure*

    § 43.1 ............................................................................................... 6
    § 333.2 .............................................................................................. 2
    § 340.5 .............................................................................................. 2
    § 377.34 ............................................................................................ 2
    § 377.60 .......................................................................................... 4, 8
    § 425.10(a) ........................................................................................ 3
    § 430.10 ............................................................................................ 2

FONDA &
FRASER LLP
Attorneys at Law

-iii-

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### Preliminary Statement

Plaintiffs Shirley Lorraine Dotson and Curtis Calloway are the parents of a stillborn fetus delivered in January 2010 at defendant California Hospital Medical Center. Defendant Carla Ann Tom, M.D. was one of the doctors alleged to have been involved. Their current complaint contains two causes of action: (1) by Ms. Dotson for wrongful death and for NIED on a *Burgess*[1] claim basis; and (2) by Mr. Calloway, again for wrongful death and for NIED.[2]

What plaintiffs have done in this initial complaint is split a unitary cause of action for wrongful death, mixed it in the first cause of action with Ms. Dotson's separate cause of action for *Burgess* style direct victim NIED, and mixed that wrongful death claim with what we believe to be an unsustainable claim by Mr. Calloway in the second count for NIED. They are not entitled to a claim for wrongful death based upon the still birth of a fetus. Mr. Calloway has no viable claim for NIED. This is not a matter of defense lawyer delay or pettifogging. In California, there is a $250,000 limit upon non-economic damages in cases arising out of a health care provider's negligence. (Civil Code § 3333.2.) Wrongful death is a unitary claim, with a single MICRA cap for all takers under a single wrongful death claim. The split between two causes of action therefore seeks to improperly inflate damages in this case, to the tune of a quarter of a million dollars. The addition of an unsustainable claim for NIED in Mr. Calloway seeks another quarter of a million.

### 1.   THE SUFFICIENCY OF ALLEGATIONS IN ANY COMPLAINT CAN BE CHALLENGED BY DEMURRER.

The party against whom a complaint has been filed may object, in whole or part, to the pleading by demurrer. (California Code of Civil Procedure §430.10.) A demurrer tests the

---

[1] *Burgess v. Superior Court* (1992) 2 Cal.4th 1064, referenced in the Complaint at ¶ 22, p. 9. We note in passing that in *Burgess*, unlike here, the child was born alive, after suffering intra-uterine anoxia, and *died later*, leading to a medical negligence based wrongful death claim.

[2] No survivor claim (Code Civ. Proc. § 377.34) for medical negligence was pled on behalf of the still born. Given that the delivery occurred in mid-January 2010, and it is now the end of April 2011, no such claim can be asserted. Code Civ. Proc. § 340.5.

FONDA &
FRASER LLP
Attorneys at Law

-2-

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

1   sufficiency of the allegations in the complaint, to see whether they state a cognizable cause of

2   action. (*James v. Superior Court* (1968) 261 Cal.App.2d 415, 416.)  Because a demurrer tests the

3   legal sufficiency of a complaint plaintiff must show that the complaint alleges facts sufficient to

4   establish every element of each cause of action. (*Rakestraw v. California Physicians' Services*

5   (2000) 81 Cal.App.4th 39, 43 rev. den. [demurrer sustained without leave to amend, Knox-Keene

6   Act permitted HMO to require co-payments, therefore no violation of the Act and thus no breach of

7   contract action stated]; *Cantu v. R.T.C.* (1992) 4 Cal.App.4th 857, 879-880.)  Where there can be

8   no liability as a matter of law, the demurrer should be sustained without leave to amend.

9   (*Lawrence v. Bank of America* (1985) 163 Cal.App.3d 431, 436.)

10          Code of Civil Procedure §425.10(a) requires all complaints to have a statement of the facts

11   constituting plaintiff's cause of action against a defendant.  It is well settled that plaintiff must set

12   forth the essential facts of his or her case, with reasonable precision and sufficient clarity and

13   particularity, so that a defendant charged may be appraised of the nature, source and extent of the

14   claim against him or her.    (*Metzenbaum v. Metzenbaum* (1948) 86 Cal.App.2d 750, 753.)

15          Duty, its existence, and its scope, is an issue of law for the court to determine. (*Elam v.

16   College Park Hospital* (1982) 132 Cal.App.3d 332, 339.)  One cannot, by allegation, create a legal

17   duty that otherwise does not exist. (*Pascoe v. So. Cal. Edison Co.* (1951) 102 Cal.App.2d 254, 257

18   [demurrer without leave *affirmed*].)  The burden of stating a cognizable cause of action rests upon

19   the plaintiff.  (*Id.*)

20

21          **2.      WRONGFUL DEATH IS A SINGLE, UNITARY CLAIM, HELD**

22                   **JOINTLY BY ALL POTENTIAL CLAIMANTS, REGARDLESS OF**

23                   **THEIR NUMBER.  THERE CANNOT BE TWO SUCH CLAIMS.**

24          This complaint actually is an exercise in "splitting a cause of action"; a conclusion

25   that one draws naturally upon considering the nature of a cause of action in California.  The

26   "primary rights theory" of Pomeroy defines the concept of "cause of action", and a single invasion

27   of a single primary right gives rise to only one cause of action.  "Primary rights" theory was

28   explained as follows in *Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904 *citations*

**FONDA &**
**FRASER LLP**
*Attorneys at Law*

-3-

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

1    *omitted, following Crowley v. Katleman* (1994) 8 Cal.4th 666, 681-682.

2        "The primary right theory is a theory of code pleading that has long been followed
         in California.  It provides that a 'cause of action' is comprised of a 'primary right' of
3        the plaintiff, a corresponding 'primary duty' of the defendant, and a wrongful act by
         the defendant constituting a breach of that duty.  The most salient characteristic of a
4        primary right is that it is indivisible: the violation of a single primary right gives rise
         to but a single cause of action.  As far as its content is concerned, the primary right
5        is simply the plaintiff's right to be free from the particular injury suffered.  It must
         therefore be distinguished from the legal theory on which liability for that injury is
6        premised: 'Even where there are multiple legal theories upon which recovery might
         be predicated, one injury gives rise to only one claim for relief.'  The primary right
7        must also be distinguished from the remedy sought: 'The violation of one primary
         right constitutes a single cause of action, though it may entitle the injured party to
8        many forms of relief, and the relief is not to be confounded with the cause of action,
         one not being determinative of the other.'"

9

10       Plaintiff parents seek to recover for wrongful death by medical negligence.  This they may

11   do, but only once, as a group.

12       Wrongful death is a statutory claim existing only so far as the Legislature has provided for

13   it.  Code Civ. Proc. § 377.60; *Justus v. Atchison* (1977) 19 Cal.3d 564, 575; *Kim v. Yi* (2nd Dist.

14   2006) 139 Cal.App.4th 543, 546.

15       <u>Wrongful death is also a unitary claim, in which all statutory takers under decedent hold</u>

16   <u>and bring the claim together, and obtain one lump sum joint recovery.</u>

17       "A cause of action for wrongful death is authorized by section 377.60.  As is
         relevant here, that statute provides that a cause of action for wrongful death may be
18       asserted by the persons, "who would be entitled to the property of the decedent by
         intestate succession." (§ 377.60, subd. (a).)  The wrongful death statute has been
19       interpreted to authorize only a single action, in which all the decedent's heirs must
         join. (*Gonzales v. Southern California Edison Co., supra,* 77 Cal.App.4th at p. 489,
20       91 Cal.Rptr.2d 530.)" *Romero v. Pacific Gas & Elec. Co.* (2007) 156 Cal.App.4th
         211, 216.

21

22   *Accord, Valdez v. Smith* (1985) 166 Cal.App.3d 723, 726: "however, actions for wrongful death

23   are considered to be joint, single and indivisible.  This phrase is explained by the Supreme Court in

24   *Cross v. Pacific Gas & Elec. Co.* (1964) 60 Cal.2d 690, 694, 36 Cal.Rptr. 321, 388 P.2d 353:

25       "In stating that an action for wrongful death is joint, it is meant that all heirs should
         join or be joined in the action and that a single verdict should be rendered for all
26       recoverable damages; when it is said that the action is single, it is meant that only
         one action for wrongful death may be brought whether, in fact, it is instituted by all
27       or only one of the heirs, or by the personal representative of the decedent as
         statutory trustee for the heirs; and when it is said that the action is indivisible, it is
28       meant that there cannot be a series of suits by heirs against the tortfeasor for their
         individual damages."

-4-
NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

A single, $250,000 MICRA cap on non-economic damages, applies to wrongful death actions brought on a basis of medical negligence. *Yates v. Pollock* (2nd Dist. 1987) 194 Cal.App.3d 195, 199-201. As explained therein:

> As a "fall back" position, plaintiffs assert that even if section 3333.2 is applicable to wrongful death actions, its $250,000 limitation should be applied to each plaintiff individually and not to all plaintiffs in the aggregate. However, it is evident from the terms of the statute that while each injured plaintiff is entitled to seek noneconomic damages, the maximum recovery permitted in any single medical malpractice action is $250,000, regardless of the number of plaintiffs involved. Since the Legislature was obviously aware that "case precedent has consistently held 'only *one action* [can] be brought for the wrongful death of a person thereby preventing multiple actions by individual heirs and the personal representative' ..." and that "the cause of action for wrongful death has been consistently characterized as 'a joint one, a single one and an indivisible one' ..." (*Canavin v. Pacific Southwest Airlines, supra,* 148 Cal.App.3d at p. 529, 196 Cal.Rptr. 82; emphasis in original; *Cross v. Pacific Gas & Elec.Co.* (1964) 60 Cal.2d 690, 694, 36 Cal.Rptr. 321, 388 P.2d 353), we can but conclude its use of the word "action" in section 3333.2 represents its conscious decision to limit the total recovery for noneconomic loss in such suits to $250,000." *Yates v. Pollock, supra,* 195 Cal.App.3d at 200-201.

All of the foregoing being so, it follows then that Ms. Dotson and Mr. Calloway cannot state and maintain two separate causes of action for wrongful death, as this original complaint tries to do. Instead, they may seek to state one wrongful death claim, in which they both must join. Duplicative causes of action should be removed by sustaining demurrer. *Award Metals Inc. v. Superior Court* (1991) 228 Cal.App.3d 1128, 1135; *Rodrigues v. Campbell Industries* (1978) 87 Cal.App.3d 494, 501.

3.    **THE TWO CAUSES OF ACTION ARE SUBJECT TO SPECIAL DEMURRER, BECAUSE EACH SEEKS TO STATE TWO SEPARATE CAUSES OF ACTION IN ONE.**

The first cause of action seeks recompense for the wrongful death of the still born, and for Ms. Dotson's NIED under a Burgess theory. The second cause of action seeks recompense for the wrongful death of the still born, and for Mr. Calloway's NIED under a bystander theory.

"A further consideration is that the special demurrer was properly sustained because the complaint was defective in that two purported causes of action were not separately stated."

FONDA &
FRASER LLP
ttorneys at Law

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES
5145996.1

1    *Campbell v. Rayburn* (1954) 129 Cal.App.2d 232, 235. "It is familiar law that a complaint or

2    cross-complaint in which two or more purported causes of action are not separately stated is

3    vulnerable and subject to a special demurrer. [Citation to *Campbell.*] Therefore, the first ground of

4    demurrer is well taken." *Div. of Labor Law Enf. v. Barnes* (1962) 205 Cal.App.2d 337, 345.

5

6    **4.    THERE IS NO WRONGFUL DEATH ACTION FOR A STILL**

7    **BORN FETUS.**

8        As pled in the complaint, ¶ 1 1:25-2:3, the pregnancy that brought Ms. Dotson and Mr.

9    Calloway to California Hospital Medical Center resulted in the delivery of a still born.

10       It is settled law in California that there is no wrongful death action for a still born.

11       We are fully aware of Civil Code § 43.1, providing in full: "A child conceived, but not yet

12   born, is deemed an existing person, so far as necessary for the child's interests in the event of the

13   child's subsequent birth."

14       First, the express words of the statute say that the unborn is a person *"so far as necessary*

15   *for the child's interests"* after birth. *The wrongful death claim is not a claim residing in decedent*

16   *child;* it resides if at all in the child's parents.

17       Furthermore, it was expressly held, under the predecessor to Civil Code § 43.1, then Section

18   29 (which is not different in relevant terms from Section 43.1), and Code Civ. Proc. § 377

19   (predecessor to Code Civ. Proc. § 377.60) that a parent of a still born does not have any cause of

20   action for wrongful death.

21       In *Reyna v. City and County of San Francisco* (1977) 69 Cal.App.3d 876, suit was brought

22   against city and county to recover damages for the wrongful death of plaintiffs' unborn child, a

23   viable fetus.  The Superior Court sustained the general demurrer of a codefendant without leave to

24   amend and it was stipulated that a similar ruling would be deemed to have been made with respect

25   to the city.  Plaintiffs appealed, and the demurrer was upheld by First District.  As explained therein

26   by the Court of Appeal:

27       "May the parents of an unborn child maintain an action for its wrongful death under
         Code of Civil Procedure section 377?

28
         The California 'wrongful death' statute, Code of Civil Procedure section 377

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

(hereafter section 377), reads in relevant part: 'When the death of a person is caused by the wrongful act or neglect of another, his *880 or her heirs or personal representatives on their behalf may maintain an action for damages against the person causing the death . . ..' The question immediately raised is whether unborn children are included within the meaning of 'person' as that word first appears in the code section.

Prior cases and legislative history compel the conclusion that unborn children are not persons within the meaning of section 377." *Reyna, supra,* 69 Cal.App.3d 879-880.

* * * *

Section 29 provides, in part: 'A child conceived, but not yet born, is to be deemed an existing person, So far as may be necessary for its interests in the event of its subsequent birth . . ..' (Emphasis added.)

The 'limited purpose' of section 29, having to do only with the unborn child's interests, does not affect the wrongful death statute. The latter provides a cause of action in certain survivors, to compensate Their loss, not the decedent's. (55 Cal.Jur.2d (1960) Wrongful Death, s 10, pp. 403—404.) The cause of action is not derivative. (*Id.*)

As stated in *Bayer,* 'In the interpretation of statutes, every word, phrase, or provision is presumed to be intended by the Legislature to have meaning and perform a useful function. (Citation.) If an unborn child is legally a person there would be no useful function to be performed by the section in deeming the child a person for this one limited purpose.' (23 Cal.App.3d at p. 364, 100 Cal.Rptr. at p. 214.)

An additional reason given in the Bayer decision was that the Legislature had amended section 377 after Norman, without providing for a cause of action upon the death of an unborn child. 'We recognize the significance,' said the Bayer court, 'of the legislative inaction in the light of pertinent judicial precedent.' (23 Cal.App.3d at p. 364, 100 Cal.Rptr. at p. 214.)

The further amendment in 1975, after Bayer, also failed to specify such a cause of action, though it did remove the minority-majority distinction. Thus there is further reason to believe that the Legislature means not to grant a cause of action to survivors of unborn children.

We conclude, therefore, that section 377 does not provide a cause of action for the wrongful death of an unborn child. We limit this decision to the case of a child whose death was caused before its delivery commenced. We do not consider the situation where the death of the child occurs during the course of its actual birth." *Reyna, supra,* 69 Cal.App.3d 880-881.

Later that same year, in *Justus v. Atchison* (1977) 19 Cal.3d 564, *disapproved on other grounds by Ochoa v. Superior Court* (1985) 39 Cal.3d 159, 168 (*see* footnote *infra*), our Supreme Court undertook the same analysis, and reached the same conclusion. Linda Sue Justus and Karen Powell each gave birth to stillborn infants, and sued the hospitals and doctors for wrongful death.

FONDA &
FRASER LLP
ttorneys at Law

-7-
NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES
5145996.1

1  The Supreme Court held that there was no cause of action for wrongful death in such case.

2  "We conclude from the foregoing that when the Legislature determines to confer
3  legal personality on unborn fetuses for certain limited purposes, it expresses that
   intent in specific and appropriate terms; the corollary, of course, is that when the
   Legislature speaks generally of a 'person,' as in section 377, it impliedly but plainly
4  excludes such fetuses. We are not so naive as to believe that the Legislature
   entertained any intent at all with respect to fetuses when it first addressed the
5  question of recovery for wrongful death in 1862 and 1872. (*Cf. Britt v. Sears* (1971)
   *supra,* 150 Ind.App. 487, 277 N.E.2d 20, 24—25; *Kwaterski v. State Farm Mut.*
6  *Automobile Ins. Co.* (1967) *supra,* 34 Wis.2d 14, 148 N.W.2d 107, 111.) But we
   may fairly infer that if at any time during the ensuing century the Legislature had
7  meant to include fetuses among the class of victims described in section 377, it
   could easily have so provided by amending the statute in either of the ways in
8  which, as we have seen, it amended Penal Code sections 187 and 270 for the very
   same purpose. We decline to promulgate such an amendment ourselves." *Justus*
9  *supra,* 19 Cal.3d at 579.

10  * * * * * * * *

11  "In conclusion, we agree with one of the latest reported expressions of judicial
    opinion on this issue, in which a unanimous Missouri Supreme Court held that 'a
12  wrongful death action may not be maintained for the death of an unborn child. It is
    our view that a fetus is not a 'person' within the meaning of our wrongful death
13  statute until there has been a live birth. We think the legislature in enacting the
    original act and subsequent revisions did not intend to create an action for the death
14  of a fetus never born alive. In view of the common law rule that an unborn fetus
    was not a 'person' we think if there had been an intention to create such an action it
15  would have been specifically so stated." *Justus supra,* 19 Cal.3d at 580.

16  Two years later the Second District barred a father from stating a wrongful death action for

17  a fetus that died during the delivery. In *Austin v. Regents of the University of California* (1979) 89

18  Cal.App.3d 354, the father's action arose out of the death of plaintiff's wife during delivery of their

19  child and the subsequent death of the unborn child. The appeal was from MSJ as against his NIED

20  claim; however the trial court had earlier in the case sustained demurrer without leave to amend to

21  father's attempt to state a claim for wrongful death of the fetus. *Citing* to *Justus v. Achison,* the

22  *Austin* court at p. 358 perfunctorily held that the dismissal of the wrongful death claim was proper.

23  Once again, wrongful death is a statutory claim existing only so far as the Legislature has

24  provided for it. Code Civ. Proc. § 377.60; *Justus v. Atchison* (1977) 19 Cal.3d 564, 575; *Kim v. Yi*

25  (2nd Dist. 2006) 139 Cal.App.4th 543, 546.

26  Therefore, **neither Mr. Calloway nor Ms. Dotson can state a claim for wrongful death,**

27  **due to the still birth that is at the center of this litigation.** Demurrer to the first and second

28  causes of action, to the extent they seek to state a claim for wrongful death, should be sustained

FONDA &
FRASER LLP
Attorneys at Law

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

1  without leave to amend, based on *Reyna, Justus,* and *Austin.*

2       **5.**    <u>THING V. LA CHUSA CONSCIOUSLY LIMITED THE TORT OF</u>

3           <u>NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.</u>

4       The facts in *Thing v. La Chusa* (1989) 48 Cal.3d 644 could not have been any more heart

5  rending. Little Johnny Thing was struck down by a car. His sister ran to mommy, nearby, and told

6  Ms. Thing what had happened, because Maria Thing had neither heard nor seen the accident.

7  Maria Thing ran to the street, saw Johnny lying in the street, bloodied and crumpled, and as would

8  any mother who believes she has just seen her child dead, suffered severe emotional distress.

9       The San Diego County Superior Court granted summary judgment to defendant driver

10  James La Chusa, ruling as a matter of law that Maria Thing had not established a claim for

11  negligent infliction of emotional distress, because she did not contemporaneously and sensorily

12  perceive the accident. (48 Cal.3d at 648.) The California Supreme Court affirmed and reinstated

13  the Superior Court's ruling that Maria Thing had no cause of action.

14       The *Thing* Court was faced with the task of reining in the tort of NIED, after the expansive

15  litigation growth industry spawned by its own decision 21 years earlier in *Dillon v. Legg* (1968) 68

16  Cal.2d 728.

17       "The expectation of the *Dillon* majority that the parameters of the tort would be
further defined in future cases has not been fulfilled. Instead, subsequent decisions

18       of the Courts of Appeal and this court, have created more uncertainty. And just as
the 'zone of danger' limitation was abandoned in *Dillon* as an arbitrary restriction on

19       recovery, the *Dillon* guidelines have been relaxed on grounds that they, too, created
arbitrary limitations on recovery. Little consideration has been given in post-*Dillon*

20       decisions to the importance of avoiding the limitless exposure to liability that the
pure foreseeability test of 'duty' would create and towards which these decisions

21       have moved." (*Thing, supra,* 48 Cal.3d at 656.)

22  The Court then undertook a detailed review of the post-*Dillon* case law and scholarly commentary

23  concerning the NIED tort. (48 Cal.3d at 656-666.) The Court recognized that potential liability

24  had gotten out of hand, and that some arbitrary line drawing simply had to be done.

25       "In order to avoid limitless liability out of all proportion to the degree of a
defendant's negligence and against which it is impossible to insure without imposing

26       unacceptable costs on those among whom the risk is spread, the right to recover for
negligently caused emotional distress must be limited." (*Thing v. La Chusa, supra,*

27       48 Cal.3d at 664.)

28       Speaking a bit further on about limiting the potential pool of plaintiffs to close relatives, the

FONDA &
FRASER LLP
ttorneys at Law

-9-

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

1  Court explained: "Such limitations are indisputably arbitrary since it is foreseeable that in some

2  cases unrelated persons have a relationship to the victim or are so affected by the traumatic event

3  that they suffer equivalent emotional distress.  As we have observed, however, drawing arbitrary

4  lines is unavoidable if we are to limit liability and establish meaningful rules for application by

5  litigants and lower courts." (*Thing, supra*, 48 Cal.3d at 666.)

6      This idea, this need for limits upon liability:

7        "Experience has shown that, contrary to the expectation of the Dillon majority, and
   with apology to Bernard Witkin, there are clear judicial days on which a court can
8        foresee forever and thus determine liability but none on which that foresight alone
   provides a socially and judicially acceptable limit on recovery of damages for that
9        injury." (*Thing, supra*, 48 Cal.3d at 668.)

10  It is in this context, and within these conceptual bookends, that the *Thing* Court set forth its well

11  known elements for negligent infliction of emotional distress:

12        "We conclude, therefore, that a plaintiff may recover damages for emotional distress
   caused by observing the negligently inflicted injury of a third person if, but only if,
13        said plaintiff:  (1) is closely related to the injury victim; (2) is present at the scene of
   the injury-producing event at the time it occurs and is then aware that it is causing
14        injury to the victim; and (3) as a result suffers serious emotional distress--a reaction
   beyond that which would be anticipated in a disinterested witness and which is not
15        an abnormal response to the circumstances." (*Thing v. La Chusa, supra*, 48 Cal.3d
   at 667-668.)

16

17      **6.**      **MR. CALLOWAY HAS NO CLAIM FOR NIED.**

18        **A.**     ***Justus v. Atchison* (1977) 19 Cal.3d 564**

19      In the consolidated decision of *Justus v. Atchison* (1977) 19 Cal.3d 564, Linda Sue Justus

20  and Karen Powell each gave birth to stillborn infants, and sued the hospitals and doctors for

21  wrongful death.  The father of each infant sued for their own shock and emotional distress resulting

22  from their having watched the deliveries of their stillborn infants.  The Supreme Court affirmed

23  dismissal of the fathers' claims after demurrers had been sustained.[3]

24      The Court first summarized the law then to date involving NIED claimants who had not

---

25  [3] We recognize that Justus was *disapproved on other grounds by Ochoa v. Superior Court* (1985)
26  39 Cal.3d 159, 168.  As stated therein "While in a proper case it may be said that a bystander
   assumed the risk of traumatic shock, we cannot say that in the ordinary course of events the
27  voluntary or involuntary presence of the plaintiff should be a decisive factor in determining
   whether plaintiff has stated a *Dillon* cause of action. To the extent that *Justus* makes a contrary
28  suggestion, it is disapproved." Whether Mr. Calloway was voluntarily present is not an issue here.

FONDA &
FRASER LLP
Attorneys at Law

-10-

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

1   witnessed a sudden cause to the injury.  (19 Cal.3d at 583-584.)  In two key paragraphs the Court

2   set forth why it was that the fathers had no claim.

3       "We now summarize the relevant allegations of the complaints in the case at bar.
        Each plaintiff husband asserts he was present in the delivery room and in close

4       proximity to his wife, and observed the defendants ministering to the latter.  Plaintiff
        Jeffrey A. Justus then alleges he saw the manipulation of the fetus with forceps and

5       by hand, and the emergency procedures performed on his wife in connection with
        the attempted Caesarian section.  In his complaint, plaintiff Robert F. Powell alleges

6       he was aware of the diminution of the fetal heart tones and observed the nurse's
        anxiety at her inability to monitor them, and was further aware of the resulting

7       emergency and the failure of the doctor to respond promptly when called.  Each of
        these plaintiffs then asserts he saw the prolapsing of the umbilical cord of the fetus

8       [reference] and the pain and trauma of his wife.  Finally, each alleges he was present
        when the attending physician announced that the fetus had died." (*Justus, supra*, 19

9       Cal.3d at 584.)

10      "These allegations admittedly state a closer case than the five above cited which
        denied recovery under *Dillon*: . . . But *Dillon* requires more than mere physical

11      presence:  as noted above, the shock must also result from a "direct emotional
        impact" on the plaintiff caused by "sensory and contemporaneous observance of the

12      accident" (68 Cal.2d at p. 740).  Here, although each plaintiff was in attendance at
        the death of the fetus, that event was by its very nature hidden from his

13      contemporaneous perception:  he could not see the injury to the victim as in
        *Mobaldi*, nor could he otherwise sense it as in *Archibald* or *Krouse*.  To put it

14      another way, he had been admitted to the theater but the drama was being played on
        a different stage." (*Justus, supra*, 19 Cal.3d at 584 emphasis added.)

15

16          **B.      Additional support from the post-*Thing* decision in *Bird v.***

17                   ***Saenz* (2002) 28 Cal.4th 910.**

18          The later decision in *Bird v. Saenz* (2002) 28 Cal.4th 910 supports the conclusion that this

19   father has no NIED claim.  In *Bird*, adult daughters were denied a bystander NIED claim, on

20   summary judgment, when they witnessed the disturbing aftermath attempt to diagnose and treat a

21   nicked artery.  The daughters admitted, as must Appellants herein, that they did not see the surgery

22   in which the artery was nicked, premising their claim upon hearing "stat" calls for assistance,

23   medical personnel running about, their mother being wheeled down the hall blue in the face, and

24   other after surgery events.  Their mother spent an additional 33 days in hospital, for what the Bird

25   plaintiffs had been told would be a 20 minute, routine, outpatient procedure.

26          Reversing the Court of Appeal, and reinstating the judgment of the trial court, the Supreme

27   Court found that the *Bird* plaintiffs failed to establish the second element of the NIED claim under

28   *Thing v. La Chusa*; they lacked presence at the scene of the injury causing event with

FONDA &
FRASER LLP
Attorneys at Law

-11-
NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES
5145996.1

1    contemporaneous awareness that it was causing injury to their mother. (28 Cal.4th at 915-922.)

2        Recognizing that they had a problem with this second element, the *Bird* plaintiffs tried to

3    finesse it, "by re-defining the injury producing event to include something of which there were

4    contemporaneously aware . . . that Defendants failed to diagnose that injury [nicked artery] and that

5    Defendants failed to treat that injury while it was occurring." *Bird, supra*, 28 Cal.4th at 917.

6        "The problem with defining the injury-producing event as defendants' failure to
7    diagnose and treat the damaged artery is that plaintiffs could not meaningfully have
     perceived any such failure. Except in the most obvious cases, a misdiagnosis is
8    beyond the awareness of lay bystanders. Here, what plaintiffs actually saw and
     heard was a call for a thoracic surgeon, a report of Nita suffering a possible stroke,
9    Nita in distress being rushed by numerous medical personnel to another room, a
     report of Nita possibly having suffered a nicked artery or vein, a physician carrying
10   units of blood and, finally, Nita still in distress being rushed to surgery. Even if
     plaintiffs believed, as they stated in their declarations, that their mother was
11   bleeding to death, they had no reason to know that the care she was receiving to
     diagnose and correct the cause of the problem was inadequate. While they
12   eventually became aware that one injury-producing event-the transected artery-had
     occurred, they had no basis for believing that another, subtler event was occurring in
13   its wake." *Bird, supra*, 28 Cal.4th at 917.

14       Now then; Ms. Dotson may state a claim for NIED, but not due to witnessing the demise of

15   the fetus. Rather, as set forth in *Burgess, supra*, Ms. Dotson may have a claim for negligence, in

16   the form of NIED, as a direct victim of defendants' medical ministrations.

17       Mr. Calloway, under *Justus* as amplified by *Bird*, has no cause of action as a bystander for

18   NIED based upon care rendered to the still born.

19       **C.    *Eldon v. Sheldon* bars Calloway's claim for witnessing care

20            rendered to Dotson.**

21       As pled in the complaint, at the time this care was rendered, <u>Dotson and Calloway were

22   fiancés, but they were not married</u>. Complaint ¶ 6, 2:8-12; ¶ 8, 2:17-3:9.

23       Under *Elden v. Sheldon* (1988) 46 Cal.3d 267, our Supreme Court, preceding its decision in

24   *Thing v. LaChusa*'s as to the extent of the pool of potential bystander NIED claimants, held that

25   <u>unmarried co-habitants could not state a claim for NIED</u>. 46 Cal.3d at 271-277.

26       In *Elden v. Sheldon*, passenger Richard Elden injured in automobile accident in which he

27   witnessed injury and death of his unmarried cohabitant Linda Eberling, brought action to recover

28   damages from the other motorist, for Elden's own physical injuries, and for negligent infliction of

     emotional distress and loss of consortium. Motorist and defendant, Robert Sheldon, demurred to

5145996.1

1 the negligent infliction of emotional distress and loss of consortium actions on grounds that

2 passenger was not legally married to victim at time of accident.

3     Our Supreme Court, deciding to draw bright line rules as to the extent of tort liability, held

4 that because Elden and Eberling were not married at the time of the incident, Elden had no claim

5 for either NIED[4] or for loss of consortium.

6     Therefore, insofar as Mr. Calloway seeks to state a cause of action for NIED, whether based

7 on the still born (*Justus, Bird, Thing*) or on Ms. Dotson's care (*Elden, Thing*), the court should

8 sustain demurrer without leave to amend.

9

10 **CONCLUSION**

11     As tragic as this set of facts may be for the parents involved, under California law their

12 complaint contains multiple defects, and seeks to state claims to which they are not entitled. For all

13 the above reasons, defendant Carla Ann Toms, M.D.'s demurrer and special demurrer should be

14 sustained.

15 Dated: 4/28/2011                 FONDA & FRASER, LLP

16

17                           By:

18                            STEPHEN C. FRASER

                            JOHN AITELLI

19                            DANIEL K. DIK

                           Attorneys for Defendant

20                            CALIFORNIA HOSPITAL MEDICAL

                           CENTER and CARLA ANN TOMS, M.D..

21

22

23 ───────────────────────

[4] "We have no quarrel with the factual premise of plaintiff's position. There can be no doubt that
24 the last two decades have seen a dramatic increase in the number of couples who live together
without formal marriage, that some of these couples are bound by emotional ties as strong as those
25 that bind formally married partners, and that they may share financial resources and expenses in the
same manner as married couples. It may well be also that the number of such households has
26 increased to the point that emotional trauma suffered by a partner in such an arrangement from
injury to his companion cannot be characterized as "unexpected or remote." Nevertheless, we
27 conclude, for the reasons stated below, that an unmarried cohabitant may not recover damages for
emotional distress based on such injury." *Elden v. Sheldon, supra,* 46 Cal.3d at 273.

28

FONDA &
FRASER LLP
Attorneys at Law

-13-

NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES

5145996.1

1

## PROOF OF SERVICE

2

3      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 100 West Broadway, Suite 650, Glendale, California 91210-1201.

4

5      On **April 28, 2011**, I served the within document(s) described as:

6    **NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.; MEMORANDUM OF POINTS AND AUTHORITIES**

7

8    on the interested parties in this action as stated on the attached mailing list.

9    [X]   (BY MAIL) By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the attached mailing list. I placed each such envelope for

10   collection and mailing following ordinary business practices. I am readily familiar with this Firm's practice for collection and processing of correspondence for mailing. Under that

11   practice, the correspondence would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Glendale, California, in the ordinary

12   course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of

13   deposit for mailing in affidavit.

14   Executed on **April 28, 2011**, at Glendale, California.

15      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

16

17      **Michelle M. Chavez**
        _____
18          (Type or print name)                                    (Signature)

19

20

21

22

23

24

25

26

27

28

FONDA &
FRASER LLP
ttorneys at Law

-14-
NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES
5145996.1

1

<u>**SERVICE LIST**</u>

2

Law Offices of Nora Hovsepian
3   Nora Hovsepian, Esq.
16133 Ventura Blvd., Suite 901
4   Encino, CA 91436
(818) 785-5858
5   (818) 785-5558

6   *Attorneys for Plaintiffs*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-
NOTICE OF HEARING; DEMURRER AND SPECIAL DEMURRER BY CARLA M. TOM, M.D.;
MEMORANDUM OF POINTS AND AUTHORITIES
5145996.1

3/13/13

1   CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
    ROBERT L. McKENNA III (State Bar No. 166650)
2   ESTHER W. KIM (State Bar No. 250026)
    111 W. Ocean Boulevard, 14th Floor
3   Post Office Box 22636
    Long Beach, CA 90801-5636
4   Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5   Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8                  SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                        IN THE COUNTY OF LOS ANGELES

10

11   SHIRLEY LORRAINE DOTSON,                   CASE NO.  BC459326

12                         Plaintiff,           ASSIGNED FOR ALL PURPOSES TO
                                                JUDGE MALCOLM H. MACKEY
13   vs.                                        DEPARTMENT 55

14   CALIFORNIA HOSPITAL MEDICAL                 Complaint Filed:     April 11, 2011
     CENTER, CARLA ANN TOMS, M.D.,               Trial Date:          May 13, 2013
15   EDWARD PAKORN TANGCHITNOB,
     M.D., PAULUS LIEM SANTOSO, M.D.,
16   IAN BRENT TILLEY, M.D., TRACY              **DEFENDANTS' EX PARTE
     DIONNE ROBINSON, M.D., and DOES 1-         APPLICATION TO CONTINUE
17   20, Inclusive,                             TRIAL; MEMORANDUM OF
                                                POINTS AND AUTHORITIES;
18                         Defendants.          DECLARATION OF ESTHER W.
                                                KIM**
19
                                                **[Filed concurrently with (Proposed) Order
20                                              granting Trial Continuance]**

21                                              **DATE:      March 13, 2013**
                                                **TIME:      8:30 a.m.**
22                                              **DEPT:      55**

23

24

25   TO THE COURT, TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

26        PLEASE TAKE NOTICE that on March 13, 2013 at 8:30 a.m. or as soon as counsel may

27   be heard in Department 55 of the above-entitled Court, located at 111 North Hill Street, Los

28   Angeles, CA 90012, defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO,

                                          1

1 | M.D., will move the Court for an order to continue the trial date in this matter from May 13,

2 | 2013, for 90 days to a date convenient to the Court and to all parties, pursuant to California *Rules*

3 | *of Court* Rule 3.1332. This Ex Parte Application is necessary because the trial date and

4 | associated deadlines are quickly approaching.

5 |     Good cause exists for granting this application to continue trial because the Defendants

6 | PAULUS SANTOSO, M.D. and IAN TILLEY, M.D. contend that they are employees of a

7 | federally deemed clinic under the Federal Tort Claims Act. As such, this matter has been

8 | tendered to the Department of Health and Human Services for substitution and removal. At this

9 | time, a final determination in this matter has still not been made. As such, these defendants have

10 | been limited in their participation and authority in this lawsuit.

11 |     Defendants are informed that a final determination will be made shortly. However, in

12 | light of the current status, all parties require additional time to conduct party and expert

13 | discovery. In addition, once a final determination is made, the parties would like to participate

14 | in a meaningful mediation, if appropriate. All parties have stipulated to a brief continuance.

15 | Accordingly, the interest of justice would be best served by continuing the trial date and

16 | defendant's motions for summary judgment.

17 |     This Ex Parte Application is based upon the accompanying Memorandum of Points and

18 | Authorities and the Declaration of Esther W. Kim in support thereof, and upon all pleadings,

19 | papers, records and files in this action, and on such oral or documentary evidence as may be

20 | presented at the hearing on this application. All parties were given notice of this Ex Parte

21 | Application.

22 |

23 | DATED: March 12, 2013         CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

24 |

25 |                         By: _____

26 |                             ROBERT L. McKENNA III
                            ESTHER W. KIM

27 |                             Attorneys for Defendants
                            IAN BRENT TILLEY, M.D. and

28 |                             PAULUS LIEM SANTOSO, M.D.

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This is a medical malpractice claim by Plaintiff SHIRLEY DOTSON against various defendants, including the only remaining defendants PAULUS SANTOSO, M.D. and IAN TILLEY, M.D. Defendants are employees of Eisner Pediatric and Family Medical Center and in said capacity provided obstetrical care to Plaintiff SHIRLEY DOTSON in the incident that has resulted in this litigation.

Eisner Pediatric and Family Medical Center is a federally-deemed clinic according to the Federal Tort Claim Act. Pursuant to same, this matter has been tendered to the Department of Health and Human Services. At no fault to Defendants PAULUS SANTOSO, M.D. and IAN TILLEY, M.D., a final determination of Defendants' tender remains to be made in this matter. As such, these Defendants have been limited in their authority and participation in this litigation.

As a final determination remains to be made, Defendants and Plaintiff have agreed to a brief continuation of the trial in this matter to allow for final determination, and potential mediation of this matter prior to the incurrence of expert fees and trial preparation. Given the unusual circumstances and agreement of all parties, these Defendants respectfully request that the court grant a brief 90-day continuance of the hearings on Defendants' Motions for Summary Judgment and Trial in this matter to a date that is convenient to the court and to all parties.

## II. THE COURT SHOULD GRANT A CONTINUANCE OF THE TRIAL DATE IN THIS MATTER AS GOOD CAUSE EXISTS

The Court has the authority to grant a continuance upon a showing of good cause. California *Rules of Court* (hereinafter "CRC"), Rule 3.1330 provides that each request for a continuance must be considered on its own merits, and that the Court may grant a continuance upon an affirmative showing of good cause requiring the continuance. One of the grounds enumerated in Rule 3.1330 is the parties' excused inability to obtain essential testimony despite diligent efforts.

///

///

3

1    All parties have stipulated to the need for additional time to conduct the remaining party

2    depositions and the extensive expert discovery. The parties would like to postpone these

3    expenses until after a final determination has been made by the Department of Health and

4    Human Services, and after the parties have had an opportunity to meaningfully mediate this

5    matter. These Defendants will be severely prejudiced if the application is not granted.

6    Defendant respectfully requests that the Court continue the motions for summary judgment and

7    trial for 90 days to a date convenient to the Court and to all parties. Pursuant to Rule 3.1332,

8    Defendant prepared this application as soon as it was reasonably practical once the necessity for

9    the continuance was discovered.

10   **III.    PROPER NOTICE OF DEFENDANT'S EX PARTE APPLICATION WAS GIVEN**

11   **TO ALL PARTIES**

12       Counsel for moving Defendants gave proper notice of this Ex Parte Application to all

13   parties, pursuant to *CRC* Rule 3.1203, which requires a party requesting ex parte relief to give

14   notice by 10:00 a.m., on the court day prior to the day ex parte relief will be sought. (*See*

15   Declaration of Esther W. Kim.) On March 12, 2013, all counsel were notified via facsimile that

16   an application for an order to continue the trial date would be made to this Court on March 13,

17   2013 (*See* Declaration of Esther W. Kim.).

18   **IV.   CONCLUSION**

19       For the foregoing reasons, good cause exists for granting Defendants' Ex Parte

20   Application to continue the motions for summary judgment and trial date.

21

22   DATED: March 12, 2013                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

23

24                                   By: _____
                                          ROBERT L. McKENNA III
25                                        ESTHER W. KIM
                                          Attorneys for Defendants
26                                        IAN BRENT TILLEY, M.D. and
                                          PAULUS LIEM SANTOSO, M.D.

27

28

4

## DECLARATION OF ESTHER W. KIM

I, ESTHER W. KIM, declare as follows:

1.      I am an attorney at law duly licensed to practice before all of the courts of the State of California, and am an associate in the law firm of Carroll, Kelly, Trotter, Franzen & McKenna, attorneys of record for defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D. I have personal knowledge of the matters contained herein other than those matters which are based upon information and belief.  If called as a witness, I would testify to the following:

2.      This Ex Parte Application is necessary because the trial date and associated deadlines including the hearing on Defendants' motions for summary judgment are quickly approaching.

3.      Defendants are employees of a federally-deemed clinic and this matter has been tendered to the Department of Health and Human Services for substitution and removal.

4.      Defendants have been informed that a final determination regarding the tender has not been made.

5.      Counsel for all parties have discussed these issues and have agreed to a brief continuance of the motions for summary judgment and trial so that a final determination can be made and the parties can participate in a meaningful mediation at that time if appropriate. Attached hereto as Exhibit "A" is a true and correct copy of the Stipulation to Continue the Trial Date.

6.      On March 12, 2013, my office sent a letter to all counsel indicating that I would be appearing in Department 55 at 8:30 a.m. on March 13, 2013, to apply Ex Parte for an Order to Continue the Trial Date of this matter.  Attached hereto as Exhibit "B" is a true and correct copy of the letter to all counsel.

///

///

///

///

5

1        I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3        Executed this 12th day of March, 2013 in Long Beach, California.

4

5                                    _____
                               ESTHER W. KIM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER W. KIM (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                           IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,            |  CASE NO.  BC459326
12                     Plaintiff,       |  ASSIGNED FOR ALL PURPOSES TO
                                        |  JUDGE MALCOLM H. MACKEY
13  vs.                                 |  DEPARTMENT
14  CALIFORNIA HOSPITAL MEDICAL         |  Complaint Filed:     April 11, 2011
    CENTER, CARLA ANN TOMS, M.D.,       |  Trial Date:          May 13, 2013
15  EDWARD PAKORN TANGCHITNOB,          |
    M.D., PAULUS LIEM SANTOSO, M.D.,    |  **STIPULATION TO CONTINUE**
16  IAN BRENT TILLEY, M.D., TRACY       |  **TRIAL DATE**
    DIONNE ROBINSON, M.D., and DOES 1-  |
17  20, Inclusive,                      |
18                     Defendants.      |

19

20  TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21         WHEREAS Defendants PAULUS SANTOSO, M.D. and IAN TILLEY, M.D. contend

22  that they are employees of a federally deemed clinic under the Federal Tort Claims Act;

23         WHEREAS Defendants have tendered this matter to the Department of Health and

24  Human Services for substitution and removal of this matter;

25         WHEREAS a final determination of the tender remains to be made at this time and

26  therefore a continuance is requested;

27         WHEREAS the parties would like a final determination and an opportunity to mediate

28  the matter following determination;

                                          1

03/12/2013  11:56     81878555⌐⌐               HOVSEPIAN                          PAGE  03/03

12-Mar-2013 12:24 PM CKTFM 5624328785                                                     3/3

1     WHEREAS no party will be prejudiced by a brief continuance; and

2     WHEREAS there have been no prior continuances;

3         IT IS HEREBY STIPULATED by and between the parties, through their respective

4  counsel, that the hearings of each Defendant's Motion for Summary Judgment currently

5  scheduled for April 9, 2013 and Trial on May 13, 2013 of this matter shall be continued for

6  approximately ninety (90) days to a date convenient to the Court and to all parties.

7

8  DATED: March /2, 2013              LAW OFFICES OF NORA HOVSEPIAN

9

10                                    By:_____
                                         NORA HOVSEPIAN
11                                       Attorney for Plaintiff
                                         SHIRLEY LORRAINE DOTSON
12

13  DATED: March 12, 2013             CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

14

15

16                                    By:_____
                                         ROBERT L. McKENNA III
17                                       ESTHER W. KIM
                                         Attorneys for Defendants
18                                       IAN BRENT TILLEY, M.D. and
                                         PAULUS LIEM SANTOSO, M.D.
19

20

21

22

23

24

25

26

27

28

                                          2

1  WHEREAS no party will be prejudiced by a brief continuance; and

2  WHEREAS there have been no prior continuances;

3  IT IS HEREBY STIPULATED by and between the parties, through their respective

4  counsel, that the hearings of each Defendant's Motion for Summary Judgment currently

5  scheduled for April 9, 2013 and Trial on May 13, 2013 of this matter shall be continued for

6  approximately ninety (90) days to a date convenient to the Court and to all parties.

7

8  DATED: March ___, 2013          LAW OFFICES OF NORA HOVSEPIAN

9

10                                 By:_____
                                       NORA HOVSEPIAN
11                                     Attorney for Plaintiff
                                       SHIRLEY LORRAINE DOTSON
12

13
    DATED: March 12, 2013          CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
14

15
                                   By:_____
16                                     ROBERT L. McKENNA III
                                       ESTHER W. KIM
17                                     Attorneys for Defendants
                                       IAN BRENT TILLEY, M.D. and
18                                     PAULUS LIEM SANTOSO, M.D.

19

20

21

22

23

24

25

26

27

28

2

**EXHIBIT B**

CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
LAWYERS
A PROFESSIONAL CORPORATION
www.cktfmlaw.com

REPLY TO

| SAN DIEGO OFFICE | LONG BEACH OFFICE | NEVADA OFFICE |
|---|---|---|
| 225 BROADWAY, SUITE 1575 | 111 W. OCEAN BLVD., 14TH FLOOR | 701 N. GREEN VALLEY PKWY, SUITE 105 |
| SAN DIEGO, CALIFORNIA 92101 | P.O. BOX 22636 | HENDERSON, NEVADA 89074 |
| TELEPHONE (619) 814-5900 | LONG BEACH, CALIFORNIA 90801 | TELEPHONE (702) 792-5855 |
| FACSIMILE (619) 814-5999 | TELEPHONE (562) 432-5855 | FACSIMILE (702) 796-5855 |
| | FACSIMILE (562) 432-8785 | |

March 12, 2013

VIA FACSIMILE AND U.S. MAIL
Nora Hovsepian, Esq.                                                    06-2985-02
Law Offices of Nora Hovsepian
16133 Ventura Boulevard, Suite 910
Encino, CA 91436

    Re:   Dotson v. Tilley/Santoso, et al.

Dear Ms. Hovsepian:

      Please allow this to advise you that I will be appearing Ex Parte in Department 55 of the Central District of the Los Angeles Superior Court on **March 13, 2013** at 8:30 a.m. for an order to continue the trial date in this matter.

      Your continued professional courtesy and cooperation are greatly appreciated.

      Sincerely,

      ESTHER W. KIM

EWK:sjh

E:\06\2985-02\COR\HOVSEPIAN-011.wpd

# hp LaserJet 4345mfp series



## Fax Call Report                                              1

CKTFM
562 432 8785
12-Mar-2013 09:12 AM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|-----|-----------|------|----------------|----------|-------|--------|
| 12522 | 12-Mar-2013 09:11 AM | Send | 18187855558 | 0:48 | 2 | Success |

LAW OFFICES OF
### CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
111 W. Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA 90801-5636

Telephone: (562) 432-5855
Facsimile: (562) 432-8785

## FACSIMILE TRANSMITTAL SHEET

| | | |
|---|---|---|
| To | : | Nora Hovsepian, Esq. |
| Fax No. | : | 818/785-5558 |
| File | : | Dotson v. Tilley/Santoso, et al. (File No. 06-2985-02) |
| From | : | Sarah Heller for Esther W. Kim, Esq. |
| Date | : | March 12, 2013 |

Pages Including
this cover page      :      2

NOTICE: THIS MESSAGE IS CONFIDENTIAL, INTENDED FOR THE NAMED RECIPIENT(S) AND MAY CONTAIN INFORMATION THAT IS (i) PROPRIETARY TO THE SENDER, AND/OR, (ii) PRIVILEGED, CONFIDENTIAL, AND/OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE STATE AND FEDERAL LAW, INCLUDING, BUT NOT LIMITED TO, PRIVACY STANDARDS IMPOSED PURSUANT TO THE FEDERAL HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 ("HIPAA"). IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT (562) 432-5855, AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU.

Comments:

E:\06\2985-02\COR\FAX - HOVSEPIAN.wpd

LAW OFFICES OF

# CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

111 W. Ocean Boulevard, 14th Floor
P.O. Box 22636
Long Beach, CA  90801-5636

Telephone: (562) 432-5855
Facsimile: (562) 432-8785

## FACSIMILE TRANSMITTAL SHEET

| | | |
|---|---|---|
| **To** | : | Nora Hovsepian, Esq. |
| **Fax No.** | : | 818/785-5558 |
| **File** | : | Dotson v. Tilley/Santoso, et al. (File No. 06-2985-02) |
| **From** | : | Sarah Heller for Esther W. Kim, Esq. |
| **Date** | : | March 12, 2013 |
| **Pages Including this cover page** | : | 2 |

NOTICE: THIS MESSAGE IS CONFIDENTIAL, INTENDED FOR THE NAMED RECIPIENT(S) AND MAY CONTAIN INFORMATION THAT IS (I) PROPRIETARY TO THE SENDER, AND/OR, (II) PRIVILEGED, CONFIDENTIAL, AND/OR OTHERWISE EXEMPT FROM DISCLOSURE UNDER APPLICABLE STATE AND FEDERAL LAW, INCLUDING, BUT NOT LIMITED TO, PRIVACY STANDARDS IMPOSED PURSUANT TO THE FEDERAL HEALTH INSURANCE PORTABILITY AND ACCOUNTABILITY ACT OF 1996 ("HIPAA"). IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT (562) 432-5855, AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU.

**Comments:**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On  March 13, 2013, I served a true and correct copy of the following document(s) on the attached list of interested parties:

**DEFENDANTS' EX PARTE APPLICATION TO CONTINUE TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ESTHER W. KIM**

( )   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

(X)   **By Personal Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court,* Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on March 13, 2013, at Long Beach, California.

*Monsuan*

Esther W. Kim

7

EX PARTE APPLICATION TO CONTINUE TRIAL

1    Proof of Service Mailing List
     Re:     Dotson v. Tilley/Santoso; Case No. BC459326
2

3    Nora Hovsepian, Esq.                                                    06-2985-02
     Law Offices of Nora Hovsepian
4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436
5    **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

3/13/13

1
2
3
4
5
6
7
8          SUPERIOR COURT FOR THE STATE OF CALIFORNIA
9              IN THE COUNTY OF LOS ANGELES
10
11
SHIRLEY LORRAINE DOTSON,                    CASE NO.  BC459326

12                    Plaintiff,            ASSIGNED FOR ALL PURPOSES TO
                                            JUDGE MALCOLM H. MACKEY
13    vs.                                   DEPARTMENT 55

14    CALIFORNIA HOSPITAL MEDICAL
CENTER, CARLA ANN TOMS, M.D.,               Complaint Filed:      April 11, 2011
15    EDWARD PAKORN TANGCHITNOB,             Trial Date:           May 13, 2013
M.D., PAULUS LIEM SANTOSO, M.D.,
16    IAN BRENT TILLEY, M.D., TRACY         **[PROPOSED] ORDER GRANTING
DIONNE ROBINSON, M.D., and DOES 1-         EX PARTE APPLICATION FOR
17    20, Inclusive,                        ORDER CONTINUING TRIAL
                                            DATE**
18                    Defendants.
                                            [Filed concurrently with Ex Parte Application to
19                                          Continue Trial]

20                                          **DATE:        March 13, 2013
                                            TIME:        8:30 a.m.
21                                          DEPT:        55**

22
23
24          The Ex Parte Application of defendants, IAN BRENT TILLEY, M.D., and PAULUS

25    LIEM SANTOSO, M.D., to Continue the Trial Date came before the Court on March 13, 2013,

26    at 8:30 a.m. in Department 55 before the Honorable Judge Malcolm H. Mackey.

27    ///

28    ///

                                            1

1    The Court, having considered moving defendants' Ex Parte Application, orders as

2 follows:

3    IT IS HEREBY ORDERED:

4    1. Trial in this matter is continued from May13, 2013 to _____ at 9:00

5 a.m.

6    2. Law and motion and discovery cut-offs will be based on the new trial date.

7    3. Defendants' Motions for Summary Judgment are continued from April 9, 2013 to

8 _____ at 8:30 a.m.

9    **IT IS SO ORDERED.**

10

11 DATED: _____

12                                    HONORABLE MALCOLM H. MACKEY
                                     JUDGE OF THE SUPERIOR COURT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3       I am employed in the County of Los Angeles, State of California.  I am over the age of
4  18 and not a party to the within action.  My business address is 111 West Ocean Boulevard, 14th
   Floor, Long Beach, CA 90802-4646.  On  March 13, 2013, I served a true and correct copy of
5  the following document(s) on the attached list of interested parties:

6       **[PROPOSED] ORDER GRANTING EX PARTE APPLICATION FOR ORDER
                           CONTINUING TRIAL DATE**

7  ( )   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed
         envelope or package to each addressee.  I placed the envelope for collection and mailing,
8        following our ordinary business practices.  I am readily familiar with the firm's practice
         for collecting and processing correspondence for mailing.  On the same day that
9        correspondence is placed for collection and mailing, it is deposited in the ordinary course
         of business with the United States Postal Service, with postage fully prepaid.
10
   ( )   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said
11       document(s) in a sealed envelope or package provided by an overnight delivery carrier
         to each addressee.  I placed the envelope or package, delivery fees paid for, for collection
12       and overnight delivery at an office or at a regularly utilized drop box maintained by the
         express service carrier at 111 West Ocean Boulevard, Long Beach, California.
13
   ( )   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to
14       accept service by fax transmission, I faxed said document(s) to each addressee's fax
         number.  The facsimile machine that I utilized, (562) 432-8785, complied with California
15       Rules of Court, Rule 2.301(3), and no error was reported by the machine.  Pursuant to
         Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of
16       which is attached to the original of this proof of service.

17 (X)   **By Personal Service:** I enclosed said document(s) in a sealed envelope or package to
         each addressee.
18
        I declare under penalty of perjury under the laws of the State of California and of the
19 United States that the foregoing is true and correct.

20      Executed on March 13, 2013, at Long Beach, California.

21

22                                        _Monsivae_
                                          Esther W. Kim
23

24

25

26

27

28

                                          3

1    Proof of Service Mailing List
     Re:     Dotson v. Tilley/Santoso; Case No. BC459326

2

3    Nora Hovsepian, Esq.                                      06-2985-02
    Law Offices of Nora Hovsepian

4    16133 Ventura Boulevard, Suite 910
    Encino, CA 91436

5    **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

NORA HOVSEPIAN (SBN 140402)
LAW OFFICES OF NORA HOVSEPIAN
16133 Ventura Boulevard, Suite 910
Encino, CA 91436

TELEPHONE NO.: 818/785-5858   FAX NO. (Optional): 818/785-5558
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

SEP 27 2012

John A. Clarke, Executive Officer/Clerk
By _____, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: CENTRAL DISTRICT

PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON

DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

**REQUEST FOR DISMISSAL**

- [ ] Personal Injury, Property Damage, or Wrongful Death
  - [ ] Motor Vehicle  [ ] Other
- [ ] Family Law  [ ] Eminent Domain
- [X] Other (specify): Medical Malpractice

CASE NUMBER:
BC459326

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [X] With prejudice  (2) [ ] Without prejudice
   b. (1) [X] Complaint  (2) [ ] Petition
      (3) [ ] Cross-complaint filed by (name):                     on (date):
      (4) [ ] Cross-complaint filed by (name):                     on (date):
      (5) [ ] Entire action of all parties and all causes of action
      (6) [X] Other (specify):* AS TO DEFENDANT, TRACY ROBINSON, M.D., ONLY.

2. (Complete in all cases except family law cases.)
   [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: September 13, 2012

NORA HOVSEPIAN                                    ▶ _____ (SIGNATURE)
(TYPE OR PRINT NAME OF [X] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)   Attorney or party without attorney for SHIRLEY DOTSON

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

[X] Plaintiff/Petitioner  [ ] Defendant/Respondent
[ ] Cross - complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

_____                          ▶ _____ (SIGNATURE)
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)   Attorney or party without attorney for:

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

[ ] Plaintiff/Petitioner  [ ] Defendant/Respondent
[ ] Cross - Complainant

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date):
5. [X] Dismissal entered on (date): SEP 27 2012 as to only (name): above
6. [ ] Dismissal not entered as requested for the following reasons (specify):

JOHN A. CLARKE, CLERK

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to be conformed  [ ] means to return conformed copy
   Date: SEP 27 2012   Clerk, by L Gomez, Deputy

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Legal Solutions Plus

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

Page 1 of 2

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: SHIRLEY LORRAINE DOTSON<br><br>DEFENDANT/RESPONDENT: CALIFORNIA HOSPITAL MEDICAL<br>CENTER, et al. | CASE NUMBER:<br>BC459326 |

## Declaration Concerning Waived Court Fees

> The court has a statutory lien for waived fees and costs on any recovery of $10,000 or more in value by settlement, compromise, arbitration award, mediation settlement, or other recovery. The court's lien must be paid before the court will dismiss the case.

1. The court waived fees and costs in this action for *(name)*:

2. The person in item 1 *(check one)*:
   a. [ ] is not recovering anything of value by this action.
   b. [ ] is recovering less than $10,000 in value by this action.
   c. [ ] is recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. [ ] All court fees and costs that were waived in this action have been paid to the court *(check one)*: [ ] Yes [ ] No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____    ▶    _____
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY MAKING DECLARATION)                (SIGNATURE)

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14 Floor, Long Beach, CA 90802-4646. On September 24, 2012, I served a true and correct copy of the following document(s) on the attached list of interested parties:

### REQUEST FOR DISMISSAL

(X)   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )   **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on September 24, 2012, at Long Beach, California.

Jessica O'Neill

1

E:\06\2985-02\PLD\POS - RFD.wpd

REQUEST FOR DISMISSAL

1  Proof of Service Mailing List
   Re:     Dotson v. Tilley/Santoso; Case No. BC459326
2

3  Nora Hovsepian, Esq.                                            06-2985-02
   Law Offices of Nora Hovsepian
4  16133 Ventura Boulevard, Suite 910
   Encino, CA 91436
5  **Attorneys for Plaintiff**

6  Stephen C. Fraser, Esq.                                         06-2985-02
   John Aitelli, Esq.
7  Fonda & Fraser LLP
   100 W. Broadway, Suite 650
8  Glendale, CA 91210-1201
   **Attorneys for Defendant, Carla Ann Toms, M.D.**
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

JUL 3 1 2012

Filing Window ORIGINAL FILED

AUG 0 3 2012

LOS ANGELES
SUPERIOR COURT

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER W. KIM (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., PAULUS LIEM SANTOSO, M.D.
   and TRACY DIONNE ROBINSON, M.D.
6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,                 CASE NO.  BC459326

12                     Plaintiff,            ASSIGNED FOR ALL PURPOSES TO
                                             JUDGE MALCOLM H. MACKEY
13  vs.                                      DEPARTMENT 55

14  CALIFORNIA HOSPITAL MEDICAL
    CENTER, CARLA ANN TOMS, M.D.,            Complaint Filed:     April 11, 2011
15  EDWARD PAKORN TANGCHITNOB,               Trial Date:          None Set
    M.D., PAULUS LIEM SANTOSO,
16  M.D., IAN BRENT TILLEY, M.D., TRACY      STIPULATION TO CONTINUE
    DIONNE ROBINSON, M.D., and DOES 1-       MEDIATION COMPLETION DATE
17  20, Inclusive,                           AND POST-MEDIATION STATUS
                                             CONFERENCE; AND [PROPOSED]
18                     Defendants.           ORDER THEREON

19

20

21  TO THE COURT, TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

22       WHEREAS the Court ordered the parties to mediate the matter;

23       WHEREAS Defendants IAN B. TILLEY, M.D., PAULUS L. SANTOSO, M.D. and

24  TRACY D. ROBINSON, M.D., have requested reconsideration of tender to the Department of

25  Health and Human Services pursuant to the Federal Tort Claims Act;

26       WHEREAS the parties would like to ensure that the mediation may be scheduled for a

27  date after reconsideration has been determined, thereby allowing for meaningful participation

28  in settlement discussion;

1

E:\05\2985-02\PLD\STIP TO CONT MED COMP DATE.wpd                          STIPULATION

07/30/2012  08:28   81876   J58                    HOVSEPIAN                              PAGE  03/04

27-Jul-2012 10:40 AM CKTFM 5624328785                                                    3/4

1        WHEREAS all parties have agreed to a brief continuation of mediation in this matter;

2        IT IS HEREBY STIPULATED by and between the parties, through their respective

3  counsel, that the mediation completion date be continued 30 days to September 27, 2012, and

4  the Post-Mediation Status Conference be continued 30 days to November 5, 2012, at 8:30 a.m.,

5  in Department 55 of the above-entitled court, to allow for sufficient time to allow the parties to

6  meaningfully participate in private mediation.

7

8  DATED: 7-27-12                      LAW OFFICES OF NORA HOVSEPIAN

9

10

11                  By:                                
NORA HOVSEPIAN
Attorney for Plaintiff
12                      SHIRLEY LORRAINE DOTSON

13

14  DATED: July 27, 2012                CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

15

16                  By:                                
ROBERT L. McKENNA III
17                     ESTHER W. KIM
Attorneys for Defendants
18                     IAN BRENT TILLEY, M.D.,
PAULUS LIEM SANTOSO, M.D.,
19                     and TRACY DIONNE ROBINSON, M.D.

20

21

22

23

24

25

26

27

28

2

B:\052985-02\PLD\STIP TO CONT MED COMP DATE.wpd                                          STIPULATION

1       WHEREAS all parties have agreed to a brief continuation of mediation in this matter;

2       IT IS HEREBY STIPULATED by and between the parties, through their respective

3 counsel, that the mediation completion date be continued 30 days to September 27, 2012, and

4 the Post-Mediation Status Conference be continued 30 days to November 5, 2012, at 8:30 a.m.,

5 in Department 55 of the above-entitled court, to allow for sufficient time to allow the parties to

6 meaningfully participate in private mediation.

7

8 DATED: _____       LAW OFFICES OF NORA HOVSEPIAN

9

10

11 By:_____

           NORA HOVSEPIAN
           Attorney for Plaintiff

12            SHIRLEY LORRAINE DOTSON

13

14 DATED: July 27, 2012       CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

15

16 By: _____

           ROBERT L. McKENNA III

17            ESTHER W. KIM
            Attorneys for Defendants

18            IAN BRENT TILLEY, M.D.,
            PAULUS LIEM SANTOSO, M.D.,

19            and TRACY DIONNE ROBINSON, M.D.

20

21

22

23

24

25

26

27

28

2

1

<u>O R D E R</u>

2          The Mediation Completion Date in this matter is continued 30 days from August 28, 2012

3    to ___SEP  2  7  2012___, 2012.

4          The Post-Mediation Status Conference in this matter is continued 30 days from October

5    5, 2012 to ___NOV  0  5  2012___, 2012

6

7    **IT IS SO ORDERED.**

8          AUG  0  3  2012

9    DATED: _____, 2012

MALCOLM H. MACKEY

10                                        HONORABLE MALCOLM H. MACKEY
                                          JUDGE OF THE SUPERIOR COURT

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

      I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On July 31, 2012, I served a true and correct copy of the following document(s) on the attached list of interested parties:

**STIPULATION TO CONTINUE MEDIATION COMPLETION DATE AND POST-MEDIATION STATUS CONFERENCE; AND [PROPOSED] ORDER THEREON**

(X)    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

      I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

      Executed on July 31, 2012, at Long Beach, California.

Sarah Heller

4

STIPULATION

1    Proof of Service Mailing List
     Re:     Dotson v. Tilley/Santoso; Case No. BC459326
2

3    Nora Hovsepian, Esq.                                                    06-2985-02
     Law Offices of Nora Hovsepian
4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436
5    **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        5

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Nora Hovsepian, Esq.    Bar No.: 140402<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Blvd., Suite 910<br>Encino, CA 91436 | |

TELEPHONE NO.: (818) 785-5858

E-MAIL ADDRESS (Optional):                           FAX NO. (Optional): (818) 785-5558

ATTORNEY FOR (Name): Plaintiff: SHIRLEY DOTSON

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

PETITIONER/PLAINTIFF: SHIRLEY DOTSON

RESPONDENT/DEFENDANT: CALIFORNIA HOSPITAL MEDICAL CENTER

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | BC459326 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 16133 Ventura Blvd., Suite 910, Encino, CA 91436

3. On *(date):* January 8, 2014 I mailed from *(city and state):* Encino, California
   the following **documents** *(specify):*
   NOTICE TO ATTORNEYS RE:  REASSIGNMENT OF CASE  AND ORDER FOR PLAINTIFF TO GIVE NOTICE.

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Ben Akuta, Esq.
   b. **Address** of person served:
      Carroll Kelly Trotter Franzen & McKenna
      P.O. Box 22636
      Long Beach, CA 90801-5636

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 8, 2014

Marti van Yperen
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)               (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]
**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**
Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov
LexisNexis® Automated California Judicial Council Forms

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

Stanley Mosk Courthouse
111 North Hill Street          Room 542
Los Angeles, CA 90012

Branch Name: Central District

**FILED**

Superior Court of California
County of Los Angeles

December 27, 2013

Sherri R. Carter, Executive Officer/Clerk

By _____ , Deputy
Craig Kakihara

Hovsepian, Nora
Law Offices of Nora Hovsepian
16133 Ventura Boulevard, Suite 910
Encino, CA 91436

## NOTICE TO ATTORNEYS RE: REASSIGNMENT OF CASE AND ORDER

Re the case of:      SHIRLEY LORRAINE DOTSON ET AL VS CALIFORNIA HOSPITAL MEDICAL

Case Number:      BC459326

TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:

**YOU ARE HEREBY NOTIFIED** that effective January 6, 2014, an order was made that the above-entitled action, previously assigned to Judge Amy D. Hogue, is now and shall be assigned to Judge Teresa A. Beaudet in Department 97. (See Chapter 3, Los Angeles Court Rules.)

The judicial officer will generally hear all matters up to trial and then normally reassign the case to a master calendar department for trial assignment. All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

**NOTICE IS FURTHER GIVEN** that the order directs that plaintiff and counsel for the plaintiff shall give notice of this case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure Section 177.5 or otherwise.

## CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order upon each party or counsel named above by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid, in accordance with standard court practices.

Date: December 27, 2013          Sherri R. Carter, Executive Officer/Clerk

By:   Craig Kakihara, Deputy Clerk

1  CARROLL, KELLY, TROTTER, FRANZEN, McKENNA & PEABODY
   ROBERT L. McKENNA III (SBN 166650)
2  BENJAMIN T. IKUTA (260878)
   111 West Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, California 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                         IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,                   CASE NO.  BC459326

12                      Plaintiff,             ASSIGNED FOR ALL PURPOSES TO
                                               JUDGE AMY D. HOGUE
13  vs.                                        DEPARTMENT 92

14  CALIFORNIA HOSPITAL MEDICAL CENTER,        Complaint Filed:     April 11, 2011
    CARLA ANN TOMS, M.D., EDWARD               Trial Date:          April 17, 2014
15  PAKORN TANGCHITNOB, M.D., PAULUS
    LIEM SANTOSO, M.D., IAN BRENT TILLEY,
16  M.D., TRACY DIONNE ROBINSON, M.D., and     NOTICE OF CHANGE OF FIRM
    DOES 1-20, Inclusive,                      NAME
17
                        Defendants.
18

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21          Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D., hereby give

22  notice that effective October 15, 2013, the firm name of Carroll, Kelly, Trotter, Franzen & McKenna

23  will change to Carroll, Kelly, Trotter, Franzen, McKenna & Peabody.

24          Please be further advised that all mail should be addressed as follows:

25          CARROLL, KELLY, TROTTER, FRANZEN, McKENNA & PEABODY
                             P.O. Box 22636
26                       Long Beach, CA 90801-5636

27  ///

28  ///

                                       1

E:\06\2985-02\PLD\NTC-FIRM NAME.wpd                      NOTICE OF CHANGE OF FIRM NAME

1    The street address, telephone and facsimile numbers will remain the same.

2    DATED: October 15, 2013                    CARROLL, KELLY, TROTTER, FRANZEN,
                                                McKENNA & PEABODY

3

4                                               By: _____

5                                                    ROBERT L. McKENNA III
                                                     BENJAMIN T. IKUTA

6                                                    Attorneys for Defendants

7                                                    IAN BRENT TILLEY, M.D. and
                                                     PAULUS LIEM SANTOSO, M.D.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On October 18, 2013, I served a true and correct copy of the following document(s) on the attached list of interested parties:

### NOTICE OF CHANGE OF FIRM NAME

(X) **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( ) **By Overnight Delivery/Express Mail (CCP §§1013(c)(d),       et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( ) **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( ) **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on October 18, 2013, at Long Beach, California.

MONIQUE GRANDE

3

1     Proof of Service Mailing List
      Re:     Dotson v. Tilley/Santoso; Case No. BC459326

2

3     Nora Hovsepian, Esq.                                         06-2985-02
     Law Offices of Nora Hovsepian

4     16133 Ventura Boulevard, Suite 910
     Encino, CA 91436

5     **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER W. KIM (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,                CASE NO.  BC459326

12                      Plaintiff,          ASSIGNED FOR ALL PURPOSES TO
                                            JUDGE AMY D. HOGUE
13  vs.                                     DEPARTMENT 92

14  CALIFORNIA HOSPITAL MEDICAL             Complaint Filed:      April 11, 2011
    CENTER, CARLA ANN TOMS, M.D.,           Trial Date:           April 17, 2014
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,        **NOTICE OF TAKING MOTION**
16  IAN BRENT TILLEY, M.D., TRACY           **FOR SUMMARY JUDGMENT OFF**
    DIONNE ROBINSON, M.D., and DOES 1-      **CALENDAR**
17  20, Inclusive,
                                            **Date:      January 10, 2014**
18                      Defendants.         **Time:      1:30 p.m.**
                                            **Dept.:     92**
19

20

21         TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE that defendant, IAN BRENT TILLEY, M.D.'s motion for

23  summary judgment scheduled for January 10, 2014, is taken off calendar.

24  DATED: September 9, 2013          CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

25                                    By: _Unonsinau_____

26                                        ROBERT L. McKENNA III
                                          ESTHER W. KIM
27                                        Attorneys for Defendants
                                          IAN BRENT TILLEY, M.D. and
28                                        PAULUS LIEM SANTOSO, M.D.

                                1

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On  September 9, 2013, I served a true and correct copy of the following document(s) on the attached list of interested parties:

**NOTICE OF TAKING MOTION FOR SUMMARY JUDGMENT OFF CALENDAR**

(X)    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on September 9, 2013, at Long Beach, California.

Sarah Heller

2

E:\06\2985-02\PLD\MSJ - TILLEY - OFF CAL.wpd                      NOTICE OF TAKING MSJ OFF CALENDAR

1    Proof of Service Mailing List
     Re:    Dotson v. Tilley/Santoso; Case No. BC459326
2

3    Nora Hovsepian, Esq.                                                    06-2985-02
     Law Offices of Nora Hovsepian
4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436
5    **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
     ROBERT L. McKENNA III (State Bar No. 166650)
2    ESTHER W. KIM (State Bar No. 250026)
     111 W. Ocean Boulevard, 14th Floor
3    Post Office Box 22636
     Long Beach, CA 90801-5636
4    Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5    Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                         IN THE COUNTY OF LOS ANGELES

10

11   SHIRLEY LORRAINE DOTSON,                CASE NO.  BC459326

12                    Plaintiff,             ASSIGNED FOR ALL PURPOSES TO
                                             JUDGE AMY D. HOGUE
13   vs.                                     DEPARTMENT 92

14   CALIFORNIA HOSPITAL MEDICAL             Complaint Filed:    April 11, 2011
     CENTER, CARLA ANN TOMS, M.D.,           Trial Date:         April 17, 2014
15   EDWARD PAKORN TANGCHITNOB,
     M.D., PAULUS LIEM SANTOSO, M.D.,        **NOTICE OF TAKING MOTION**
16   IAN BRENT TILLEY, M.D., TRACY           **FOR SUMMARY JUDGMENT OFF**
     DIONNE ROBINSON, M.D., and DOES 1-      **CALENDAR**
17   20, Inclusive,
                                             **Date:      January 10, 2014**
18                    Defendants.            **Time:      1:30 p.m.**
                                             **Dept.:     92**
19

20

21        TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

22        PLEASE TAKE NOTICE that defendant, PAULUS LIEM SANTOSO, M.D.'s motion

23   for summary judgment scheduled for January 10, 2014, is taken off calendar.

24   DATED: September 9, 2013          CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

25
                                       By:  _Mronduae_____
26                                         ROBERT L. McKENNA III
                                           ESTHER W. KIM
27                                         Attorneys for Defendants
                                           IAN BRENT TILLEY, M.D. and
28                                         PAULUS LIEM SANTOSO, M.D.

                                       1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On September 9, 2013, I served a true and correct copy of the following document(s) on the attached list of interested parties:

## NOTICE OF TAKING MOTION FOR SUMMARY JUDGMENT OFF CALENDAR

(X) **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( ) **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( ) **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( ) **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on September 9, 2013, at Long Beach, California.

Sarah Heller

1 | Proof of Service Mailing List
2 | Re:     Dotson v. Tilley/Santoso; Case No. BC459326

3 | Nora Hovsepian, Esq.                                          06-2985-02
  | Law Offices of Nora Hovsepian
4 | 16133 Ventura Boulevard, Suite 910
  | Encino, CA 91436
5 | **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER W. KIM (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,              CASE NO.  BC459326

12                    Plaintiff,          ASSIGNED FOR ALL PURPOSES TO
                                          JUDGE AMY D. HOGUE
13  vs.                                   DEPARTMENT 92

14  CALIFORNIA HOSPITAL MEDICAL           Complaint Filed:      April 11, 2011
    CENTER, CARLA ANN TOMS, M.D.,         Trial Date:           April 17, 2014
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY         NOTICE OF RULING REGARDING
    DIONNE ROBINSON, M.D., and DOES 1-    DEFENDANTS' EX PARTE TO
17  20, Inclusive,                        SPECIALLY SET DEFENDANTS'
                                          MOTIONS FOR SUMMARY
18                    Defendants.         JUDGMENT

19

20

21  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

22         PLEASE TAKE NOTICE that on July 17, 2013, at 8:30 a.m., defendants, IAN BRENT

23  TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D., appeared ex parte for an order to

24  specially set defendants' Motions for Summary Judgment, in Department 92 before the

25  Honorable Judge Buckley.  Esther W. Kim appeared on behalf of moving defendants, IAN

26  BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.  Nora Hovsepian signed a

27  stipulation and therefore no appearance was made on behalf of Plaintiff.

28  ///

                                    1

E:\06\2985-02\PLD\NOR - EX PARTE CONT MSJ.wpd                    NOTICE OF RULING

1    The court indicated that all motions for summary judgment could not be specially set as

2  there were simply no hearing dates available.  As such, the court continued the trial and final

3  status conference dates.  The new trial date in this matter is set for April 17, 2014, at 8:30 a.m.

4  The final status conference is continued to April 7, 2014, at 10:00 a.m.  All dates will track with

5  the new trial date and the defendants are to schedule new motions for summary judgment online.

6    Defendant hereby gives notice.

7

8  DATED: July 19, 2013                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

9

10                                    By: _____

11                                        ROBERT L. McKENNA III
                                         ESTHER W. KIM
12                                        Attorneys for Defendants
                                         IAN BRENT TILLEY, M.D. and
13                                        PAULUS LIEM SANTOSO, M.D.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E:\06\2985-02\PLD\NOR - EX PARTE CONT MSJ.wpd                                    NOTICE OF RULING

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On July 19, 2013, I served a true and correct copy of the following document(s) on the attached list of interested parties:

**NOTICE OF RULING REGARDING DEFENDANTS' EX PARTE TO SPECIALLY SET DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

(X)   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )   **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on July 19, 2013, at Long Beach, California.

_____
Sarah Heller

3



Proof of Service Mailing List
Re:     Dotson v. Tilley/Santoso; Case No. BC459326

Nora Hovsepian, Esq.                                        06-2985-02
Law Offices of Nora Hovsepian
16133 Ventura Boulevard, Suite 910
Encino, CA 91436
**Attorneys for Plaintiff**

4

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER W. KIM (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8                 SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                      IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,                CASE NO.  BC459326

12                 Plaintiff,               ASSIGNED FOR ALL PURPOSES TO
                                            JUDGE AMY D. HOGUE
13  vs.                                     DEPARTMENT 92

14  CALIFORNIA HOSPITAL MEDICAL             Complaint Filed:    April 11, 2011
    CENTER, CARLA ANN TOMS, M.D.,           Trial Date:         April 17, 2014
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY           DEFENDANT'S NOTICE OF
    DIONNE ROBINSON, M.D., and DOES 1-      CONTINUANCE OF HEARING ON
17  20, Inclusive,                          MOTION FOR SUMMARY
                                            JUDGMENT
18                 Defendants.

19                                          Old Hearing Date:
20                                          Date:      July 31, 2013
                                            Time:      8:30 a.m.
21                                          Dept.:     92

22                                          New Hearing Date:
                                            Date:      January 10, 2014
23                                          Time:      1:30 p.m.
                                            Dept.:     92

24

25

26  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27        PLEASE TAKE NOTICE that the Defendant, PAULUS LIEM SANTOSO, M.D.'s

28  Motion for Summary Judgment, originally scheduled for July 31, 2013, has been continued to

                                        1

1   January 10, 2014, at 1:30 p.m. in Department "92" of the above entitled court.  Opposition and

2   Reply dates to be in accordance with the new hearing date.

3

4   DATED: July 18, 2013                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

5

6                                        By:_____

7                                            ROBERT L. McKENNA III
                                             ESTHER W. KIM

8                                            Attorneys for Defendants
                                             IAN BRENT TILLEY, M.D. and
9                                            PAULUS LIEM SANTOSO, M.D.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 111 West Ocean Boulevard, 14th Floor, Long Beach, CA 90802-4646. On July 19, 2013, I served a true and correct copy of the following document(s) on the attached list of interested parties:

**DEFENDANT'S NOTICE OF CONTINUANCE OF HEARING ON MOTION FOR SUMMARY JUDGMENT**

(X)   **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed envelope or package to each addressee. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

( )   **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said document(s) in a sealed envelope or package provided by an overnight delivery carrier to each addressee. I placed the envelope or package, delivery fees paid for, for collection and overnight delivery at an office or at a regularly utilized drop box maintained by the express service carrier at 111 West Ocean Boulevard, Long Beach, California.

( )   **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to accept service by fax transmission, I faxed said document(s) to each addressee's fax number. The facsimile machine that I utilized, (562) 432-8785, complied with California Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of which is attached to the original of this proof of service.

( )   **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to each addressee. I provided them to a professional messenger service (Signal Attorney Service) for service. An original proof of service by messenger will be filed pursuant to California *Rules of Court*, Rule 3.1300(c).

I declare under penalty of perjury under the laws of the State of California and of the United States that the foregoing is true and correct.

Executed on July 19, 2013, at Long Beach, California.

Sarah Heller

3

1    Proof of Service Mailing List
     Re:    Dotson v. Tilley/Santoso; Case No. BC459326
2

3    Nora Hovsepian, Esq.                                                          06-2985-02
     Law Offices of Nora Hovsepian
4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436
5    **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER W. KIM (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   IN THE COUNTY OF LOS ANGELES

10

11 SHIRLEY LORRAINE DOTSON,                CASE NO.  BC459326

12                    Plaintiff,           ASSIGNED FOR ALL PURPOSES TO
                                           JUDGE AMY D. HOGUE
13 vs.                                     DEPARTMENT 92

14 CALIFORNIA HOSPITAL MEDICAL             Complaint Filed:    April 11, 2011
   CENTER, CARLA ANN TOMS, M.D.,           Trial Date:         April 17, 2014
15 EDWARD PAKORN TANGCHITNOB,
   M.D., PAULUS LIEM SANTOSO, M.D.,
16 IAN BRENT TILLEY, M.D., TRACY           DEFENDANT'S NOTICE OF
   DIONNE ROBINSON, M.D., and DOES 1-      CONTINUANCE OF HEARING ON
17 20, Inclusive,                          MOTION FOR SUMMARY
                                           JUDGMENT
18                    Defendants.

19
                                           Old Hearing Date:
20                                         Date:      July 31, 2013
                                           Time:      8:30 a.m.
21                                         Dept.:     92

22                                         New Hearing Date:
                                           Date:      January 10, 2014
23                                         Time:      1:30 p.m.
                                           Dept.:     92

24

25

26 TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

27         PLEASE TAKE NOTICE that the Defendant, IAN BRENT TILLEY, M.D.'s Motion for

28 Summary Judgment, originally scheduled for July 31, 2013, has been continued to January 10,

                                        1

1 | 2014, at 1:30 p.m. in Department "92" of the above entitled court.  Opposition and Reply dates

2 | to be in accordance with the new hearing date.

3

4 | DATED: July 18, 2013                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

5

6 | By: _____

7 | ROBERT L. McKENNA III
   | ESTHER W. KIM

8 | Attorneys for Defendants
   | IAN BRENT TILLEY, M.D. and
   | PAULUS LIEM SANTOSO, M.D.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1       <u>PROOF OF SERVICE</u>

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3           I am employed in the County of Los Angeles, State of California.  I am over the age of
     18 and not a party to the within action.  My business address is 111 West Ocean Boulevard, 14th
4    Floor, Long Beach, CA 90802-4646.  On  July 19 , 2013, I served a true and correct copy of
     the following document(s) on the attached list of interested parties:

5
     **DEFENDANT'S NOTICE OF CONTINUANCE OF HEARING ON MOTION FOR
6                    SUMMARY JUDGMENT**

7    (X)    **By United States Mail (CCP §§1013a, <u>et seq.</u>):** I enclosed said document(s) in a sealed
            envelope or package to each addressee.  I placed the envelope for collection and mailing,
8           following our ordinary business practices.  I am readily familiar with the firm's practice
            for collecting and processing correspondence for mailing.  On the same day that
9           correspondence is placed for collection and mailing, it is deposited in the ordinary course
            of business with the United States Postal Service, with postage fully prepaid.

10
     ( )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), <u>et seq.</u>):** I enclosed said
11          document(s) in a sealed envelope or package provided by an overnight delivery carrier
            to each addressee.  I placed the envelope or package, delivery fees paid for, for collection
12          and overnight delivery at an office or at a regularly utilized drop box maintained by the
            express service carrier at 111 West Ocean Boulevard, Long Beach, California.

13
     ( )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to
14          accept service by fax transmission, I faxed said document(s) to each addressee's fax
            number. The facsimile machine that I utilized, (562) 432-8785, complied with California
15          Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to
            Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of
16          which is attached to the original of this proof of service.

17   ( )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to
            each addressee.  I provided them to a professional messenger service (Signal Attorney
18          Service) for service. An original proof of service by messenger will be filed pursuant to
            California *Rules of Court*, Rule 3.1300(c).

19
            I declare under penalty of perjury under the laws of the State of California and of the
20   United States that the foregoing is true and correct.

21          Executed on July 19 , 2013, at Long Beach, California.

22

23                                          _____
                                            Sarah Heller
24

25

26

27

28

                                        3

1    Proof of Service Mailing List
     Re:    Dotson v. Tilley/Santoso; Case No. BC459326
2

3    Nora Hovsepian, Esq.                                                    06-2985-02
     Law Offices of Nora Hovsepian
4    16133 Ventura Boulevard, Suite 910
     Encino, CA 91436
5    **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            4

1 | CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
ROBERT L. McKENNA III (State Bar No. 166650)
2 | ESTHER W. KIM (State Bar No. 250026)
111 W. Ocean Boulevard, 14th Floor
3 | Post Office Box 22636
Long Beach, CA 90801-5636
4 | Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JUL 02 2013

John A. Xxxxx, Executive Officer/Clerk
BY _Linda Klein_, Deputy
Linda Klein

5 | Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8 | SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9 | IN THE COUNTY OF LOS ANGELES

10

11 | SHIRLEY LORRAINE DOTSON,

12 | Plaintiff,

13 | vs.

14 | CALIFORNIA HOSPITAL MEDICAL
CENTER, CARLA ANN TOMS, M.D.,
15 | EDWARD PAKORN TANGCHITNOB,
M.D., PAULUS LIEM SANTOSO, M.D.,
16 | IAN BRENT TILLEY, M.D., TRACY
DIONNE ROBINSON, M.D., and DOES 1-
17 | 20, Inclusive,

18 | Defendants.

19

CASE NO. BC459326

ASSIGNED FOR ALL PURPOSES TO
JUDGE AMY D. HOGUE
DEPARTMENT 92

Complaint Filed:     April 11, 2011
Trial Date:          September 3, 2013

**STIPULATION TO CONTINUE
TRIAL AND RELATED DATES,
AND MOTION FOR SUMMARY
JUDGMENT; [PROPOSED] ORDER**

20 |     IT IS HEREBY STIPULATED by and between the parties hereto, through their

21 | respective counsel, that the trial, currently scheduled for September 3, 2013, at 9:00 a.m., in

22 | Department 92 of the above entitled court, and related discovery and motion cut-off dates, be

23 | continued for 120 days to January 6, 2014, or to a date and time convenient to the court, in

24 | Department 92 of the within court.

25 |     IT IS FURTHER STIPULATED by and between the parties hereto, by and through their

26 | respective counsel, that the motion for summary judgement of defendants, IAN BRENT

27 | TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D., which is currently set for hearing on

28 | July 31, 2011, at 8:30 a.m., in Department 92 of the above entitled court, be continued to

1

1  December 6, 2013, at 8:30 a.m., or _____, at 8:30 a.m., in Department 92 of the

2  within court.

3      IT IS FURTHER STIPULATED and agreed that this Stipulation may be signed in

4  counterpart and faxed or emailed signature shall be considered as valid as the original.

5

6  DATED: June 21, 2013                    LAW OFFICES OF NORA HOVSEPIAN

7

8                                         By: _____

9                                             NORA HOVSEPIAN
                                              Attorney for Plaintiff
10                                            SHIRLEY LORRAINE DOTSON

11 DATED: June 20, 2013                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

12

13                                        By: _____

14                                            ROBERT L. McKENNA III
                                              ESTHER W. KIM
15                                            Attorneys for Defendants
                                              IAN BRENT TILLEY, M.D. and
16                                            PAULUS LIEM SANTOSO, M.D.

17                                  O R D E R

18

19      IT IS HEREBY ORDERED that the trial, currently scheduled for September 3, 2013, is

20 hereby continued to January 6, 2014, or _____, in Department 92 of the within court.

21      IT IS FURTHER ORDERED that the motion for summary judgment of defendants, IAN

22 BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D., currently set for hearing on

23 July 31, 2013, is hereby continued to December 6, 2013, at 8:30 a.m., or _____, at

24 8:30 a.m., in Department 92 of the within court.

25

26 DATED: _____, 2013

27                                        HONORABLE AMY D. HOGUE
                                          JUDGE OF THE SUPERIOR COURT
28

2

1   December 6, 2013, at 8:30 a.m., or _____, at 8:30 a.m., in Department 92 of the

2   within court.

3        IT IS FURTHER STIPULATED and agreed that this Stipulation may be signed in

4   counterpart and faxed or emailed signature shall be considered as valid as the original.

5

6   DATED: June 21, 2013                    LAW OFFICES OF NORA HOVSEPIAN

7

8                                       By: _____

9                                           NORA HOVSEPIAN
                                            Attorney for Plaintiff
                                            SHIRLEY LORRAINE DOTSON

10

11  DATED: June 20, 2013                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

12

13                                      By: _____

14                                          ROBERT L. McKENNA III
                                            ESTHER W. KIM
15                                          Attorneys for Defendants
                                            IAN BRENT TILLEY, M.D. and
16                                          PAULUS LIEM SANTOSO, M.D.

17                                          ORDER

18

19       IT IS HEREBY ORDERED that the trial, currently scheduled for September 3, 2013, is

20  hereby continued to January 7, 2014, @ 8:30 AM, in Department 92 of the within court.

21       IT IS FURTHER ORDERED that the motion for summary judgment of defendants, IAN

22  BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D., currently set for hearing on

23  July 31, 2013, is hereby continued to December 6, 2013, at 8:30 a.m., or _____, at

24  8:30 a.m., in Department 92 of the within court. FINAL STATUS

25  CONFERENCE SET ON 8/23/13 IS Continued TO
    12/23/13 @ 10:30 Am

26  DATED: _____7/2/1_____, 2013

27                                          /S/ Amy D Hogue
                                            HONORABLE AMY D. HOGUE
                                            JUDGE OF THE SUPERIOR COURT

28

                                            2

E:\062985-02\PLD\STIP TO CONT TRIAL & MSJ.wpd                        STIPULATION

1

**PROOF OF SERVICE**

2 STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3          I am employed in the County of Los Angeles, State of California.  I am over the age of
18 and not a party to the within action.  My business address is 111 West Ocean Boulevard, 14th
4 Floor, Long Beach, CA 90802-4646.  On June 24, 2013, I served a true and correct copy of the
following document(s) on the attached list of interested parties:

5

6 **STIPULATION TO CONTINUE TRIAL AND RELATED DATES, AND MOTION
FOR SUMMARY JUDGMENT; [PROPOSED] ORDER**

7 (X)     **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed
envelope or package to each addressee.  I placed the envelope for collection and mailing,
8         following our ordinary business practices.  I am readily familiar with the firm's practice
for collecting and processing correspondence for mailing.  On the same day that
9         correspondence is placed for collection and mailing, it is deposited in the ordinary course
of business with the United States Postal Service, with postage fully prepaid.

10

11 ( )     **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said
document(s) in a sealed envelope or package provided by an overnight delivery carrier
12        to each addressee.  I placed the envelope or package, delivery fees paid for, for collection
and overnight delivery at an office or at a regularly utilized drop box maintained by the
13        express service carrier at 111 West Ocean Boulevard, Long Beach, California.

14 ( )     **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to
accept service by fax transmission, I faxed said document(s) to each addressee's fax
15        number.  The facsimile machine that I utilized, (562) 432-8785, complied with California
Rules of Court, Rule 2.301(3), and no error was reported by the machine.  Pursuant to
16        Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of
which is attached to the original of this proof of service.

17 ( )     **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to
each addressee.  I provided them to a professional messenger service (Signal Attorney
18        Service) for service. An original proof of service by messenger will be filed pursuant to
California *Rules of Court*, Rule 3.1300(c).

19

20          I declare under penalty of perjury under the laws of the State of California and of the
United States that the foregoing is true and correct.

21          Executed on June 24, 2013, at Long Beach, California.

22

23

24                                                             Sarah Heller

25

26

27

28

3

STIPULATION

Proof of Service Mailing List
Re:    Dotson v. Tilley/Santoso; Case No. BC459326

Nora Hovsepian, Esq.                                                    06-2985-02
Law Offices of Nora Hovsepian
16133 Ventura Boulevard, Suite 910
Encino, CA 91436
**Attorneys for Plaintiff**

4

1   CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
    ROBERT L. McKENNA III (State Bar No. 166650)
2   ESTHER W. KIM (State Bar No. 250026)
    111 W. Ocean Boulevard, 14th Floor
3   Post Office Box 22636
    Long Beach, CA 90801-5636
4   Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5   Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8                   SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                        IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,              CASE NO.  BC459326

12                    Plaintiff,          ASSIGNED FOR ALL PURPOSES TO
                                          JUDGE MALCOLM H. MACKEY
13  vs.                                   DEPARTMENT 55

14  CALIFORNIA HOSPITAL MEDICAL           Complaint Filed:    April 11, 2011
    CENTER, CARLA ANN TOMS, M.D.,         Trial Date:         September 3, 2013
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY         NOTICE OF RULING REGARDING
    DIONNE ROBINSON, M.D., and DOES 1-    DEFENDANTS' EX PARTE TO
17  20, Inclusive,                        CONTINUE TRIAL

18                    Defendants.

19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

21         PLEASE TAKE NOTICE that on March 13, 2013, at 8:30 a.m., defendants, IAN BRENT

22  TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D., appeared ex parte for an order

23  continuing the current trial date, in Department 55 before the Honorable Malcolm H. Mackey.

24  Esther W. Kim appeared on behalf of moving defendants, IAN BRENT TILLEY, M.D., and

25  PAULUS LIEM SANTOSO, M.D.  Nora Hovsepian signed a stipulation and therefore no

26  appearance was made on behalf of Plaintiff. The court ruled as follows:

27  ///

28  ///

                                    1

1.     The Trial date of May 13, 2013, is now scheduled for September 3, 2013 at 9:00 a.m., in Department 55 of the above-referenced court;

2.     The Final Status Conference has been continued to August 23, 2013 at 8:30 a.m., in Department 55 of the above-referenced court; and

3.     Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.'s Motions for Summary Judgment have been continued to July 31, 2013 at 8:30 a.m., in Department 55 of the above-referenced court.

Defendant hereby gives notice.

DATED: March 15, 2013        CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

By: _____
ROBERT L. McKENNA III
ESTHER W. KIM
Attorneys for Defendants
IAN BRENT TILLEY, M.D. and
PAULUS LIEM SANTOSO, M.D.

2

1                          **PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES:

3         I am employed in the County of Los Angeles, State of California.  I am over the age of
  18 and not a party to the within action.  My business address is 111 West Ocean Boulevard, 14th
4   Floor, Long Beach, CA 90802-4646.  On  March 18, 2013, I served a true and correct copy of
  the following document(s) on the attached list of interested parties:

5

6       **NOTICE OF RULING REGARDING DEFENDANTS' EX PARTE TO CONTINUE
                               TRIAL**

7  (X)    **By United States Mail (CCP §§1013a, et seq.):** I enclosed said document(s) in a sealed
8            envelope or package to each addressee.  I placed the envelope for collection and mailing,
           following our ordinary business practices.  I am readily familiar with the firm's practice
9            for collecting and processing correspondence for mailing.  On the same day that
           correspondence is placed for collection and mailing, it is deposited in the ordinary course
10          of business with the United States Postal Service, with postage fully prepaid.

11  ( )    **By Overnight Delivery/Express Mail (CCP §§1013(c)(d), et seq.):** I enclosed said
           document(s) in a sealed envelope or package provided by an overnight delivery carrier
12            to each addressee.  I placed the envelope or package, delivery fees paid for, for collection
           and overnight delivery at an office or at a regularly utilized drop box maintained by the
13          express service carrier at 111 West Ocean Boulevard, Long Beach, California.

14  ( )    **By Fax Transmission (CRC 2.306):** Based on a written agreement of the parties to
           accept service by fax transmission, I faxed said document(s) to each addressee's fax
15            number. The facsimile machine that I utilized, (562) 432-8785, complied with California
           Rules of Court, Rule 2.301(3), and no error was reported by the machine. Pursuant to
16          Rule 2.306(h)(4), I caused the machine to print a record of the transmission, a copy of
           which is attached to the original of this proof of service.

17  ( )    **By Messenger Service:** I enclosed said document(s) in a sealed envelope or package to
18            each addressee.  I provided them to a professional messenger service (Signal Attorney
           Service) for service. An original proof of service by messenger will be filed pursuant to
19          California *Rules of Court*, Rule 3.1300(c).

20         I declare under penalty of perjury under the laws of the State of California and of the
  United States that the foregoing is true and correct.

21         Executed on March 18, 2013, at Long Beach, California.

22

23                                 _____
                                Sarah Heller

24

25

26

27

28

                                   3

1  Proof of Service Mailing List
   Re:    Dotson v. Tilley/Santoso; Case No. BC459326
2

3  Nora Hovsepian, Esq.                                             06-2985-02
   Law Offices of Nora Hovsepian
4  16133 Ventura Boulevard, Suite 910
   Encino, CA 91436
5  **Attorneys for Plaintiff**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      4

POS-030

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Nora Hovsepian, Esq.    Bar No.: 140402<br>LAW OFFICES OF NORA HOVSEPIAN<br>16133 Ventura Blvd., Suite 910<br>Encino, CA 91436<br><br>TELEPHONE NO.: (818) 785-5858<br>E-MAIL ADDRESS *(Optional):*                              FAX NO. *(Optional):* (818) 785-5558<br>ATTORNEY FOR *(Name):* Plaintiff: Shirley Dotson | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PETITIONER/PLAINTIFF: SHIRLEY LORRAINE DOTSON

RESPONDENT/DEFENDANT: CALIFORNIA HOSPITAL MEDICAL CENTER, et al.

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER:<br>BC 459326 |
|---|---|

**(Do not use this Proof of Service to show service of a Summons and Complaint.)**

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 16133 Ventura Blvd., Suite 910, Encino, CA 91436

3. On *(date):* March 14, 2013 I mailed from *(city and state):* Encino, California
   the following documents *(specify):*
   NOTICE OF CASE REASSIGNMENT TO PI COURT AND ORDER FOR PLAINTIFF TO GIVE NOTICE.

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. ☐ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☒ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: Robert McKenna, Esq.
   b. Address of person served:
   CARROLL KELLY TROTTER FRANZEN & McKENNA
   111 W. Ocean Blvd., 14th Floor
   P.O. Box 22636
   Long Beach, CA 90801
   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 14, 2013

Marti van Yperen
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)          ▶          (SIGNATURE OF PERSON COMPLETING THIS FORM)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Code of Civil Procedure, §§ 1013, 1013a<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

NOTICE SENT TO:

Hovsepian, Nora
Law Offices of Nora Hovsepian
16133 Ventura Boulevard, Suite 910
Encino                 CA  91436

**ORIGINAL FILED**

MAR 1 1 2013

**LOS ANGELES SUPERIOR COURT**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

SHIRLEY LORRAINE DOTSON ET AL

Plaintiff(s),

VS.

CALIFORNIA HOSPITAL MEDICAL

Defendant(s).

CASE NUMBER

BC459326

**Notice of Case Reassignment to PI Court
and Order for Plaintiff to Give Notice**

### TO THE PLAINTIFF(S) AND PLAINTIFF'S ATTORNEY OF RECORD or PLAINTIFF(S) IN PROPRIA PERSONA:

YOU ARE HEREBY NOTIFIED that effective March 18, 2013, an order was made that the above-entitled action, previously assigned to _Malcolm Mackey_, is now and shall be assigned to _Amy D. Hogue_ in Department _92_. (See Chapter 3, Los Angeles Court Rules.)

The judicial officer will generally hear all matters up to trial and then normally reassign the case to a master calendar department for trial assignment. All matters on calendar in this case will remain set on the dates previously noticed, in the Department indicated above unless otherwise ordered by the court.

NOTICE IS FURTHER GIVEN that the order directs that plaintiff and counsel for the plaintiff shall give notice of this case assignment by serving a copy of this Notice on all parties to this action within 10 days of service of this Notice by the court, and file proof of service thereof within 12 days of this Notice. Failure to timely give notice and file proof of service may lead to imposition of sanctions pursuant to Code of Civil Procedure Section 177.5 or otherwise.

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Reassignment and Order upon each party or counsel named above by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown bove with the postage thereon fully prepaid, in accordance with standard court practices.

Date: March 11, 2013

John A. Clarke, EXECUTIVE OFFICER/CLERK

1  CARROLL, KELLY, TROTTER, FRANZEN & McKENNA
   ROBERT L. McKENNA III (State Bar No. 166650)
2  ESTHER W. KIM (State Bar No. 250026)
   111 W. Ocean Boulevard, 14th Floor
3  Post Office Box 22636
   Long Beach, CA 90801-5636
4  Telephone No. (562) 432-5855 / Facsimile No. (562) 432-8785

5  Attorneys for Defendants, IAN BRENT TILLEY, M.D., and PAULUS LIEM SANTOSO, M.D.

6

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   IN THE COUNTY OF LOS ANGELES

10

11  SHIRLEY LORRAINE DOTSON,              CASE NO.  BC459326

12                      Plaintiff,        ASSIGNED FOR ALL PURPOSES TO
                                          JUDGE MALCOLM H. MACKEY
13  vs.                                   DEPARTMENT 55

14  CALIFORNIA HOSPITAL MEDICAL           Complaint Filed:    April 11, 2011
    CENTER, CARLA ANN TOMS, M.D.,         Trial Date:         May 13, 2013
15  EDWARD PAKORN TANGCHITNOB,
    M.D., PAULUS LIEM SANTOSO, M.D.,
16  IAN BRENT TILLEY, M.D., TRACY
    DIONNE ROBINSON, M.D., and DOES 1-    **DEFENDANT, IAN BRENT
17  20, Inclusive,                        TILLEY, M.D.'S NOTICE OF
                                          MOTION AND MOTION FOR
18                      Defendants.       SUMMARY JUDGMENT;
                                          MEMORANDUM OF POINTS AND
19                                        AUTHORITIES IN SUPPORT
                                          THEREOF; DECLARATION OF
20                                        WILLIAM FRUMOVITZ, M.D..;
                                          DECLARATION OF ESTHER W.
21                                        KIM**

22                                        [Filed concurrently with Separate Statement of
                                          Undisputed Material Facts, Evidence in Support,
23                                        (Proposed) Order, and (Proposed) Judgment]

24                                        **Date:      April 9, 2013**
                                          **Time:      8:30 a.m.**
25                                        **Dept:      55**

26

27

28  ///

                                  1

E:\06\2985-02\PLD\MSJ - TILLEY.wpd        DEFENDANT, DR. SANTOSO'S MOTION FOR SUMMARY JUDGMENT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on April 9, 2013, at 8:30 a.m. or as soon thereafter as this matter may be heard in Department 55 of the above-entitled Court, located at 111 North Hill Street, Los Angeles, CA 90012, defendant, IAN BRENT TILLEY, M.D., will move this Court for summary judgment pursuant to Code of Civil Procedure, Section 437(c).

This motion is made on the grounds that Plaintiff's Complaint for Damages for Medical Malpractice against moving Defendant has no merit and fails to present any triable issues of material fact against this defendant in that the care and treatment rendered to the Plaintiff SHIRLEY DOTSON by IAN B. TILLEY, M.D. met the applicable standard of care. Therefore, no breach in the standard of care by IAN B. TILLEY, M.D. caused the injuries claimed by Plaintiff SHIRLEY DOTSON.

This motion is based upon the Notice of Motion, the attached Memorandum of Points and Authorities, the accompanying Separate Statement of Undisputed Material Facts filed concurrently herewith, and the Declarations of William Frumovitz, M.D., and Esther W. Kim, Esq., and upon all papers and pleadings on file in this action, and upon such other and further oral and documentary evidence as may be presented at the time of hearing of this motion.

DATED: January 17, 2013          CARROLL, KELLY, TROTTER, FRANZEN & McKENNA


                                 By: _____
                                     ROBERT L. McKENNA III
                                     ESTHER W. KIM
                                     Attorneys for Defendants
                                     IAN BRENT TILLEY, M.D. and
                                     PAULUS LIEM SANTOSO, M.D.

2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendant, IAN BRENT TILLEY, M.D.,(hereinafter referred to as "DR. TILLEY") presents the following Memorandum of Points and Authorities in support of his Motion for Summary Judgment.

**I.     INTRODUCTION**

This is an action for Medical Malpractice by Plaintiff SHIRLEY DOTSON against moving defendant DR. TILLEY, in which Plaintiff alleges that numerous defendants including moving defendant DR. TILLEY, negligently provided care and treatment to Plaintiff thereby resulting in the death of Plaintiff's fetus. Plaintiff alleges that the care and treatment by DR. TILLEY was inappropriate and fell below the standard of care. Plaintiff further alleges that the negligence claimed was a direct and proximate cause of the death of Plaintiff's baby and Plaintiff's alleged injuries. Attached to Evidence in Support as Exhibit "A" is a true and correct copy of Plaintiff's Complaint. As explained in greater detail below, DR. TILLEY'S care of Plaintiff SHIRLEY DOTSON met the applicable standard of care in the community and therefore, no breach in the standard of care by DR. TILLEY caused the injuries allegedly suffered by Plaintiff.

**II.    STATEMENT OF FACTS**

Plaintiff SHIIRLEY DOTSON presented to Defendant CALIFORNIA HOSPITAL MEDICAL CENTER on January 13, 2010 at approximately 5:00 a.m. with complaints of severe lower abdominal pain, nausea and vomiting for two days and clear leakage of fluid. (Attached to Evidence in Support as Exhibit "C" are records from California Hospital Medical Center referred to as "CHMC" at pg. 126).

At 5:07 a.m. the labor and delivery unit nurse paged the resident for evaluation of Plaintiff. Resident physician Defendant CARLA ANN TOMS, M.D. (hereinafter referred to a "DR. TOMS") evaluated Plaintiff at the patient's bedside at 5:17 a.m. DR. TOMS noted that Plaintiff was a 29-year old female who had been pregnant twice with one successful birth and she presented with a two-day history of nausea, vomiting and diarrhea. (CHMC, pgs. 83-4, 85, 126.)

3

1        The resident physician assessed Plaintiff and determined that she was likely suffering

2   from acute gastroenteritis. Plaintiff was not able to tolerate by mouth, had nausea, vomiting, and

3   diarrhea, and abdominal pain without pre-term labor. The plan was to admit Plaintiff due to her

4   inability to tolerate by mouth and for serial abdominal examinations.  The treatment plan also

5   included one liter normal saline bolus followed by D5LR at 125 ml per hour, a non-stress test,

6   Zofran, Stadol, and Terbutaline. The admission history and physical noted that this plan was

7   discussed with attending physician Defendant PAULUS SANTOSO, M.D. (CHMC, pgs. 83-4,

8   85, 126.)

9        Blood was drawn, as well as a complete blood count and comprehensive metabolic panel,

10  and IV was started with one-liter bolus of normal saline at 5:22 a.m. and at 5:33 a.m., DR.

11  TOMS completed a vaginal examination.  Plaintiff was given 4 mg of Zofran for nausea at 6:04

12  a.m. after the purpose of the medication was explained and Plaintiff verbalized understanding.

13  (CHMC, pgs. 84-86, 126.)

14      At 5:53 a.m., Plaintiff was assisted back to bed after she was unable to void.  The nurse

15  noted that it was difficult to monitor the fetal heart tones due to maternal positioning and that

16  Plaintiff continued to move around in bed.  Stadol was given to Plaintiff for pain after the

17  purpose of the medication was explained to her and she verbalized understanding. (CHMC, pgs.

18  86, 127.)

19      The resident DR. TOMS conducted a sterile speculum examination at the bedside and the

20  cardiac monitor was readjusted with audible fetal movement.   At 6:17 a.m., DR. TOMS

21  completed a Nitrazine test with a positive result. (CHMC pgs 86, 127).

22      At   6:20   a.m.,   resident   physician,   Defendant   EDWARD  TANGCHITNOB,

23  M.D.(hereinafter referred to as "DR. TANGCHITNOB") performed an ultrasound at Plaintiff's

24  bedside and noted that there was no dilation and the membranes were intact. (CHMC, pgs. 87,

25  127.) An oxygen facemask was placed by DR. TOMS and Plaintiff denied feelings of nausea

26  and vomiting, but continued having pain. (CHMC, pgs. 87, 127.)

27      The comprehensive metabolic panel, amylase, and lipase results were reviewed by DR.

28  TOMS and DR. TANGCHITNOB.  Terbutaline was administered subcutaneously and DR.

4

1   TANGCHITNOB reviewed the fetal monitoring strip at 6:52 a.m. (CHMC, pgs. 81, 87, 128)

2      At 7:03 a.m., the nurse noted that it was difficult to monitor the fetal heart tones due to

3   maternal positioning.  Plaintiff was standing next to the gurney, refusing to sit or lay in the

4   gurney.  When the day shift nurse assumed care at 7:19 a.m., she again noted that Plaintiff was

5   standing at the edge of the gurney and she instructed Plaintiff to go back to lie down in bed.  The

6   baby could not be monitored at this time. (CHMC, pgs. 88, 128.)

7      At 8:04 a.m., the nurse noted that Plaintiff was sitting in the chair and Plaintiff stated that

8   she could not stand the pain.  The nurse felt two contractions and instructed Plaintiff about the

9   importance of monitoring the fetal heart tones and contractions. Plaintiff still refused to be

10  monitored.  (CHMC pg. 244.)  At 8:09 a.m., the nurse noted again that the fetal heart tone

11  monitoring with doppler was not possible because Plaintiff kept moving. (CHMC pg. 244.)

12     At 8:10 a.m., the nurse charted that she attempted to monitor the fetal heart tones but was

13  unable to do so because Plaintiff was standing.  Plaintiff stated that she could not stand the pain.

14  The nurse also included in the chart note that Plaintiff's husband was disrespectful to the nurse,

15  stating that the nurse did not know anything about what she was doing and that only the doctors

16  know. (CHMC, pgs. 88, 129.)

17     At 8:13 a.m., Dr. Pahwa and Dr. Su were at Plaintiff's bedside to attend to the patient,

18  and the nurse informed them that she was unable to monitor the fetal heart tones. (CHMC pgs.

19  88, 129.) At 8:16 a.m. Dr. Pahwa was notified that the baby's heart tones could not be found

20  by doppler and electronic fetal monitoring was not possible because Plaintiff kept moving in

21  pain. Dr. Pahwa stated she was coming to evaluate Plaintiff. At 8:24, a.m., Dr. Su removed the

22  monitor from Ms. Dotson and told her she should walk.  (CHMC pg. 244.)

23     At 8:35 a.m., Dr. Pahwa attempted to monitor the baby with doppler but was unable to

24  and the ultrasound machine was brought to the bedside. Dr. Pahwa ordered a bolus of 1000 ccs

25  of LR and 2 mgs of morphine. At 8:38 a.m., that fetal heart tones by doppler were noted to be

26  125, and by ultrasound, the fetal heart rate was 120. Ms. Dotson kept crying, indicating that the

27  pain was 10 out of 10 and the morphine was given. (CHMC pgs. 80, 89,129, 130.)

28  ///

5

1    At 8:47 a.m., Plaintiff refused to monitor the baby with belts. (CHMC pgs. 89,130.) Dr.

2    Su stated it was okay to monitor the fetal heart tones with doppler as Plaintiff refused to monitor

3    the baby on the electronic fetal monitors. (CHMC pgs. 89,130.)

4    At 8:53 a.m., DR. TILLEY assessed Plaintiff at her bedside.  She reported that her pain

5    was a 10 out of 10, sharp, constant pain in her back.  Pain medication had been given, but no

6    relief was obtained.  It was not clear whether the pain was related to contractions.  (CHMC pgs.

7    89,130.)

8    At 9:11 a.m., DR. TILLEY ordered Plaintiff to be admitted to the antepartum unit. He

9    also ordered Morphine 2 mgs every two hours as needed for severe pain, and Zofran 8 mg IV

10   every 8 hours as needed for nausea. He also ordered serial cervical and abdominal examinations

11   and requested her prenatal records. (CHMC pgs. 79, 89,130.) He noted that Plaintiff had been

12   admitted to the hospital with the diagnosis of inability to tolerate by mouth and abdominal pain

13   of uncertain etiology.  The plan was for IV fluids, symptomatic treatment and additional

14   evaluation of the abdominal pain, including serial abdominal exams and imaging. (CHMC pg.

15   105, 130, 246.)

16   DR. TILLEY performed a baseline abdominal exam that showed diminished bowel

17   sounds, general abdominal and uterine tenderness, and a moderately tense uterus, but no vaginal

18   bleeding. (CHMC pg. 105, 130, 246.) DR. TILLEY ordered a formal ultrasound which found

19   no fetal cardiac activity and placental abruption.(CHMC pg. 78, 105.)

20   **III.    CONTENTIONS**

21   **A.    Plaintiff's Contentions**

22   The crux of plaintiff SHIRLEY DOTSON's allegations against the various defendants

23   is that they negligently failed to make the timely diagnosis of placental abruption and failed to

24   provide the timely and appropriate care to prevent fetal demise.  Further Plaintiff SHIRLEY

25   DOTSON alleges that DR. TILLEY failed to appropriate supervise the care and treatment

26   provided by the resident physicians, and that DR. TILLEY'S care and treatment of SHIRLEY

27   DOTSON fell below the standard of care in the community. Plaintiff further contends that DR.

28   TILLEY'S negligence caused or significantly contributed to the death of Plaintiff SHIRLEY

1  DOTSON's fetus.

2  **B.** **Defendant's Contentions**

3      DR. TILLEY contends that his care and treatment comported with the standard of care

4  applicable to patients such as SHIRLEY DOTSON. Based upon the information reported to

5  DR. TILLEY regarding Plaintiff by the resident physicians, the care and treatment provided by

6  DR. TILLEY was within the standard of care for an attending physician in like circumstances.

7  DR. TILLEY therefore contends that no breach in the standard of care by DR. TILLEY caused

8  the injuries claimed by plaintiff in this claim against Defendants.

9  **IV.**   **SUMMARY JUDGMENT MUST BE GRANTED AS A MATTER OF LAW**

10      **WHEN NO TRIABLE ISSUE AS TO ANY MATERIAL FACT EXISTS**

11      Code of Civil Procedure §437c(a) provides that a party may bring a motion for summary

12  judgment where the action has no merit or there is no defense thereto. The motion shall be

13  granted if all the papers submitted show there is no triable issue as to any material fact and that

14  the moving party is entitled to judgment as a matter of law. Subsection (o) states:

15      A defendant . . . has met his or her burden of showing that a cause
of action has no merit if the party has shown that one or more

16  element of the cause of action, even if not separately pled, cannot
be established or that there is a complete defense to that cause of

17  action. Once the defendant . . . has met that burden, the burden
shifts to the plaintiff . . . to show that a triable issue of one or more

18  material facts exist as to that cause of action. . . . The plaintiff may
not rely upon the mere allegations or denials of its pleadings to

19  show that a triable issue of fact exists, but, instead, shall set forth
the specific fact showing that a triable issue of material fact exists

20  as to that cause of action or defense thereto. C.C.P. §437c(o)(2).
Once defendant has shown that one or more elements of a cause of

21  action in a complaint cannot be established, the evidentiary burden
shifts to the plaintiff who must produce prima facie evidence on

22  each element of every cause of action asserted. If plaintiff fails to
produce this evidence, summary judgment in favor of defendant is

23  proper. Union Bank v. Superior Court (1995) 31 Cal.App.4th 573,
583-584.

24      Although summary judgment has long been considered a "drastic" remedy because it

25  dispenses with a need for a full trial on the merits, recent cases have given favorable treatment

26  to the motion, particularly in light of the 1992 and 1993 amendments to Code of Civil Procedure

27  §437c. (Union Bank v. Superior Court, (1995), 31 Cal.App.4th 573.)

28

7

1    It is respectfully submitted, as explained below, that the requirements of <u>Code of Civil</u>

2  <u>Procedure,</u> Section 437c, have been met and that Defendant IAN BRENT TILLEY, M.D. is

3  entitled to summary judgment as a matter of law.

4  V.  <u>DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT BASED UPON THE</u>

5  <u>EXPERT TESTIMONY</u>

6    A cause of action for medical malpractice requires facts which show that there was:

7    "(a)   A <u>legal duty</u> to use due care;

8    (b)   A <u>breach</u> of such legal duty;

9    (c)   The breach was a <u>proximate or legal cause</u> of the resulting injury."

10   6 Witkin, Summary of California Law, Torts, Section 732 (9th Ed. 1988).

11   In a medical malpractice action, plaintiffs must present expert testimony to establish the

12  necessary elements of their case.  Here, plaintiff must show through competent and admissible

13  expert testimony that the medical care and treatment by defendant IAN BRENT TILLEY, M.D.

14  fell below the standard of care for an attending physician and that such wrongful act or omission

15  caused or significantly contributed to Plaintiff's injuries.  The question of compliance with or

16  breach of the standard of care is determined by and based on expert testimony.

17   In a medical malpractice action, the requisite standard of care is determined by the

18  applicable standard of care that exists in a particular professional community.  (<u>Barton v. Owen</u>

19  (1977) 71 Cal.App.3d 484.)  Thus, a physician is required to exercise "that reasonable degree

20  of skill, knowledge, and care ordinarily possessed and exercised  by members of the medical

21  profession under similar circumstances." (<u>Mann v. Cracchiolo</u>, (1985) 38 Cal.3d 18, at 36.)

22   In <u>Landeros v. Flood</u>, (1976) 17 Cal.3d 399, the court determined that the standard of care

23  against which the acts of healthcare providers are measured is a matter within the knowledge of

24  experts.  (<u>Id.</u>, at 410.)  When the community standard has been breached can only be proven by

25  expert testimony. (<u>Jambazian v. Borden</u>, (1994) 25 Cal.App.4th 836, at 844, citing <u>Landeros,</u>

26  <u>supra</u>, at page 410.)

27   The rationale for requiring expert testimony in medical malpractice actions was succinctly

28  stated by the court in <u>Barton</u>, supra:

8

> "In most instances, there is a need for expert testimony on the subject of just what constitutes medical negligence, because the average judge or juror does not possess the necessary level of knowledge about medical malpractice to decide on its own whether the doctor was negligent." (Barton, supra, at 493.)

The role of expert testimony in a medical malpractice action was explained in Willard v. Hagenmeister, (1981) 121 Cal.App.3d 406. In Willard, the court was called upon to review the granting of a summary judgment motion in favor of the defendant dentist where defendants secured declarations of experts to support their motion. In describing the weight to be given to such expert testimony, the Willard court stated:

> "Expert evidence in a malpractice suit is conclusive as to the proof of the prevailing standard of care and learning in the locality and of the priority of particular conduct by the practitioner in particular instances because such standard and skills is not a matter of general knowledge and can only be supplied by expert testimony."
> Willard, 121 Cal.App.3d 406 at 412; citations omitted.

Plaintiff's action for negligence is predicated on the theory of professional negligence and medical malpractice. As such, this Court must rely solely upon the testimony of medical experts to determine whether or not DR. TILLEY complied with the standard of care. If expert testimony declares that the applicable standard of care was not violated by DR. TILLEY, there can be no negligence.

In the case herein, we are dealing with a professional negligence allegation in the field of obstetrical and gynecological medicine. The question is whether DR. TILLEY acted in a manner consistent with the degree of learning, skill and knowledge exercised by other medical care professionals under similar circumstances. As set forth more fully in the attached Declaration of William Frumovitz, M.D., defendant has established that Dr. Frumovitz is familiar with the standard of care applicable to a patient such as Plaintiff SHIRLEY DOTSON. Attached to Evidence in Support as Exhibit "B" is a true and correct copy of William Frumovitz, M.D.'s curriculum vitae. Also see Declaration of William Frumovitz, M.D. ("Frumovitz Dec.") at ¶¶ 1-3. In his expert opinion, at all times at issue herein, DR. TILLEY's care and treatment of Plaintiff SHIRLEY DOTSON complied with the standard of care within the medical community. (Frumovitz Dec. at ¶¶ 5, 36, 38-41.)

It is Dr. Frumovitz's opinion that when the resident physicians assessed Plaintiff, and made medical decisions based upon their own judgment, it was appropriate for DR. TILLEY to supervise the resident physicians when consulted. (Frumovitz Dec. at ¶ 39.)   It is also Dr. Frumovitz's opinion that it is appropriate and within the standard of care for an attending physician to allow a resident physician to make medical judgments and decisions regarding a patient's presentation and treatment plan.(Frumovitz Dec. at ¶ 39.)

Further, it is Dr. Frumovitz's opinion that based upon the assessment by the resident physician of Plainitff's clinical presentation, monitoring and test results, it was reasonable for DR. TILLEY to allow the resident physicians to proceed with the assessment of possible gastroenteritis and dehydration. (Frumovitz Dec. at ¶ 40.) It is Dr. Frumovitz's expert opinion that DR. TILLEY complied with the prevailing standard of care in the Southern California community in January 2010 with respect to the care and treatment which was provided to Plaintiff. (Frumovitz Dec. at ¶ 41.)  As such, there was no breach in the standard of care by DR. TILLEY and any cause of action for medical malpractice against DR. TILLEY is without merit. Summary judgment should be granted in favor of Defendant DR. TILLEY.

**VI.   <u>PLAINTIFF'S CLAIM FOR MEDICAL NEGLIGENCE AGAINST DR. TILLEY IS WITHOUT MERIT DUE TO LACK OF CAUSATION</u>**

The law is well settled that in a personal injury action, the plaintiff must also establish through expert witness testimony that, within a reasonable medical probability, the defendant's breach of the standard of care was the cause of the injury. (<u>Jennings v. Palomar Pomerado Health Systems, Inc.</u> (2003) 114 Cal.App.4th 1108,1118.)

It is Dr. Frumovitz's expert opinion that the injuries allegedly suffered by plaintiff SHIRLEY DOTSON were not caused by any breach of the standard of care by DR. TILLEY as Plaintiff was treated appropriately by DR. TILLEY at all times.   (Frumovitz Dec. ¶42.) Therefore, this defendant respectfully requests that this court grant summary judgment in his favor.

///

///

10

1  | VII.    <u>CONCLUSION</u>

2      For the reasons discussed above, defendant, IAN BRENT TILLEY, M.D., respectfully

3  requests that this Court grant this Motion for Summary Judgment in his favor and against

4  plaintiff.

5      Based on the authorities cited above, the expert declaration of William Frumovitz, M.D.,

6  defendant, IAN BRENT TILLEY, M.D., respectfully requests an order granting summary

7  judgment in his favor and against Plaintiff, SHIRLEY LORRAINE DOTSON.

8

9  DATED: January 17, 2013                    CARROLL, KELLY, TROTTER, FRANZEN & McKENNA

10

11                                         By: _____

12                                             ROBERT L. McKENNA III
                                              ESTHER W. KIM
13                                            Attorneys for Defendants
                                              IAN BRENT TILLEY, M.D. and
14                                            PAULUS LIEM SANTOSO, M.D.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**DECLARATION**

## DECLARATION OF ESTHER W. KIM

I, Esther W. Kim, declare as follows:

1.      I am an attorney at law duly licensed to practice before all the courts of the State of California and am an associate with the law firm of Carroll, Kelly, Trotter, Franzen and McKenna, attorneys of record for defendant herein, IAN BRENT TILLEY, M.D. I am one of the attorneys responsible for the handling of this matter, and if called upon to testify, could and would competently testify to the following.

2.      My office received a copy of the Complaint filed by Plaintiffs in this action. Attached to Evidence in Support as Exhibit "A" is a true and correct copy of the Complaint.

3.      Attached to Evidence in Support as Exhibit "B" is a true and correct copy of the Curriculum Vitae of William Frumovitz, M.D. detailing his background, training and experience as an Obstetrician and Gynecologist physician.

4.      Attached to Evidence in Support as Exhibit "C" are true and correct copies of the pertinent medical records of SHIRLEY DOTSON for her January 13, 2010 admission to CALIFORNIA HOSPITAL MEDICAL CENTER, which were provided to me by the Custodian of Records at CALIFORNIA HOSPITAL MEDICAL CENTER, and referred to and relied upon by William Frumovitz, M.D. I am informed and believe that these records were prepared in the ordinary course of medical business at or near the time of the act, condition, or event, and obtained during the course of this pending action. A true and correct copy of CALIFORNIA HOSPITAL MEDICAL CENTER's Custodian of Records declaration is attached hereto as Exhibit "A."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ⟨17⟩ day of January, 2013, at Long Beach, California.

_____
ESTHER W. KIM

12

**DECLARATION**

## DECLARATION OF WILLIAM A. FRUMOVITZ, M.D. IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

I, WILLIAM A FRUMOVITZ, M.D., declare:

1.      I am a physician licensed to practice medicine in the State of California and I am board certified in Obstetrics and Gynecology. I am currently engaged in private practice in Santa Monica, California. I received my medical degree from Chicago Medical School in 1966, which was followed by an Internship at UCLA from 1966-1967, and Residency in Obstetrics and Gynecology from 1967 to 1970. I have been in private practice since 1973.

2.      I am currently a Senior Attending Physician at UCLA Olive View Medical Center. I am also a Visiting Assistant Professor at the UCLA Department of Obstetrics and Gynecology. In addition, in the past, I have served as the Chairman of the Department of Obstetrics and Gynecology at St. Johns Hospital Medical Center and have also been the Chief of Staff.

3.      By virtue of my education, training, knowledge, skill and experience, I am very familiar with the care and treatment of obstetrical patients such as Shirley Dotson, as well as the role of attending physicians and residents in facilities such as California Hospital Medicine Center.

4.      At the request of counsel, I have had the opportunity to review the materials relating to this matter, including the medical records of California Hospital Medical Center.

5.      It is my medical expert opinion that day call attending physician, Ian Tilley, M.D. did not breach the standard of care in any respect concerning his care and treatment of plaintiff Shirley Dotson.  This would include the care he provided in the role of attending physician.

6. Dr. Ian Tilley was an attending physician at California Hospital Medical Center when Shirley Dotson presented to California Hospital on January 13, 2010. (CHMC pg. 83.)

7.      Plaintiff Shirley Dotson was brought to the emergency room at California Hospital via ambulance at approximately 5:00 a.m. for complaints of lower abdominal pain, nausea and vomiting for two days and clear leakage of fluid on January 13, 2010.  (CHMC pg. 126.)

///

///

1

8.     At 5:07 a.m., the labor and delivery unit nurse paged the resident for patient evaluation.   Resident physician Carla Ann Toms, M.D. evaluated the patient at the patient's bedside at 5:17 a.m.  She noted that the patient was a 29-year old gravida 2, para 1 female with a two-day history of nausea, vomiting and diarrhea.  The resident physician assessed the patient with likely acute gastroenteritis. Ms. Dotson was not able to tolerate by mouth, had nausea, vomiting, diarrhea, and abdominal pain without pre-term labor.  The plan was to admit the patient for inability to tolerate by mouth and serial abdominal examinations.  The treatment plan also included one liter normal saline bolus followed by D5LR at 125 ml per hour, non-stress test, Zofran, Stadol, and Terbutaline.  The admission history and physical noted that this plan was discussed with attending physician Dr. Paulus Santoso. (CHMC, pgs. 83-4, 85, 126.)

9. Blood, CBC, and CMP was drawn, an IV was started and one-liter bolus of normal saline was started at 5:22 a.m. (CHMC, pgs. 84,126.)

10.    Dr. Tom completed a vaginal examination at 5:33 a.m. (CHMC pgs 85, 126.)

11.    Ms. Dotson was given 4 mg of Zofran at 6:04 a.m. after the purpose of the medication was explained and Ms. Dotson verbalized understanding. (CHMC, pgs. 86, 126.)

12.    At 5:53 a.m., Ms. Dotson was assisted back to bed after she was unable to void. The nurse noted that it was difficult to monitor the fetal heart tones due to maternal positioning and the patient's continued movement in bed.  (CHMC, pgs. 86, 127.)

13     Stadol was given to Ms. Dotson after the purpose of the medication was explained to  her and she verbalized understanding. (CHMC, pgs. 86, 127.)

14.    Dr. Toms conducted a sterile speculum examination at the bedside.  And the cardiac monitor was readjusted with audible fetal movement. At 6:17 a.m., Dr. Tom completed a Nitrazine test with a positive result. (CHMC pgs 86, 127.)

15.    At 6:20 a.m., resident physician, Dr. Edward Tangchitnob, M.D., performed an ultrasound at the patient's bedside and noted that there was no dilation and the membranes were intact. (CHMC, pgs. 87, 127.)

16.    An oxygen facemask was placed by Dr. Toms. The patient denied feelings of nausea and vomiting, but continued with pain. (CHMC, pgs. 87, 127.)

2